**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

R2 SOLUTIONS LLC,

        Plaintiff,

    v.

DATABRICKS, INC.,

        Defendant.

Civil Action No. 4:23-cv-01147-ALM

**JURY TRIAL DEMANDED**

### ANSWER OF DEFENDANT DATABRICKS, INC.
### TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Databricks, Inc. ("Databricks") hereby files its Answer and Affirmative Defenses to the complaint of Plaintiff R2 Solutions LLC ("R2"). Each of the paragraphs below corresponds to the same numbered paragraph in the complaint. In responding to the complaint, Databricks has included several of Plaintiff's headings for ease of reference, but in doing so, Databricks is not admitting to the accuracy of any statements made or agreeing with any characterizations made in such headings. Headings are used solely for organization and do not in any case act as an admission or statement. Databricks denies all allegations in the complaint, whether express or implied, that are not specifically admitted below. Databricks further denies that Plaintiff is entitled to the relief requested in the complaint, or to any other relief.

### THE PARTIES

1.    Databricks lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 1 of the complaint and, on that basis, denies them.

2.    The allegations in this paragraph state a legal conclusion to which no response is required. To the extent a response is deemed required, Databricks admits that it is a corporation

1

organized under the laws of the state of Delaware, with a principal place of business of 160 Spear Street, Suite 1300, San Francisco, CA 94105.  Databricks further admits that its registered agent is United Agent Group Inc.  Except as expressly admitted, Databricks denies the remaining allegations in paragraph 2.

## ALLEGED JURISDICTION AND VENUE

3.    The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed required, Databricks admits that the complaint purports to allege that this civil action arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, including without limitation 35 U.S.C. § 271 *et seq.*, but denies that the allegations have any merit or that Plaintiff is entitled to any relief.  Databricks admits that this Court has subject matter jurisdiction over infringement claims brought by the owner or exclusive licensee of a patent pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.    The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Databricks admits that this Court has personal jurisdiction over Databricks with respect to the instant action.  To the extent the allegations in paragraph 4 purport to quote or characterize the contents of the Texas Civil Practice and Remedies Code, a Databricks webpage and/or LinkedIn webpages, the documents speak for themselves.  Databricks denies that it has committed or is committing any acts of infringement anywhere, including in this District.  Except as expressly admitted, Databricks denies the remaining allegations in paragraph 4.

5.    To the extent the allegations in paragraph 5 purport to quote or characterize the contents of a LinkedIn webpage, the document speaks for itself.  Databricks denies the remaining allegations in paragraph 5.

6.      The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Databricks admits that this Court has personal jurisdiction over Databricks with respect to the instant action.   To the extent the allegations in paragraph 6 purport to quote or characterize the contents of a Databricks webpage, the document speaks for itself.  Databricks denies that it has committed or is committing any acts of infringement anywhere, including in this District.  Except as expressly admitted, Databricks denies the remaining allegations of paragraph 6 of the complaint.

7.      Databricks denies the allegations of paragraph 7 of the complaint.

8.      Databricks denies the allegations of paragraph 8 of the complaint.

9.      The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed to be required, Databricks does not dispute, for this action only, that venue is authorized in this District pursuant to 28 U.S.C. § 1400(b) and that this Court has personal jurisdiction over it with respect to the instant action.  By filing this answer, Databricks does not waive any argument that venue is inconvenient in this District, or that this action should be transferred to another district for the convenience of the parties and witnesses and in the interest of justice.  Databricks denies the remaining allegations in paragraph 9, and specifically denies that it has committed any acts of infringement.

## **BACKGROUND**

10.      Databricks lacks knowledge or information sufficient to admit or deny the allegations of paragraph 10 of the complaint and, on that basis, denies them.

11.      Databricks lacks knowledge or information sufficient to admit or deny the allegations of paragraph 11 of the complaint and, on that basis, denies them.

12.    Databricks lacks knowledge or information sufficient to admit or deny the allegations of paragraph 12 of the complaint and, on that basis, denies them.

## THE PATENT-IN-SUIT

13.    Databricks admits that U.S. Patent No. 8,190,610 (the "'610 patent") lists "MapReduce for distributing database processing" as its title and May 29, 2012 as its issue date. Databricks further admits that R2 purports to attach a copy of the '610 patent to the complaint. Databricks lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 13 of the complaint and, on that basis, denies them.

14.    Databricks lacks knowledge or information sufficient to admit or deny the allegations of paragraph 14 of the complaint and, on that basis, denies them.

15.    Databricks denies the allegations of paragraph 15.

16.    Databricks denies that the '610 patent provides any technological improvement. To the extent the allegations in paragraph 16 purport to quote or characterize the contents of the '610 patent, the document speaks for itself. Databricks denies the remaining allegations of paragraph 16.

17.    Databricks denies that the '610 patent provides any technological advantages. To the extent the allegations in paragraph 17 purport to quote or characterize the contents of the '610 patent, the document speaks for itself. Databricks denies the remaining allegations of paragraph 17.

18.    Databricks denies that claim 1 of the '610 patent provides a patentable solution. To the extent the allegations in paragraph 18 purport to quote or characterize the contents of the '610 patent, the document speaks for itself. Databricks denies the remaining allegations of paragraph 18.

19.     Databricks denies that the '610 patent provides a novel or technological improvement in computer capabilities.  To the extent the allegations in paragraph 19 purport to quote or characterize the contents of the '610 patent, the document speaks for itself.  Databricks denies the remaining allegations of paragraph 19.

20.     Databricks denies that the purported invention of the '610 patent provides an improvement in computer functionality.  To the extent the allegations in paragraph 20 purport to quote or characterize the contents of the '610 patent, the document speaks for itself.  Databricks denies the remaining allegations of paragraph 20.

21.     To the extent the allegations in paragraph 21 purport to quote or characterize the contents of the '610 patent, the document speaks for itself.  Databricks denies the remaining allegations of paragraph 21.

22.     Databricks denies the allegations of paragraph 22.

### DEFENDANT'S ALLEGED PRE-SUIT KNOWLEDGE OF THE ALLEGED INFRINGEMENT

23.     Databricks denies the allegations in paragraph 23.

24.     Databricks lacks sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 24 of the complaint and, on that basis, denies them.

25.     To the extent the allegations in paragraph 25 purport to quote or characterize the contents of the subpoena, the document speaks for itself.  Databricks lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 25 of the complaint and, on that basis, denies them.

26.     Databricks specifically denies that it has committed or is committing any acts of infringement.  Databricks denies the remaining allegations in paragraph 26 of the complaint.

### COUNT I – ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,190,610

27.    The allegations in this paragraph state a legal conclusion to which no response is required.  To the extent a response is deemed required, Databricks admits that the complaint purports to allege that this civil action arises under the Patent Laws of the United States, 35 U.S.C. § 101 *et seq.*, including without limitation 35 U.S.C. § 271 *et seq.*, but denies that the allegations have any merit or that Plaintiff is entitled to any relief.

28.    Databricks lacks knowledge or information sufficient to admit or deny the allegations of paragraph 28 of the complaint and, on that basis, denies them.

29.    Databricks denies the allegations of paragraph 29 of the complaint.

***Alleged Direct Infringement (35 U.S.C. § 271 (a))***

30.    Databricks denies the allegations of paragraph 30 of the complaint.

31.    Databricks denies the allegations of paragraph 31 of the complaint.

32.    To the extent the allegations in paragraph 32 purport to quote or characterize the contents of a Databricks webpage, the document speaks for itself.  Databricks denies the remaining allegations of paragraph 32 of the complaint.  Databricks specifically denies that it has committed or is committing any acts of infringement anywhere, including in this District.

33.    Databricks admits that it makes and uses the Databricks Data Intelligence Platform/Databricks Lakehouse Platform.  Databricks specifically denies that any of its products or services infringe.  Databricks denies the remaining allegations of paragraph 33 of the complaint.

34.    Databricks denies the allegations of paragraph 34 of the complaint.

***Alleged  Indirect Infringement (Inducement — 35 U.S.C. § 271(b))***

35.    Databricks denies the allegations of paragraph 35 of the complaint.

36.    Databricks specifically denies that it has committed or is committing any acts of infringement.  Databricks denies the remaining allegations in paragraph 36 of the complaint.

37.     Databricks denies the allegations of paragraph 37 of the complaint.

38.     To the extent the allegations in paragraph 38 purport to quote or characterize the contents of a Databricks webpage, the document speaks for itself.  Databricks denies the remaining allegations of paragraph 38 of the complaint.

39.     To the extent the allegations in paragraph 39 purport to quote or characterize the contents of a Databricks webpage, the document speaks for itself.  Databricks denies the remaining allegations of paragraph 39 of the complaint.

40.     To the extent the allegations in paragraph 40 purport to quote or characterize the contents of Databricks webpages, the documents speak for themselves.  Databricks denies the remaining allegations of paragraph 40 of the complaint.  Databricks specifically denies that it has committed or is committing any acts of infringement.

41.     To the extent the allegations in paragraph 41 purport to quote or characterize the contents of Databricks webpages, the documents speak for themselves.  Databricks denies the remaining allegations of paragraph 41 of the complaint.  Databricks specifically denies that it has committed or is committing any acts of infringement.

***Alleged Damages***

42.     Databricks denies the allegations of paragraph 42.

43.     Databricks denies the allegations of paragraph 43.

### PRAYER FOR RELIEF

Databricks denies that R2 is entitled to any of the relief requested in the complaint or any relief whatsoever.  Databricks denies all allegations in the complaint that have not been specifically admitted in paragraphs 1-43 above.

### DEMAND FOR A JURY TRIAL

R2's demand for a jury trial does not require a response.

## AFFIRMATIVE AND OTHER DEFENSES

Databricks asserts the following additional defenses to the complaint.  In doing so, Databricks does not assume any burden of proof on any issue that is R2's burden as a matter of law.  Databricks also reserves the right to amend or supplement these defenses as additional facts become known.

### FIRST DEFENSE:  FAILURE TO STATE A CAUSE OF ACTION

The complaint fails to allege facts sufficient to state a cause of action upon which relief may be granted.

### SECOND DEFENSE:  NON-INFRINGEMENT ('610 PATENT)

Databricks has not infringed, and currently does not infringe, any claim of the '610 patent and is not liable for any infringement.

### THIRD DEFENSE:  INVALIDITY AND INELIGIBILITY ('610 PATENT)

The '610 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### FOURTH DEFENSE:  PROSECUTION HISTORY ESTOPPEL/DISCLAIMER

The relief sought by R2 is barred, in whole or in part, under the doctrine of prosecution history estoppel and/or disclaimer, due to amendments and/or statements made during prosecution of the '610 patent.

### FIFTH DEFENSE:  ENSNAREMENT

R2 cannot assert any claims for patent infringement under the doctrine of equivalents because such an asserted scope of equivalency would encompass or ensnare the prior art.

### SIXTH DEFENSE:  DEDICATION TO THE PUBLIC

The relief sought by R2 is barred, in whole or in part, because R2 and/or predecessors in interest of the Asserted Patent dedicated to the public all methods, systems, and products disclosed in the '610 patent, but not literally claimed therein.

### SEVENTH DEFENSE:  LIMITATION ON DAMAGES AND COSTS

R2's claim for damages is barred, in whole or in part, by 35 U.S.C. §§ 286 or 287.  To the extent any claim of the '610 patent is invalid, R2 is barred from recovering costs by 35 U.S.C. § 288.

### EIGTH DEFENSE:  GOOD FAITH

Databricks has engaged in all relevant activities in good faith, thereby precluding R2, even if it prevails, from recovering its reasonable attorneys' fees or costs under 35 U.S.C. § 285.

### NINTH DEFENSE:  EQUITABLE DEFENSES

R2's claims against Databricks are barred, in whole or in part, by the doctrines of waiver, patent misuse, implied waiver, acquiescence, legal estoppel, equitable estoppel, unclean hands, and/or other equitable defenses.

### TENTH DEFENSE:  LICENSE AND PATENT EXHAUSTION

R2's claims against Databricks are barred, in whole or in part, by express or implied licenses to the Patent-in-Suit, and/or under the doctrines of patent exhaustion, first sale and/or the single recovery rule.

### ELEVENTH DEFENSE: CONTRACTUAL LIMITATION ON DAMAGES

R2's claims for monetary relief are limited to the extent it or any predecessor-in-interest to the Patent-in-Suit undertook an obligation to license the Patent-in-Suit on fair, reasonable, and/or non-discriminatory terms.

## TWELFTH DEFENSE: NO EXCEPTIONAL CASE

R2 cannot show that any acts or omissions by Databricks render this an exceptional case justifying an award of attorney fees against Databricks pursuant to 35 U.S.C. § 285.

## THIRTEENTH DEFENSE: NO WILLFUL INFRINGEMENT

R2 is not entitled to enhanced or increased damages for willful infringement because Databricks has not engaged in any conduct that meets the applicable standard for willful infringement.

## RESERVATION OF ADDITIONAL DEFENSES

Databricks reserves the right to assert additional defenses in the event that discovery or other analysis indicates that additional defenses are appropriate.

## JURY DEMAND

Databricks hereby requests a trial by jury on all issues so triable including specifically on R2's claims and Databricks' defenses thereto.

## PRAYER FOR RELIEF

Databricks prays for judgment with respect to R2's complaint and Databricks' defenses as follows:

a.      A judgment in favor of Databricks denying R2 any relief requested in its complaint and dismissing its complaint with prejudice;

b.      A judgment against R2 finding that Databricks has not and does not infringe and is not liable for any infringement of any claim of the '610 patent;

c.      A judgment against R2 finding that the '610 patent is invalid;

d.      A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Databricks its reasonable attorneys' fees;

e.      An award of costs to Databricks; and

f.      Such other relief as the Court shall deem just and proper.


Dated:  March 8, 2024                              Respectfully submitted,


                                                  <u>*/s/ Michael J. Sacksteder*</u>
                                                  Michael J. Sacksteder
                                                  CA Bar No. 191605 (Admitted E.D. Texas)
                                                  Email: msacksteder@fenwick.com
                                                  Dargaye Churnet
                                                  CA Bar No. 303659 (Admitted E.D. Texas)
                                                  Email: dchurnet@fenwick.com
                                                  Gregory Sefian
                                                  CA Bar No. 341802 (Admitted *Pro Hac Vice*)
                                                  Email: gsefian@fenwick.com
                                                  Su Li
                                                  CA Bar No. 339374 (Admitted *Pro Hac Vice*)
                                                  Email: sli@fenwick.com
                                                  **FENWICK & WEST LLP**
                                                  555 California Street, 12th Floor
                                                  San Francisco, California 94104
                                                  Telephone:     415.875.2300
                                                  Facsimile:     415.281.1350

                                                  Vigen Salmastlian
                                                  CA Bar No. 276846 (Admitted E.D. Texas)
                                                  Email: vsalmastlian@fenwick.com
                                                  **FENWICK & WEST LLP**
                                                  801 California Street,
                                                  Mountain View, CA 94041
                                                  Telephone:     650.988.8500
                                                  Facsimile:     650.938.5200

Jessica M. Kaempf
WA Bar No. 51666 (Admitted E.D. Texas)
Email: jkaempf@fenwick.com
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone:    206.389.4510
Facsimile:    206.389.4511

*Attorneys for Defendant*
*Databricks, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who consented to electronic service are being served with a copy of this document via electronic mail per Local Rule CV-5 on March 8, 2024.


*/s/ Michael J. Sacksteder*
Michael J. Sacksteder