IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| R2 Solutions LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Databricks, Inc.,<br><br>    Defendant. | Civil Action No. 4:23-cv-01147-ALM<br><br>Jury Trial Demanded |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff R2 Solutions LLC ("R2" or "Plaintiff") and Defendant Databricks, Inc. ("Databricks") provide the following statements pursuant to this Court's Order Governing Proceedings in this case (ECF 18), Federal Rule of Civil Procedure 26(f), and Local Patent Rule ("P.R.") 2-1(a).

The parties held a telephonic Rule 26(f) conference on May 8, 2024. R2 was represented by Ed Nelson and Carder Brooks. Databricks was represented by Michael Sacksteder, Jessica Kaempf, and Su Li.

Pursuant to the Court's Instructions, the parties jointly provide the following summary of the conference:

**(1)   Suggested modifications of the proposed deadlines for the scheduling order set out in Appendix B, including:**

The parties have agreed on the deadlines set forth in the proposed Scheduling Order attached as Exhibit A.

    **a.**  **The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses;**

The parties propose that, consistent with Local Patent Rule 4-5(e) and Local Rule CV-7(a) the Plaintiff and Defendant each have a thirty (30) page limit for opening and responsive *Markman* briefs, and Plaintiff shall have a ten (10) page limit for its reply.

    **b.**  **The scheduling of a Claim Construction Pre-Hearing Conference to be held after the Joint Claim Construction and Pre-Hearing Statement provided for in P.R. 4-3 has been filed.**

The parties do not believe a Claim Construction Pre-Hearing Conference is necessary in this case.

  **(2)**  **If the parties believe mediation may be appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator should be stated.**

At this time, the parties have not been able to agree on whether mediation may be appropriate. The parties will continue to discuss whether mediation is appropriate and, if so, the appropriate timing for any mediation.

  **(3)**  **What changes, if any, should be made to the limitations on discovery imposed by the rules, including the number of depositions and interrogatories.**

The parties agree to comply with the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas and the Court's Standing Orders with respect to interrogatories and requests for admissions.

**Fact Depositions:** The parties agree that 60 hours[1] of non-expert oral deposition testimony may be taken by each side.

---

[1] The parties agree that time will only accrue against the 60-hour total when a party is actively taking a deposition. Hours spent attending a deposition and not taking will not count against an individual party's 60-hour total.

**Expert Depositions:** The parties agree that expert depositions shall be limited to 7 hours per expert report.

**(4)     The identity of persons expected to be deposed.**

Plaintiff anticipates taking the depositions of Defendant and witnesses identified by Defendant, including expert witnesses, and potentially relevant third-party witnesses as the need arises. Depositions are expected to include 30(b)(1) witnesses as well as 30(b)(6) witnesses on topics such as corporate structure, relevant documents, notice, infringement, validity, and damages.

Defendant anticipates taking the depositions of Plaintiff, the inventors of the patents-in-suit, witnesses identified by Plaintiffs, including expert witnesses, and relevant third-party witnesses as needed. Depositions are expected to include 30(b)(1) witnesses, 30(b)(6) witnesses, and experts on topics such as corporate structure (including parent companies), relevant documents, non-infringement, invalidity, standing, and damages.

**(5)     Any issues relating to the disclosure of information (electronically stored and otherwise) including the form or forms in which it should be produced and timing of production. (See Section E - Mandatory Disclosures)**

The parties agree to submit an Order Governing E-Discovery in Patent Cases. The order will govern, among other things, the form of disclosure of electronically stored information.

**(6)     Any issues relating to preserving discoverable information, including whether a Preservation Order is needed to protect any documents and/or electronically stored information.**

The parties agree to preserve all discoverable information and do not believe a separate Preservation Order is necessary in this case.

**(7)     Whether any other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b), or Fed. R. Civ. P. 16(c).**

Attached as Exhibit A is an agreed proposed Scheduling Order adopting the structure set

forth in the Court's Order Governing Proceedings (ECF 18).

**(8)     Estimated trial time.**

The parties currently anticipate that the trial of this action will require approximately five days of trial time. As the case proceeds, this estimate of trial time may change depending on the number of claims and defenses requiring trial.

**(9)     The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

Ed Nelson and Carder Brooks will represent Plaintiff at the Management Conference. Michael Sacksteder will represent Databricks at the Management Conference.

**(10)    Any other matters counsel deem appropriate for inclusion in the joint conference report.**

Motion to Transfer

Databricks states that consistent with the Court's order that "[a]ny motions to transfer shall be filed no later than twenty-one days before the Case Management Conference," it has filed a motion to transfer to the Northern District of California (ECF 20).  Databricks requests to be heard on that motion prior to the Court's entry of a schedule in this action. Plaintiff reserves the right to seek venue-related discovery and does not agree that a hearing is either necessary, or otherwise necessary prior to entry of the schedule.

Narrowing Claims and Prior Art

The parties agree to the submit an order regarding narrowing of claims and prior art, consistent with the Model Order Focusing Patent Claims and Prior Art to Reduce Costs.[2]

Privilege Logs

The parties agree that privilege logs need not include communications and documents

---

[2] Available at https://txed.uscourts.gov/sites/default/files/forms/ModelPatentOrder.pdf.

created after the filing of this lawsuit.

Information Required by Local Patent Rule 2-1(a)

The parties provide the following information regarding additional topics required by Local Patent Rule 2-1(a):

    a.    **Whether the Court will hear live testimony at the Claim Construction Hearing (P.R. 2-1(a)(2)).**

The Parties do not currently plan to present live testimony at the claim construction hearing.

    b.    **The order of presentation at the Claim Construction Hearing (P.R. 2-1(a)(4)).**

The parties agree that the claim construction hearing should be structured with a presentation of arguments for each disputed claim term in succession. The parties presently contemplate that, for each disputed claim term, the party seeking a construction will present its arguments regarding that term first, followed by rebuttal arguments by the party opposing that construction, followed by reply arguments by the party seeking the construction. The parties will meet and confer at least one week before the claim construction hearing to discuss narrowing the terms/issues to be presented and the specific order for presenting same.

    c.    **Whether the Court should authorize the filing under seal of any documents containing confidential information.**

The parties agree that the Court should authorize the filing under seal of documents containing Confidential Information under a Protective Order to be entered that will govern this case.

Dated: May 22, 2024                              Respectfully submitted,

| | |
|---|---|
| */s/ Edward R. Nelson III*<br>EDWARD R. NELSON III<br>State Bar No. 00797142 | */s/ Michael J. Sacksteder*<br>Michael J. Sacksteder<br>CA Bar No. 191605 (Admitted E.D. Texas) |

<div style="columns:2">

ed@nelbum.com
BRENT N. BUMGARDNER
State Bar No. 00795272
brent@nelbum.com
CHRISTOPHER G. GRANAGHAN
State Bar No. 24078585
chris@nelbum.com
JOHN P. MURPHY
State Bar No. 24056024
murphy@nelbum.com
CARDER W. BROOKS
State Bar No. 24105536
carder@nelbum.com
**NELSON BUMGARDNER CONROY PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
817.377.9111

**COUNSEL FOR PLAINTIFF
R2 SOLUTIONS LLC**

Email: msacksteder@fenwick.com
Dargaye Churnet
CA Bar No. 303659 (Admitted E.D. Texas)
Email: dchurnet@fenwick.com
Gregory Sefian
CA Bar No. 341802 (Admitted *Pro Hac Vice*)
Email: gsefian@fenwick.com
Su Li
CA Bar No. 339374 (Admitted *Pro Hac Vice*)
Email: sli@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, California 94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

Vigen Salmastlian
CA Bar No. 276846 (Admitted E.D. Texas)
Email: vsalmastlian@fenwick.com
**FENWICK & WEST LLP**
801 California Street,
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

Jessica M. Kaempf
WA Bar No. 51666 (Admitted E.D. Texas)
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone:    206.389.4510
Facsimile:    206.389.4511
Email: jkaempf@fenwick.com

*Attorneys for Defendant
Databricks, Inc.*

</div>

## CERTIFICATE OF SERVICE

Pursuant to Local Rule 5.1, I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF filing system, which will generate and send an e-mail notification of said filing to all counsel of record, on May 22, 2024.

/s/ Edward R. Nelson III