IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| R2 SOLUTIONS LLC,<br><br>          Plaintiff,<br><br>  v.<br><br>DATABRICKS, INC.,<br><br>          Defendant. | Civil Action No. 4:23-cv-01147-ALM<br><br>**JURY TRIAL DEMANDED** |

**DATABRICKS, INC.'S REPLY IN SUPPORT OF OPPOSED MOTION TO TRANSFER VENUE PURSUAN TO 28 U.S. § 1404(a)**

## **TABLE OF CONTENTS**

**Page**

I. R2 DOES NOT DISPUTE THAT APACHE SPARK WAS DESIGNED AND DEVELOPED IN NDCA, WHERE KEY WITNESSES AND DOCUMENT CUSTODIANS ARE LOCATED......................................................................................1

II. R2 DOES NOT DISPUTE A MULTITUDE OF OTHER CRITICAL CONNECTIONS TO NDCA...........................................................................................2

III. R2'S SPECULATION ON DATABRICKS' EMPLOYEES IS INCORRECT..................3

IV. R2 WRONGLY IDENTIFIES MULTIPLE FACTORS AS "NEUTRAL" AND THREE FACTORS AS WEIGHING AGAINST TRANSFER. ...............................4

V. CONCLUSION.........................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Adobe Inc.*,
  823 F. App'x 929 (Fed. Cir. 2020) ...................................................................................5

*In re Apple Inc.*,
  979 F.3d 1332 (Fed. Cir. 2020) .........................................................................................3

*In re Clarke*,
  94 F.4th 502 (5th Cir. 2024) ..............................................................................................5

*In re DISH Network LLC*,
  No. 2021-182, 2021 WL 4911981 (Fed. Cir. Oct. 21, 2021) .............................................3

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) .........................................................................................5

*In re Google LLC*,
  58 F.4th 1379 (Fed. Cir. 2023) ..........................................................................................5

*In re Google LLC*,
  No. 2021-170, 2021 WL 4427899 (Fed Cir. Sept. 27, 2021) .........................................3, 4

*In re Google LLC*,
  No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021) .........................................1, 2

*In re Honeywell Int'l Inc.*,
  No. 2023-152, 2024 WL 302397 (Fed. Cir. Jan. 26, 2024) ...............................................2

*Jawbone Innovations, LLC v. Amazon.com, Inc.*,
  No. 2:21-CV-00435-JRG (E.D. Tex. Sept. 21, 2022 ..........................................................4

*In re Juniper Networks, Inc.*,
  14 F.4th 1313 (2021) .........................................................................................................5

*Logantree LP v. Apple Inc.*,
  No. 6:21-CV00397-ADA, 2022 WL 1491097 (W.D. Tex. May 11, 2022) .......................4

*In re Planned Parenthood Fed'n of Am., Inc.*,
  52 F.4th 625 (5th Cir. 2022) ..........................................................................................3, 5

*In re Samsung Elecs. Co., Ltd.*,
  No. 2023-146, 2023 WL 8642711 (Fed. Cir. Dec. 14, 2023) ............................................4

*In re TikTok, Inc.*,
  85 F. 4th 352 (5th Cir. 2023) .............................................................................................4

*In re Verizon Bus. Network Servs. Inc.*,
    635 F.3d 559 (Fed. Cir. 2011)..................................................................................................5

*VideoLabs, Inc. v. Amazon.com, Inc.*,
    No. 6:22-cv-00079-ADA, Dkt. 99 (W.D. Tex. Oct. 21, 2022)...................................................4

R2's opposition confirms this case belongs in NDCA. The center of gravity of this dispute is in NDCA and all events giving rise to this suit took place in NDCA. This is evident from the plethora of facts that R2 does not dispute in its opposition. Indeed, R2 does not dispute that both the patented technology and the accused Apache Spark technology were developed in NDCA. Nor does it dispute that key individuals with knowledge about R2 and the asserted patent are in or near NDCA. R2 also does not, and cannot, dispute that relevant Databricks witnesses—including ▇▇▇▇▇, who was personally involved in creating the accused Apache Spark technology and founding Databricks, along with ▇▇▇▇▇—are likewise based in NDCA.

In contrast, R2's arguments attempting to link this case to EDTX rely on speculation, and are factually incorrect. R2 provides *no evidence* showing that any Databricks employees in Texas possess relevant knowledge, and indeed R2's speculation is belied by the sworn, unrebutted testimony put forth by Databricks. The Court should therefore transfer this case to NDCA.

I. **R2 DOES NOT DISPUTE THAT APACHE SPARK WAS DESIGNED AND DEVELOPED IN NDCA, WHERE KEY WITNESSES AND DOCUMENT CUSTODIANS ARE LOCATED.**

In its opposition, R2 does not dispute that relevant evidence and party witnesses with highly relevant knowledge are based in NDCA. As explained in Databricks' Motion, Apache Spark, as the accused technology, is at the heart of this case. (*See* Mot. at 3–4, 8, 11–12.) This technology was designed and developed in NDCA (*id.*), and the witnesses who designed and developed it are likewise still based in NDCA (*id.*). R2 does not dispute these facts. (*See generally* Opp.)

Instead, R2 merely argues that "where documents are 'primarily generated' has no bearing on where those documents are accessible from" (Opp. at 8) and that the key witness Databricks identified, ▇▇▇▇▇, may not attend trial (*id.* at 11). Both arguments are wrong. *First*, the Federal Circuit has repeatedly instructed that courts must consider the "location where documents are *created* and maintained." *In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed.

1

Cir. Nov. 15, 2021) (per curiam) (emphasis added); *In re Honeywell Int'l Inc.*, No. 2023-152, 2024 WL 302397, at *2 (Fed. Cir. Jan. 26, 2024) (per curiam) (favors transfer where "[c]ustodians of relevant records" are located in transferee district). Courts must do so because the location of where documents are created bear on the ease of retrieval.[1] R2 does not, and cannot, provide case law supporting that the location of where documents are "primarily generated" can be disregarded.

*Second*, R2 is simply wrong that ▇▇▇▇▇ will not be a witness in this case. Databricks specifically identified ▇▇▇ in its Motion and explained his relevant knowledge regarding both the creation of Apache Spark and the launch of the accused Databricks platform. (Mot. at 11.) Moreover, Databricks confirms that ▇▇▇ will be a witness, should this case proceed.

## II. R2 DOES NOT DISPUTE A MULTITUDE OF OTHER CRITICAL CONNECTIONS TO NDCA.

Not only are Databricks and its accused technology undisputedly tied to NDCA, but so too is R2, the patented technology, and various third parties with knowledge of prior art and licenses to the asserted patent. Indeed, nowhere in its opposition does R2 dispute that the inventors of the asserted patent are located in or near NDCA. (*See generally* Opp.; Mot. at 9–10, 12–13.) Nor does it dispute that such witnesses have highly relevant information. (*See id.*)

Further, R2 does not dispute that witnesses knowledgeable about R2 and the asserted patents—including former president Eric Lucas and current executives of R2 and its parent entity, Marc Booth and Kirsten Hoover—are located in California. (*See generally* Opp.; Mot. at 12–13.) R2 also does not dispute that such witnesses have relevant knowledge, including regarding "the sale (and value) of the asserted patent." (*Id.*) Indeed, should the Court put any weight on the convenience to Craig Yudell and Paul Reidy—the *only two* non-Databricks witnesses identified

---

[1] R2's argument that Databricks does not address "where its relevant source code is located" should be rejected. The relevant design and development (including generating code) occurred in NDCA, and thus favors transfer. *See In re Google LLC*, 2021 WL 5292267, at *2.

2

by R2, who R2 alleges have knowledge about damages—the Court must weigh that against the convenience to the R2 individuals based in California, with the same knowledge.[2]

Finally, R2 does not dispute that several prior art witnesses identified in Databricks' Motion are in NDCA. (*See generally* Opp.; Mot. at 5, 9–10.) R2 merely argues that it is unclear whether these prior art witnesses are "unwilling" and disputes the relevance of the prior art because "[n]o invalidity contentions have been served in this case." (Opp. at 9.) Both arguments should be rejected. *First*, there is no case law supporting that third-party witnesses can be entirely discounted where proof of unwillingness is lacking. Indeed, the 5th Circuit has merely instructed that "less weight" is afforded where witnesses are not shown to be unwilling.[3] *In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630–31 (5th Cir. 2022). Further, even if the prior art witnesses are "willing" witnesses, their presence in NDCA weighs heavily in favor of transfer. *In re Google LLC*, No. 2021-170, 2021 WL 4427899, at *4 (Fed Cir. Sept. 27, 2021) (per curiam).[4] *Second*, the timing of the invalidity contention deadline does not negate the relevance of the prior art. As explained in Databricks' Motion, multiple parties have relied heavily on the cited prior art to challenge the asserted patent before the PTAB. (Mot. at 5.) The asserted patent itself cites to the prior art, further showing the heightened relevance of the prior art witnesses. (*Id.* at 10.)

### III.  R2'S SPECULATION ON DATABRICKS' EMPLOYEES IS INCORRECT.

R2 spends much of its opposition arguing that relevant Databricks employees are located in Texas, but these arguments are speculative, unsupported, and incorrect. Indeed, R2 offers *no*

---

[2] The two non-Databricks witnesses identified by R2 should also be given little weight because "[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer." *In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020).

[3] The Federal Circuit presumes witnesses are unwilling unless they indicate otherwise. *In re DISH Network LLC*, No. 2021-182, 2021 WL 4911981, at *3 (Fed. Cir. Oct. 21, 2021) (citation omitted).

[4] Notably, R2 also does not show or even allege that the one third-party witness it identifies (Paul Reidy) is an unwilling witness. (Opp. at 10–11.)

3

*evidence*, instead seeking to rely on vague LinkedIn profiles that merit no weight in the transfer analysis. *See Jawbone Innovations, LLC v. Amazon.com, Inc.*, No. 2:21-CV-00435-JRG, Dkt. 60 at 14 (E.D. Tex. Sept. 21, 2022) (granting transfer where plaintiff's arguments relied on "search[ing] LinkedIn" and "[plaintiff's] own judgment that such employees are relevant to this case"); *In re Google LLC*, 2021 WL 4427899, at *7 (no weight to potential witness found on LinkedIn because plaintiff "was not at all specific about what testimony it expected to elicit from [the witness], or even if he possesses knowledge of the facts relevant to this infringement action").[5]

Moreover, R2's arguments are simply incorrect. As explained in Databricks' motion, ▌

▌ (Mot. at 12.) ▌

▌. (*See* Reply Decl. of A. Taneja at ¶¶ 2–4.) Consistent with recent Federal Circuit and Fifth Circuit cases, "the presence of [these] employees in Eastern Texas, who have no technical knowledge of the accused functionality here, 'cannot overcome the immense inconvenience that the majority of relevant witnesses would face if this case were to be tried in [EDTX].'" *In re Samsung Elecs. Co., Ltd.*, No. 2023-146, 2023 WL 8642711, at *2 (Fed. Cir. Dec. 14, 2023) (citing *In re TikTok, Inc.*, 85 F. 4th 352 (5th Cir. 2023)).

### IV.  R2 WRONGLY IDENTIFIES MULTIPLE FACTORS AS "NEUTRAL" AND THREE FACTORS AS WEIGHING AGAINST TRANSFER.

R2 concedes that most factors do not weigh against transfer. It argues that certain factors, including access to evidence, convenience to party witnesses, and compulsory process, are

---

[5] *See also VideoLabs, Inc. v. Amazon.com, Inc.*, No. 6:22-cv-00079-ADA, Dkt. 99 at 15 (W.D. Tex. Oct. 21, 2022) ("LinkedIn account[s] to prove these individuals are in Austin . . . is not enough to show that these witnesses possess knowledge relevant to the alleged infringement"); *Logantree LP v. Apple Inc.*, No. 6:21-CV00397-ADA, 2022 WL 1491097, at *20 (W.D. Tex. May 11, 2022) (explaining that arguments "based only on vague LinkedIn profiles is a challenge").

4

"neutral." (Opp. at 9, 11, 12.) But as discussed above, each of these factors in fact favors transfer. Moreover, R2 argues that three factors weigh against transfer. Each of these arguments fails.

**Local interest**: R2's arguments misapply the law, as R2 focuses on the parties' connections to a forum, rather than the location of events giving rise to the suit. (*See* Opp. at 4–5; *In re Clarke*, 94 F.4th 502, 511 (5th Cir. 2024) (factor focuses "on the events—not the parties"). It is undisputed that the patented and accused technologies were developed in NDCA. As this is "the most relevant consideration," it favors transfer. *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1317 (2021).

**Administrative difficulties:** R2 relies merely on statistics, which the Federal Circuit has repeatedly found to be speculative. *See In re Genentech, Inc.,* 566 F.3d 1338, 1347 (Fed. Cir. 2009) ("case-disposition statistics may not always tell the whole story"); *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020) (district court erred in transfer denial based solely on its perceived ability to more quickly schedule a trial).

**Practical problems**: R2 points to previously-filed, and long-resolved, cases before this Court, but these cases involved "different parties" and "different claims," and therefore different factual issues. *In re Planned Parenthood*, 52 F.4th at 632 n.5. Indeed, "whatever efficiencies would be had by combining cases asserting the same patents against different defendants with different accused products are as likely to be enjoyed by transferring this case as not." *In re Google LLC*, 58 F.4th 1379, 1383 (Fed. Cir. 2023) (clearly erroneous for district court to find this factor weighs against transfer, where related case was no longer pending in the transferee forum).[6]

## V.    CONCLUSION

All private factors strongly favor transfer, and all public factors favor transfer or are neutral. Because NDCA is clearly the more convenient forum, the Court should grant transfer.

---

[6] Further, this Court's prior orders are "too tenuous a reason to support denial of transfer." *See In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559, 562 (Fed. Cir. 2011).

5

Dated: June 21, 2024                                   Respectfully submitted,

                                                                                  */s/ Michael J. Sacksteder*
Michael J. Sacksteder
CA Bar No. 191605 (Admitted E.D. Texas)
Email: msacksteder@fenwick.com
Dargaye Churnet
CA Bar No. 303659 (Admitted E.D. Texas)
Email: dchurnet@fenwick.com
Gregory Sefian
CA Bar No. 341802 (Admitted *Pro Hac Vice*)
Email: gsefian@fenwick.com
Su Li
CA Bar No. 339374 (Admitted *Pro Hac Vice*)
Email: sli@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, California 94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

Vigen Salmastlian
CA Bar No. 276846 (Admitted E.D. Texas)
Email: vsalmastlian@fenwick.com
**FENWICK & WEST LLP**
801 California Street,
Mountain View, CA 94041
Telephone:     650.988.8500
Facsimile:     650.938.5200

Jessica M. Kaempf
WA Bar No. 51666 (Admitted E.D. Texas)
Email: jkaempf@fenwick.com
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone:     206.389.4510
Facsimile:     206.389.4511

*Attorneys for Defendant
Databricks Inc.*

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that a motion to seal the present document has been filed.

*/s/ Michael J. Sacksteder*
Michael J. Sacksteder

**CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 21, 2024.  Additionally, I hereby certify that all counsel of record who consented to electronic service are being served with a copy of this document via electronic mail per Local Rule CV-5.

*/s/ Michael J. Sacksteder*
Michael J. Sacksteder
