# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| R2 Solutions LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Databricks, Inc.,<br><br>        Defendant. | Civil Action No. 4:23-CV-01147-ALM<br><br>Jury Trial Demanded |

## PROTECTIVE ORDER

WHEREAS, Plaintiff R2 Solutions LLC and Defendant Databricks, Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties in the above-captioned case (the "Litigation") involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). The "Producing Party" means the party producing any information and the "Receiving Party" means any party receiving

information. Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL-SOURCE CODE." The word(s) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word(s) "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2. The designation "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" means any disclosure or discovery material that the Producing Party claims in good faith constitutes, contains, reveals, or reflects extremely sensitive or proprietary information requiring exceptional measures to restrict access to such material, including: (i) non-public technical, marketing, financial, sales, research and development information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (iii) information or data relating to future products not yet commercially released and/or strategic plans; (iv) commercial agreements, settlement agreements, or settlement communications, the

2

disclosure of which is likely to cause harm to the competitive position of the Producing Party; or (v) sensitive personal information that is protected under federal, state, or foreign data protection laws or regulations, or other privacy obligations.

3.    The designation "CONFIDENTIAL" means confidential information produced in this action which is not designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that is not publicly known, and which the Producing Party normally would not reveal to third parties or, if disclosed, would require such third parties to maintain its confidence. A designation of CONFIDENTIAL should be made in good faith by the Producing Party.

4.    The designation "HIGHLY CONFIDENTIAL – SOURCE CODE" means highly sensitive confidential information constituting Source Code Material. Source Code Material, as used herein, means human-readable programming language text that describes the algorithms or structure of software, firmware, hardware designs or descriptions. Source Code Material also includes source code files, which are text files containing source code. Source code files include, but are not limited to, files containing source code written in "C," "C++," Java, assembler, VHDL, Verilog, SQL, digital signal processor (DSP programming languages, any and all programmer notes, annotations, revision histories, and other comments of any type related thereto and accompanying the code. Source code files further include but are not limited to, source files, configuration files ("config files"), "include files," "make" files, link files, header files, intermediate output files, resource files, library files, module definition files, map files, object files, linker files, browse info files, debug files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, microcontroller, or DSP. Non-human readable files,

including but not limited to binary executable files, object code files, microcode, register transfer language, compilers and linkers, if produced, shall be afforded the same protection as the source code defined in this section.

5. Any confidential document produced before issuance of this Order with the designation "Confidential" shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

6. With respect to documents, information or material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

7. A designation of Protected Material (i.e., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," both individually and collectively.

SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that have not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

8. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 12 herein:

(a)     outside counsel of record in this Litigation for the Parties;

(b)     employees of such counsel assigned to and reasonably necessary to assist such counsel in the Litigation;

(c)     in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the Litigation, or who are assisting outside counsel in the Litigation;

(d)     mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(e)     up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the Litigation, except that either Party may in good faith request the consent of the other Party to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other party has unreasonably withheld such consent;

(f)    outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this Litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Litigation; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the Producing Party with (i) a current curriculum vitae of the consultant or expert and (ii) a list of the cases in which the consultant or expert has testified at deposition or trial within the last four (4) years, at least seven (7) business days before access to the Protected Material is to be given to that consultant or expert so that the Producing Party has an opportunity to object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within seven (7) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. For the purposes of this Protective Order, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert;

(g)    any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(h)    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, interpreters or translators, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the Litigation; and

(i)    the Court and its personnel.

9.    Documents, information or material produced pursuant to any discovery request in this Litigation, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only for purposes of the Litigation and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any

6

portion thereof except as may be reasonably necessary for the Litigation. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

10.    To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL deserves further protection, the Producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes Source Code Material, the Producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – SOURCE CODE."

11.    For Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 8(a-b), (d), and (f-i).

12.    For Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE, the following additional restrictions apply:

(a)    Access to a Party's Source Code Material shall be provided only on a single, non-networked "stand-alone" computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet). A process shall be provided for designating pages for printing. The hardware and software specifications of the stand-alone computer (e.g., processor speed, RAM, operating system) shall be sufficient to accommodate source code review. Absent specific agreement by the Producing Party, use or possession of any input/output device or other electronic device (e.g., USB memory stick, cameras or any camera-enabled device, CDs or DVDs, portable hard drive, computer, cellular telephones, smartphones, sound recorders, voice recorders, etc.) is prohibited while accessing the stand-alone computer containing the Source Code Material, and the Receiving Party shall not attempt to use any peripheral device of any kind (other than the keyboard, mouse, printer, and 2 monitors provided by the Producing Party) with the stand-alone computer. Additionally, except as provided in paragraph 12(r) below, the stand-alone computer shall only be located at the offices of the Producing Party's outside counsel;

(b)    The Producing Party may visually monitor the activities of the Receiving Party's

7

representatives during any Source Code Material review, but only to ensure that no unauthorized input/output or other electronic devices are being used and that no unauthorized electronic records of the Source Code Materials are being created or transmitted in any way, and only so long as the Producing Party cannot hear the Receiving Party or view any notes, as discussed in paragraph 12(s) below. The Producing Party shall have the right to confirm identities of the persons accessing Source Code Material, and request confirmation that such persons are not carrying prohibited items before being given access to the stand alone computer.

(c)     The Receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer to normal business hours, which for purposes of this paragraph shall be 8:30 a.m. through 5:30 p.m. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the stand-alone computer outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Litigation;

(d)     The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer in order to access the produced Source Code Material on the stand-alone computer;

(e)     The Producing Party will produce Source Code Material electronically and in text searchable format on the stand-alone computer as described above. The Producing Party will produce Source Code Material in its usual directory format;

(f)     All persons entering the secure room containing the stand-alone computer shall sign a log that includes the names of persons who enter the room and the dates and times when they enter and depart. The Producing Party shall maintain the log;

(g)     The Receiving Party's outside counsel and/or experts/consultants may make reasonable requests that free, shareware, or commercially available software tools for viewing and searching Source Code Material be installed on the stand-alone computer, provided, however, that (a) the Receiving Party provides an appropriate license to such software tools (if needed); (b) the Producing Party approves such software tools (which approval cannot be unreasonably withheld);  (c) such software tools are for the purpose of performing a review of the Source Code Material consistent with all the protections herein and (d) such software tools will not be capable of compiling or executing the code. To the extent that the Receiving Party requests any software tools that include any functionality that is capable of compiling or executing Source Material, these software tools will not be installed unless the functionality is either excluded from the installation or permanently disabled.  The Producing Party shall not unreasonably withhold approval of reasonable requests for additional commercially available software tools;

8

(h)     The Receiving Party must provide the Producing Party with the URL, CD, DVD, file path, or Advanced Package Tool package containing such licensed software tool(s), along with any necessary login information, at least five (5) business days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the standalone computer;

(i)     Access to Protected Material designated HIGHLY CONFIDENTIAL – SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 8(f) above.  All persons who will review a Producing Party's Source Code Material on the stand-alone computer on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) business days in advance of the first time that such person reviews Source Code Material on the stand-alone computer;

(j)     A Receiving Party may include excerpts of Source Code Material only when reasonable and necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document ("Source Code Document"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. Except as otherwise provided in this Protective Order (including in this paragraph), no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and orders, must be filed or served electronically;

(k)     To the extent portions of Source Code Material are quoted or excerpted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE;

(l)     The Receiving Party may request a reasonable number[2] of pages of Source Code Material to be Bates-numbered and printed for purposes of case preparation activity. Using the software available on the stand-alone computer, the Receiving Party shall create PDFs of the Source Code Material the Receiving Party is requesting and save them in a folder on the desktop named "PDF Requests" with

---

[2] Since a "reasonable number" may vary depending on the facts of each action, the Producing Party and Receiving Party shall meet and confer during the course of discovery to agree on a number of pages of Source Code Material that is reasonable. To the extent the parties fail to reach an agreement, the Court shall impose a reasonable number.

a subfolder identifying the date of the request. The request for PDF files or hardcopy printouts of Source Code Material shall be served via email identifying the subfolders of the "PDF Requests" folder that the Receiving Party is requesting. The Producing Party must ensure that all printed pages indicate the original file name of the Source Code Material and additionally include either page and line numbers for the printed Source Code Material where possible and/or some other coordinates or markers that identify the portion of the Source Code Material printed. Upon printing any such portions of Source Code Material, the Producing Party shall put Bates and line numbers, copy, and clearly label as "HIGHLY CONFIDENTIAL - SOURCE CODE" any pages printed by the Receiving Party. Within five (5) business days of a request for pages, the Producing Party shall either (i) deliver one copy of such printouts to one or more offices of the receiving Party's outside counsel or (ii) inform the requesting Party of its objection, if any, that the printed portions withheld are excessive and/or not done for a permitted purpose. The parties agree to work in good faith to resolve any dispute over requested printouts. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party may seek a Court resolution of whether the printed Source Code Material in question is reasonably necessary to any case preparation activity. Contested Source Code Material printouts need not be produced to the Receiving Party until the matter is resolved by the Court.

(m)     Except as otherwise provided in this Protective Order, no physical copies of all or any portion of the Source Code Material may leave the room containing the stand-alone computer. The Receiving Party may not request paper copies for the purpose of reviewing the Source Code Material in the first instance;

(n)     The Receiving Party shall be permitted to make up to three (3) printed copies of Source Code Material in addition to copies necessary for court documents received from the Producing Party, all of which shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE";

(o)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL - SOURCE CODE" and shall continue to be treated as such;

(p)     For depositions, copies of Source Code Material that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. For in-person depositions, all paper copies of Source Code Material brought to the deposition shall be provided to the Producing Party's outside counsel for secure destruction in a timely manner following the deposition. For remote depositions of any witness that is permitted to view Source Code Material and is designated as an appropriate witness to testify regarding Source Code Material, the Party producing the witness shall provide a complete copy of the printed PDFs of the Source Code Material to its witness in advance of the

10

deposition, provided that the Party taking the deposition provides advance notice that the witness may be asked to testify regarding Source Code Material. Source Code Material shall not be uploaded to any file share site or displayed electronically during any deposition;

(q)    If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts review the terms of this Protective Order and keep the printouts or photocopies in a secured locked area in a location that is not accessible to the public. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition);

(r)    A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 12(i) above to another person authorized under paragraph 12(i) above, on paper or removeable electronic media (e.g., a DVD, CD-ROM, portable hard drive, or flash memory drive) via hand carry, Federal Express, or other similarly reliable courier. Except as provided in paragraphs 12(j) and 12(p), Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except if and as necessary to file, or serve a document electronically. For clarity, Source Code Material may only be transported electronically as set forth in paragraph 12(j) and 12(p) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer;

(s)    The Receiving Party's outside counsel or expert, or both, shall be entitled to take notes relating to the Source Code Material, but may not copy any Source Code Material into the notes. No copies of all or any portion of the Source Code Material may leave the room in which the Source Code Material is inspected except as otherwise provided herein. No notes shall be left behind at the site where the stand-alone computer is made available, and any such notes shall be deleted or destroyed by the Producing Party, without reviewing the substance of the notes, upon discovery. Any such notes shall be stamped and treated as "HIGHLY CONFIDENTIAL – SOURCE CODE"; and

(t)    Nothing in this Paragraph 12 or in this Order as a whole constitutes an agreement or admission by either Party that such Party's Source Code Material is required to be produced. Nor does either Party waive any right it may have to object to and oppose any request for production of such Source Code Material to the extent permissible the Federal Rule of Civil Procedure, or the Local Rules or Orders of this Court.

13.     Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and/or HIGHLY CONFIDENTIAL – SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who accesses or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patent-in-suit on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Litigation and for one year after its conclusion, including any appeals. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's HIGHLY SENSITIVE MATERIAL, who accesses or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order, shall not directly or indirectly draft, amend, or otherwise participate in or advise on drafting or amending patent claims, of the patents-in-suit or any related patents during a post-grant proceeding, including inter partes review proceedings, post-grant review proceedings, and covered business method review proceedings, reissue, or ex parte reexamination before the USPTO, or corresponding proceedings before any foreign patent authority, on behalf of the Receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Litigation and for one year after its conclusion, including any appeals. To avoid any doubt, the prohibitions provided in this paragraph do not apply to an attorney representing a party in a post-grant proceeding if the attorney is not involved in drafting or amending patent claims on behalf of a patent owner.

12

To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons who access HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

14.  Absent agreement, Protected Material may not be exported outside the United States or released to any foreign national (even if within the United States) unless the foreign national (1) is a Green Card holder, (2) working in the United States pursuant to an H-1B visa sponsored by the Receiving Party's law firm, or (3) directly employed by the Receiving Party's law firm to provide support or legal representation to the firm's clients and who are otherwise unaffiliated with the Receiving Party. Should any Designated Material be subject to export outside of the United States upon agreement of the Parties, the Receiving Party shall comply with all applicable laws and regulations relating to the export, and the Parties will meet and confer in good faith regarding the Designated Material to be exported and identification of applicable laws and regulations. Receiving Party agrees not to knowingly export, re-export, or transfer the Protected Material of the Producing Party without first obtaining all required United States or other applicable authorizations or licenses.

15.  Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such

13

production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this case or in any other federal proceeding. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes is protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return or destruction of such documents, information or other material by promptly notifying the recipient(s) in writing and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. At the Producing Party's election, the recipient(s) shall gather and destroy or return to the Producing Party all copies of such documents, information or other material. At the Producing Party's election, the recipient(s) shall certify destruction or return to the Producing Party.

16. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

17. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the Designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former

officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; (v) outside counsel for a Party (subject to paragraph 13 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this Litigation (subject to paragraph 8(f) of this Order); (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access such DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

18.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEY' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

19.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED documents, information or material, such DESIGNATED portions shall

15

be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

20. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Litigation, or from using any information contained in DESIGNATED MATERIAL at the trial of this Litigation, subject to any pretrial order issued by this Court. In any event, the Parties are required to meet and confer prior to introducing any DESIGNATED MATERIAL at the trial of this Litigation.

21. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

22. Each outside consultant or expert to whom DESIGNATED MATERIAL will be disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form

16

is attached as Appendix A.

23. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

24. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" any documents, information or other material, in whole or in part, produced or given by such Third Parties. All of the restrictions and protections herein applicable to a Producing Party's DESIGNATED MATERIAL shall also apply to Third Parties' documents, information or other material designated hereunder. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this Order. For the avoidance of doubt, the protections afforded to Parties regarding inadvertent or unintentional production of Protected Material without proper designation shall be extended to Third Parties, and in no event shall an inadvertent production of documents, information or material that was not properly designated be deemed a waiver in whole or in part of a claim for confidential treatment.

25. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Litigation as "HIGHLY

17

CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

26. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Litigation as "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

27. Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the Receiving Party's election either be returned to the Producing Party or be destroyed. The Receiving Party shall verify the return or destruction by letter furnished to the Producing Party. Notwithstanding this provision, outside counsel for the Parties may retain one set of pleadings, correspondence, and attorney and consultant work product (but not document productions) for archival

purposes, but must return or destroy any pleadings, correspondence, and consultant work product that contain Source Code Material.

28. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof and shall not waive any such designation provided that the Producing Party notifies all Receiving Parties that such Discovery Material is protected under one of the categories of this Order within fourteen (14) days of the Producing Party learning of the inadvertent failure to designate. The Producing Party shall reproduce the Protected Material with the correct confidentiality designation within seven (7) days upon its notification to the Receiving Parties. Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Parties shall return or securely destroy, at the Producing Party's option, all Discovery Material that was not designated properly. A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives such notice that such Discovery Material is protected under one of the categories of this Order. Once a Receiving Party has received notification of the correct confidentiality designation for the Protected Material with the correct confidentiality designation, the Receiving Party shall treat such Discovery Material at the appropriately designated level pursuant to the terms of this Order.

29. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may make a motion to the Court for such relief as may be appropriate in the circumstances. Pending disposition of

the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

30. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

31. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

32. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Litigation and (b) to apply for additional protection of DESIGNATED MATERIAL.

33. For avoidance of doubt, this Protective Order and any supplemental protective orders later entered by the Court control discovery of Protected Materials in the above captioned litigations. This Protective Order replaces the Court's default Protective Order entered as Appendix A to the Court's Order Governing Proceedings.

**SIGNED this 12th day of November, 2024.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| R2 Solutions LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 4:23-cv-01147-ALM |
| Databricks, Inc., | Jury Trial Demanded |
| Defendant. | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING**
**PROTECTIVE ORDER**

I, _____ , declare that:

1.    My address is _____ . My

current  employer  is  _____ .  My

current occupation is _____ .

2.    I have received a copy of the Protective Order in these actions. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of these actions any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY  CONFIDENTIAL  -  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that came into my

possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____

2