FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| R2 Solutions LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>Databricks, Inc.,<br><br>　　Defendant. | Civil Action No. 4:23-cv-01147-ALM<br><br>Jury Trial Demanded<br><br>███████████████ |

# PLAINTIFF R2 SOLUTIONS LLC'S
# MOTION FOR PARTIAL SUMMARY JUDGMENT ON DATABRICKS'
# SINGLE-REFERENCE OBVIOUSNESS DEFENSES

## **TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................. 1

II.  STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ................................. 1

III. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................ 1

IV.  LEGAL STANDARD ...................................................................................................... 2

    A.  Summary Judgment .............................................................................................. 2

    B.  Presumption of Validity ........................................................................................ 3

    C.  Obviousness .......................................................................................................... 4

V.   ARGUMENT .................................................................................................................... 4

VI.  CONCLUSION ................................................................................................................. 6

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) .................................................................................................... 3

*Arendi S.A.R.L. v. Apple Inc.*,
   832 F.3d 1355 (Fed. Cir. 2016) .................................................................................... 5

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) .................................................................................................... 2

*Duramed Pharms., Inc. v. Watson Labs., Inc.*,
   413 F. App'x 289 (Fed. Cir. 2011) ........................................................................... 3, 6

*Eli Lilly & Co. v. Barr Labs., Inc.*,
   251 F.3d 955 (Fed. Cir. 2001) ...................................................................................... 3

*Honeywell Int'l Inc. v. 3G Licensing, S.A.*,
   124 F.4th 1345 (Fed. Cir. 2025) ............................................................................... 4, 6

*In re Kubin*,
   561 F.3d 1351 (Fed. Cir. 2009) .................................................................................... 4

*KSR Int'l Co. v. Teleflex Inc.*,
   550 U.S. 398 (2007) .................................................................................................... 4

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) .................................................................................................... 3

*Microsoft Corp. v. i4i Ltd. Partnership*,
   131 S. Ct. 2238 (2011) ................................................................................................. 3

*Nanology Alpha LLC v. Witec Wissenschaftliche Instrumente Und Technologie Gmbh*,
   No. 6:16-CV-00445-RWS, 2018 U.S. Dist. LEXIS 219259 (E.D. Tex. July 11, 2018) ............. 6

*Perfect Web Techs., Inc. v. InfoUSA, Inc.*,
   587 F.3d 1324 (Fed. Cir. 2009) ............................................................................ 4, 5, 6

*Shum v. Intel Corp.*,
   633 F.3d 1067 (Fed. Cir. 2010) .................................................................................... 3

*Zoltek Corp. v. United States*,
  95 Fed. Cl. 681 (2010) ................................................................................................. 5

**Rules, Statutes, and Authorities**

Fed. R. Civ. P. 56 ............................................................................................................ 1

Fed. R. Civ. P. 56(a) ....................................................................................................... 2

Local Rule CV-56 ........................................................................................................... 1

Title 35, U.S.C. ............................................................................................................... 1

35 U.S.C. § 101 .............................................................................................................. 1

35 U.S.C. § 102 ........................................................................................................... 1, 2

35 U.S.C. § 103 ........................................................................................................... 1, 2

I.      INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule CV-56, Plaintiff R2 Solutions LLC moves the Court for partial summary judgment on Defendant Databricks, Inc.'s single-reference obviousness defenses based on the Hadoop System, Nutch System, and Oracle Database 10g System. Databricks invalidity expert failed to provide *any* obviousness analysis with respect to these single-reference grounds, opting instead to opine only on anticipation. Databricks has thus failed as a matter of law to offer evidence upon which a reasonable jury could invalidate the patent under 35 U.S.C. §103 by clear and convincing evidence. The Court should therefore grant R2's Motion and find as a matter of law that the asserted claims are not obvious over the Hadoop System alone, the Nutch System alone, and the Oracle Database 10g System alone.

II.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

R2'S Motion raises one issue: whether Databricks' has adduced evidence sufficient for a jury to find by clear and convincing evidence that the Hadoop System alone, Nutch System alone, and Oracle Database 10g System alone render the asserted claims obvious.

III.    STATEMENT OF UNDISPUTED MATERIAL FACTS

1.      R2 filed its Complaint on December 28, 2023, asserting that Databricks has infringed, and continues to infringe, U.S. Patent No. 8,190,610 ("the '610 patent"). ECF 1.

2.      Databricks filed its Answer to the Complaint on March 8, 2024. ECF 16. Databricks alleged, among other defenses, that "[t]he '610 patent is invalid for failure to meet one or more of the conditions for patentability specified in Title 35, U.S.C., or the rules, regulations, and law related thereto, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112." *Id.* at 9.

3.      R2 asserts that Databricks infringes, directly and indirectly, claims 1, 5, 17, and 21 of the '610 Patent by its making, using, selling, and offering for sale the Databricks Data

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Intelligence Platform / Databricks Lakehouse Platform, and any other platform provided by Databricks that utilizes Apache Spark. ECF 97; ECF 107-22, ¶ 36.

4.  On February 20, 2024, Databricks served the Opening Expert Report of Dr. Jon Weissman challenging the validity of the asserted claims. *See generally* Ex. 1.[1] Dr. Weissman asserts nine invalidity grounds in his report: (1) "Hadoop System anticipates all asserted claims under 35 U.S.C. § 102;" (2) "Hadoop System renders all asserted claims obvious under 35 U.S.C. § 103;" (3) "Hadoop System combined with MacLeod I renders all asserted claims obvious under 35 U.S.C. § 103;" (4) "Nutch System anticipates all asserted claims under 35 U.S.C. § 102;" (5) "Nutch System renders all asserted claims obvious under 35 U.S.C. § 103;" (6) "Nutch System combined with MacLeod I renders all asserted claims obvious under 35 U.S.C. § 103;" (7) "Oracle Database 10g System anticipates all asserted claims under 35 U.S.C. § 102;" (8) "Oracle Database 10g System renders all asserted claims obvious under 35 U.S.C. § 103;" and (9) "Oracle Database 10g System combined with MacLeod I renders all asserted claims obvious under 35 U.S.C. § 103." *Id.*, ¶ 255. Grounds (2), (5), and (8) are at issue in this Motion.

## IV.  LEGAL STANDARD

### A.  Summary Judgment

Summary judgment is appropriate when no genuine issue exists as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When (as here) the nonmoving party bears the burden of proving the claim or defense, the moving party does not need to produce any evidence or prove the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rather, the moving party's initial burden of

---

[1] Numbered exhibits cited in this Motion are included with the declaration of Carder W. Brooks, which is Exhibit A to this Motion.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

establishing the absence of genuine issue of material fact "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*.

Once the moving party has demonstrated an absence of material fact, "the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial." *Shum v. Intel Corp.*, 633 F.3d 1067, 1076 (Fed. Cir. 2010). "The mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *accord Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("[O]pponent must do more than simply show that there is some metaphysical doubt as to the material facts."). If the nonmoving party cannot do so, the Court must grant summary judgment.

### B.     Presumption of Validity

A patent is presumed valid, and an accused infringer must prove invalidity by clear and convincing evidence. *See Microsoft Corp. v. i4i Ltd. Partnership*, 131 S. Ct. 2238, 2242 (2011). A "moving party seeking to have a patent held not invalid at summary judgment must show that the nonmoving party, who bears the burden of proof at trial, failed to produce clear and convincing evidence on an essential element of a defense upon which a reasonable jury could invalidate the patent." *Eli Lilly & Co. v. Barr Labs., Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001). "To defeat summary judgment, the nonmoving party must then come forward with evidence sufficient to establish a genuine issue of material fact regarding that essential element." *Duramed Pharms., Inc. v. Watson Labs., Inc.*, 413 F. App'x 289, 292 (Fed. Cir. 2011).

    **C.**    **Obviousness**

"Obviousness is a question of law based on underlying findings of fact." *Perfect Web Techs., Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1327 (Fed. Cir. 2009) (citing *In re Kubin*, 561 F.3d 1351, 1355 (Fed. Cir. 2009)). "The underlying factual inquiries are: (1) the scope and content of the prior art, (2) the differences between the prior art and the claims at issue, (3) the level of ordinary skill in the pertinent art, and (4) secondary considerations of nonobviousness." *Id.* (citing *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007)). Obviousness is legally distinct from anticipation, and it is "legal error" to conflate to the two in analyzing invalidity grounds. *Honeywell Int'l Inc. v. 3G Licensing, S.A.*, 124 F.4th 1345, 1355 (Fed. Cir. 2025) ("The Board's decision appears to be based in part on a conflation between the relevant standards for obviousness and anticipation. . . [T]he Board committed legal error by deviating impermissibly from the invalidity theory set forth in the petition.") (cleaned up).

**V.**    **ARGUMENT**

The Court should grant summary judgment in R2's favor on Databricks' single-reference obviousness defenses because Databricks has not put forth any evidence that could support a finding of obviousness. Databricks' invalidity expert, Dr. Weissman, purports to opine, in part, that the asserted claims are each rendered obvious by the Hadoop System alone, the Nutch System alone, and the Oracle Database 10g System alone. *See* Ex. 1 (Weissman Report), ¶ 255. But Dr. Weissman's analysis of these systems is confined to explaining why he thinks each discloses the claim limitations. Nowhere does Dr. Weissman explain the differences between the systems and the asserted claims, explain how the systems could, or should, be modified to achieve the limitations, or otherwise offer <u>any</u> theory of how the references render obvious (as opposed to disclose) the asserted claims. *See generally id*. at Sections VIII.C.1-8, VIII.D.1-8, and VIII.E.1-8.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Indeed, outside of the summary of his opinions, Dr. Weissman does not even allege that any of the Hadoop System, Nutch System, or Oracle Database 10g System render claim limitations obvious. *See generally id*. For example, for each limitation of each asserted claim, Dr. Weissman alleges that "[t]he Hadoop System discloses limitation [x]," "[t]he Nutch System discloses limitation [x]," or "[t]he Oracle 10g System discloses limitation [x];" but there are no similar statements where Dr. Weissman alleges that the systems render obvious these limitations. *See, e.g.*, *id*., ¶¶ 280, 516, 718. Dr. Weissman's section headers follow the same pattern, alleging that these systems "disclose" the limitations, but not that the systems render obvious the limitations. *See id*. at v-xvii. This remains true for the entirety of Dr. Weissman's rebuttal report.

In other words, with respect to the single-reference obviousness grounds, Dr. Weissman fails to address the "underlying factual inquires" necessary for a sustainable obviousness analysis. *See Perfect Web Techs.*, 587 F.3d at 1327. For instance, Dr. Weissman fails to discuss, at all, what the differences between the prior art and the asserted claims are. *See id*. In fact, his opinion is that there are *no* differences, and he never explains how any of the systems could be modified in light of common sense or the knowledge of a person of ordinary skill in the art to achieve any given claim limitation. *See id*.; *see also Arendi S.A.R.L. v. Apple Inc.*, 832 F.3d 1355, 1361-63 (Fed. Cir. 2016) ("Though less common, in appropriate circumstances, a patent can be obvious in light of a single prior art reference if it would have been obvious to modify that reference to arrive at the patented invention. . . . [W]hile 'common sense' can be invoked, even potentially to supply a limitation missing from the prior art, it must still be supported by evidence and a reasoned explanation."); *Zoltek Corp. v. United States*, 95 Fed. Cl. 681, 690-91 (2010) ("[O]bviousness can be demonstrated where modifications to a single prior art reference would have been obvious . . . . The mere fact, however, that prior art could have been modified to achieve the patent-in-suit at the

5

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

time of invention does not render the invention invalid on grounds of obviousness, unless the prior art suggests the desirability of the modification.") (cleaned up). Likewise, Dr. Weissman fails to explain what the scope and content of the systems are in the context of an obviousness analysis. *See Perfect Web Techs.*, 587 F.3d at 1327. He simply opines that each of the asserted claims are entirely disclosed by each item of prior art—which is an anticipation position, not an obviousness one, and they cannot be conflated. *See Honeywell*, 124 F.4th at 1355. In short, Dr. Weissman is silent with respect to how any one of the subject systems, alone, render obvious the claim limitations.

To support an obviousness defense, Databricks is obligated to "come forward with evidence sufficient to establish a genuine issue of material fact . . . ." *Duramed Pharms.*, 413 F. App'x at 292. This is impossible for Databricks because its expert offered no evidence to support Databricks' single-reference obviousness theories. The Court should, thus, grant summary judgment for R2 with respect to Databricks' single-reference obviousness grounds. *See Nanology Alpha LLC v. Witec Wissenschaftliche Instrumente Und Technologie Gmbh*, No. 6:16-CV-00445-RWS, 2018 U.S. Dist. LEXIS 219259, at *16-17 (E.D. Tex. July 11, 2018) (granting summary judgment of no invalidity when the expert did "not provide an opinion on motivation to combine" or "conduct any claim analysis" with respect to the subject invalidity ground, and his "obviousness analysis [was] incomplete and his opinion [was] conclusory and unsupported by evidence").

**VI.     CONCLUSION**

Databricks' single-reference obviousness defenses have no support in the record. Databricks' invalidity expert did not substantively address these grounds. He did not perform any analysis or explicate any opinion regarding how a single one of the Hadoop System, Nutch System, or Oracle Database 10g System could render obvious the asserted claims. The Court should grant

summary judgment that Databricks' single-reference obviousness defenses fail as a matter of law and that the asserted claims are valid over these grounds.

Dated: April 10, 2025                    Respectfully Submitted,

By: */s/ Carder W. Brooks*
Edward R. Nelson III
State Bar No. 00797142
Christopher G. Granaghan
State Bar No. 24078585
John P. Murphy
State Bar No. 24056024
Carder W. Brooks
State Bar No. 24105536
Nelson Bumgardner Conroy PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
817.377.9111
ed@nelbum.com
chris@nelbum.com
murphy@nelbum.com
carder@nelbum.com

COUNSEL FOR
PLAINTIFF R2 SOLUTIONS LLC

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2025, a true and correct copy of the foregoing document was served via electronic mail upon all counsel of record.

*/s/ Carder W. Brooks*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that under local rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

*/s/ Carder W. Brooks*