# EXHIBIT 18

# [Redacted]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| R2 Solutions LLC,<br><br>Plaintiff,<br><br>v.<br><br>Databricks, Inc.,<br><br>Defendant. | Civil Action No. 4:23-cv-01147-ALM<br><br>Jury Trial Demanded |

**PLAINTIFF R2 SOLUTIONS LLC'S OBJECTIONS AND RESPONSES TO DEFENDANT DATABRICKS, INC.'S SECOND SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiff R2 Solutions LLC hereby provides responses to the Second Set of Requests for Admission propounded by Defendant Databricks, Inc.

**PRELIMINARY STATEMENT**

Plaintiff has not completed its investigation of the facts related to this lawsuit, has not completed discovery, and has not completed preparation for trial. All the answers contained herein are based only upon information and documents presently known to Plaintiff. Further discovery and analysis may supply additional facts and/or establish new factual or legal positions that Plaintiff may take. Plaintiff will supplement its responses to these Requests, as necessary, in accordance with the Federal Rules of Civil Procedure. These responses are made solely for the purpose of, and in relation to, this lawsuit.

**GENERAL OBJECTIONS**

Plaintiff makes the following general objections, and they are hereby incorporated among the specific objections to each Request addressed below. By responding to any of the Requests, or

failing to specifically refer to, or otherwise specify, any particular general objection in response to a particular Request, Plaintiff neither waives any of these general objections nor admits or concedes the appropriateness of any Request (or any assumptions embodied therein).

1. Plaintiff objects to all Requests to the extent that they are overly broad, unduly burdensome, oppressive, or inconsistent with (or purport to impose obligations on Plaintiff that are broader than, or inconsistent with) the obligations imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, the Local Rules of the Eastern District of Texas, other orders of the Court, and/or any applicable regulations and case law, particularly to the extent that compliance would force Plaintiff to incur a substantial expense that outweighs any likely benefit of the discovery. Plaintiff's responses do not constitute an adoption or acceptance of the definitions that Databricks seeks to impose, regardless of whether they include a specific objection.

2. Plaintiff objects to all Requests to the extent they seek the disclosure of information protected by the attorney-client privilege, work product doctrine, common interest privilege, or other applicable privileges or protections. Plaintiff does not intend to provide such privileged or protected information. Any inadvertent disclosure of such information is not a waiver of any applicable privilege or protection, and Plaintiff expressly reserves the right to object to the use of such inadvertently disclosed information for any purpose.

3. Plaintiff objects to all Requests to the extent that they seek information that is neither relevant to any party's claims or defenses in this dispute nor proportional to the needs of the case considering the importance of the issues at stake in the lawsuit, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Plaintiff's provision of information in response to the Requests shall

not be deemed to constitute an admission as to its relevance, nor is it intended to waive any right to object to its admissibility at trial.

4. Plaintiff objects to all Requests to the extent they are vague, ambiguous, fail to describe the information sought with reasonable particularity, or are so unintelligible that Plaintiff cannot respond. Unless instructed otherwise, Plaintiff will give the terms of these Requests their plain and ordinary meanings.

5. Plaintiff objects to all Requests to the extent they seek information that is not in Plaintiff's possession, custody or control.

6. Plaintiff objects to each and every Request to the extent it is duplicative or cumulative of other discovery sought by Defendant.

7. Plaintiff objects to all Requests to the extent they seek disclosure of information that is confidential and/or proprietary to third parties, or information that is subject to any protective order, privacy interest, contractual obligation, or confidentiality obligation that prevents Plaintiff from making the requested disclosure, or that Plaintiff is otherwise prohibited from disclosing by law. Plaintiff will only provide confidential information subject to and in accordance with the Protective Order entered by the Court, and only to the extent Plaintiff can do so consistently with its legal and confidentiality obligations.

8. Plaintiff objects to all Requests to the extent they are compound and/or contain multiple discrete subparts.

9. Plaintiff objects to all Requests to the extent they call for legal conclusions.

10. Plaintiff objects to all Requests as premature to the extent Plaintiff's responses depend on the construction of claim terms in the asserted patent. Plaintiff reserves the right to modify or amend its responses based on the Court's construction of claim terms.

11. Plaintiff objects to all Requests as premature to the extent Plaintiff's responses require the opinion of an expert witness. Plaintiff's experts will provide opinions timely and in accordance with the Scheduling Order entered in this lawsuit.

12. Plaintiff objects to all Requests to the extent they lack foundation or assume facts that are incorrect or unknown to Plaintiff.

13. Plaintiff objects to the definition of "you," "your," "Plaintiff," and "R2" as vague, ambiguous, overly broad, unduly burdensome, not proportional to the needs of the case, and invasive of the attorney-client and attorney work-product privileges and protections to the extent the definition encompasses any entity besides R2 Solutions LLC. Plaintiff further objects to the definition to the extent it seeks to make these Requests apply to, and/or seek information from, persons or entities other than, or beyond the control of, Plaintiff. In particular, R2 objects to the definition's inclusion of Plaintiff's "parents, partners, subsidiaries, divisions, branches, and affiliates, wholly or partially owned entities thereof, and any entities acting for or on behalf of the foregoing, or which are subject to the direction or control of the foregoing." Plaintiff will respond to these Requests only on the basis that "you," "your," "Plaintiff," and "R2" refer to R2 Solutions LLC, and will respond only based upon information in Plaintiff's possession, custody, or control.

14. Plaintiff objects to the definition of "related patents/applications" because it is overly broad and unduly burdensome, calls for information neither relevant to any party's claims or defenses nor proportional to the needs of the case, seeks to impose obligations on Plaintiff beyond those set forth in the Federal Rules of Civil Procedure, and/or seeks to require Plaintiff to respond on behalf of an entity or person other than R2 Solutions LLC. Plaintiff will respond to these Requests on the basis that "related patents/applications" refers to U.S. Pat. No. 8,190,610.

## SPECIFIC OBJECTIONS AND RESPONSES

██████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

### OBJECTIONS AND RESPONSE TO REQUEST FOR ADMISSION NO. 11:

In addition to the foregoing general objections, Plaintiff objects to this Request because the term "R2," as defined by Defendant, is vague, ambiguous, overly broad, unduly burdensome, and not proportional to the needs of the case. Plaintiff responds to this Request on the basis that "R2" refers to R2 Solutions LLC only. Similarly, Plaintiff objects to use of the terms ████████ ████████████████ as defined by Defendant, because the definitions are vague, ambiguous, overly broad, improper and misleading to the extent they differ from, and/or are inconsistent with, the definitions or meanings of those terms as used in the ████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████ Plaintiff responds to this Request only on the basis that ████████ means and refers specifically to ████████████ and that ████████████████ has the meaning and definition accorded the term in the ████ ████████.

Subject to and without waiving the foregoing objections, Plaintiff denies that ████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ however, in the interest of clarity and efficiency, and in order to avoid any complicating dispute, Plaintiff admits that it has agreed, for purposes of this case only, to treat ████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████

5

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

| | |
|---|---|
| Dated: December 19, 2024 | Respectfully submitted,<br><br>*/s/ Edward R. Nelson III*<br>Edward R. Nelson III<br>State Bar No. 00797142<br>ed@nelbum.com<br>Brent N. Bumgardner<br>State Bar No. 00795272<br>brent@nelbum.com<br>Christopher G. Granaghan<br>State Bar No. 24078585<br>chris@nelbum.com<br>John P. Murphy<br>State Bar No. 24056024<br>murphy@nelbum.com<br>Carder W. Brooks<br>State Bar No. 24105536<br>carder@nelbum.com<br>Jinming Zhang<br>Virginia State Bar No. 96210<br>jinming@nelbum.com<br>**NELSON BUMGARDNER CONROY PC**<br>3131 West 7th Street, Suite 300<br>Fort Worth, Texas 76107<br>817.377.9111<br><br>**COUNSEL FOR PLAINTIFF**<br>**R2 SOLUTIONS LLC** |

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered to all counsel of record on December 19, 2024

*/s/ Edward R. Nelson III*