# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| R2 SOLUTIONS LLC,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>DATABRICKS, INC.,<br><br>　　　　　Defendant. | Civil Action No. 4:23-cv-01147-ALM<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT DATABRICKS, INC.'S MOTION FOR SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES OR WILLFUL INFRINGEMENT

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...........................................................................................................1

II. STATEMENT OF THE ISSUES......................................................................................1

III. STATEMENT OF UNDISPUTED MATERIAL FACTS ...............................................1

IV. LEGAL STANDARDS ...................................................................................................4

V. SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES IS PROPER ......................4

    A.    R2 Did Not Provide Actual Notice of Alleged Infringement. ...............................5

    B.    R2 Did Not Provide Constructive Notice of Alleged Infringement........................6

VI. SUMMARY JUDGMENT OF NO WILLFULNESS IS PROPER .................................7

VII. CONCLUSION................................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
  24 F.3d 178 (Fed. Cir. 1994) .................................................................................................. 5

*Anderson v. Liberty Lobby*,
  Inc., 477 U.S. 242 (1986) ......................................................................................................... 4

*Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017) ............................................................................................ 6, 7

*Bayer HealthCare LLC v. Baxalta Inc.*,
  989 F.3d 964, 987 (Fed. Cir. 2021) ...................................................................................... 4, 7

*Celotex Corp. v.* Catrett, 477 U.S. 317 (1986) ............................................................................... 4

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
  946 F.3d 1367 (Fed. Cir. 2020) ............................................................................................... 7

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  136 S. Ct. 1923 (2016) ............................................................................................... 1, 4, 7, 8

*Intell. Ventures I LLC v. Symantec Corp.*,
  234 F.Supp.3d 601 (D. Del. 2017), *aff'd*, 725 F. App'x 976 (Fed. Cir. 2018) ......................... 8

*Lans v. Digital Equip. Corp.*,
  252 F.3d 1320 (Fed. Cir. 2001) ............................................................................................... 5

*Lubby Holdings LLC v. Chung*,
  11 F.4th 1355 (Fed. Cir. 2021) ................................................................................................ 5

*M & C Innovations, LLC v. Igloo Products Corp.*,
  No. 4:17-CV-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) .......................................... 8

*Maxwell v. J. Baker, Inc.*,
  86 F.3d 1098 (Fed. Cir. 1996) ................................................................................................. 2

*Motorola, Inc. v. United States*,
  729 F.2d 765 (Fed. Cir. 1984) ................................................................................................. 5

*Netlist, Inc. v. Micron Tech., Inc.*,
  No. 2:22-cv-203-JRG-RSP, Dkt. 429 at 6,
  *report and recommendation adopted*, Dkt. 479 (E.D. Tex. Jan. 31, 2024) .............................. 6

*Nike, Inc. v. Wal-Mart Stores, Inc.*,
  138 F.3d 1437 (Fed. Cir. 1998)......................................................................................4, 6

*Plastic Omnium Advanced Innovation & Res. v. Donghee Am., Inc.*,
  387 F.Supp.3d 404 (D. Del. 2018),
  *aff'd on other grounds*, 943 F.3d 929 (Fed. Cir. 2019) ...................................................8

*TecSec, Inc. v. Adobe Inc.*,
  No. 1:10-CV-115, 2019 WL 1233882 (E.D. Va. Mar. 14, 2019)...............................................8

*Uniboard Aktiebolag v. Acer Am. Corp.*,
  118 F. Supp. 2d 19 (D.D.C. 2000)........................................................................................5

*Vaporstream, Inc. v. Snap Inc.*,
  No. 2:17-cv-220, 2020 WL 136591 (C.D. Cal. Jan. 13, 2020)....................................................9

*Xiamen Baby Pretty Prods. Co. v. Talbot's Pharms. Fam. Prods., LLC*,
  No. 3:21-CV-00409, 2022 WL 509336 (W.D. La. Feb. 18, 2022)............................................8

**STATUTES AND RULES**

35 U.S.C. § 284................................................................................................................3, 9

35 U.S.C. § 287................................................................................................................ *passim*

Fed. R. Civ. P. 56(a) .................................................................................................................4

# TABLE OF EXHIBITS[1]

| No. | Exhibit |
|---|---|
| 1 | Excerpts of the Expert Report of William Davis Concerning Infringement of U.S. Patent No. 8,190,610 ("Davis Op.") |
| 2 | Excerpts of Expert Report of Jim W. Bergman ("Bergman Rep.") |
| 3 | Excerpts of Expert Rebuttal Report of Gareth Macartney, Ph.D ("Macartney Rep.") |
| 4 | Excerpts of Plaintiff R2 Solutions LLC's Objections and Responses to Defendant Databricks, Inc.'s First Set of Interrogatories, served on November 25, 2024 ("ROGS") |
| 5 | ▓▓▓ and R2 Solutions LLC (R2_DB_064128 - R2_DB_064138) ▓▓▓ |
| 6 | ▓▓▓ and R2 Solutions LLC (R2_DB_063579 - R2_DB_063590) ▓▓▓ |
| 7 | ▓▓▓ and R2 Solutions LLC (R2_DB_064117 - R2_DB_064127) ▓▓▓ |
| 8 | Infringement Contentions served by R2 in *R2 Solutions LLC v. Charles Schwab Corp.*, 4:21-cv-00122-ALM (E.D. Tex.) (R2_DB_065215 - R2_DB_065274) ("Schwab Contentions") |
| 9 | Infringement Contentions served by R2 in *R2 Solutions LLC v. Fidelity Brokerage Services LLC*, 4:21-cv-00123-ALM (E.D. Tex.) (R2_DB_065158 - R2_DB_065214) ("Fidelity Contentions") |
| 10 | Infringement Contentions served by R2 in *R2 Solutions LLC v. Walmart Inc.*, 4:21-cv-00091-ALM (E.D. Tex.) (R2_DB_065333 - R2_DB_065394) ("Walmart Contentions") |
| 11 | Excerpts of Transcript of the March 25, 2025 Deposition of Bill Davis ("Davis Dep.") |
| 12 | Excerpts of Transcript of the January 16, 2025 Deposition of Joshua Rosen ("Rosen Dep.") |
| 13 | Excerpt of "Databricks is now Generally Available" (Databricks_R2_00053754) |
| 14 | Excerpts of Transcript of the April 1, 2025 Deposition of Jim Bergman ("Bergman Dep.") |

---

[1] Each of the exhibits listed in this table, Exhibits 1-17, is attached to the Declaration of Jessica Kaempf.

| 15 | Excerpts of the subpoena to Databricks served in *R2 Solutions LLC v. American Airlines., Inc.*, 4:22-cv-00353-ALM (E.D. Tex.) (R2_DB_126288-R2_DB_126321) ("AA Subpoena") |
|---|---|
| 16 | █████████████████████████████████ |
| 17 | Excerpts of Plaintiff R2 Solutions LLC's Objections and Responses to Defendant Databricks, Inc.'s Fourth Set of Interrogatories (Nos. 27-31), served on February 12, 2025 ("ROG 31") |

I.  **INTRODUCTION**

R2 improperly seeks to increase the amount at stake in this action in two ways that are contrary to law. *First*, R2 attempts to extend the damages period to a date before the action started, even though R2 has no evidence that Databricks received any notice of alleged infringement before R2 served its complaint. *Second*, R2 bases its allegation of willful infringement entirely on the assertion that after notice of alleged infringement, Databricks "has continued to commercialize the Accused Instrumentalities in a manner that infringes the asserted patent." This is precisely the type of garden-variety conduct the Supreme Court has made clear does not rise to the level of willful infringement. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935 (2016). Databricks is entitled to summary judgment on both points. Accordingly, Databricks respectfully moves for partial summary judgment (a) that R2 may not recover any damages accruing before the service of the complaint, and (b) that R2 may not seek a finding of willful infringement at trial.

II.  **STATEMENT OF THE ISSUES**

1. Whether R2 is precluded from seeking pre-suit damages when the record contains no evidence that Databricks received notice of alleged infringement before the complaint was served.

2. Whether R2 is precluded from alleging willful infringement at trial in the absence of any evidence beyond "garden variety" conduct in continuing to sell its products after the complaint was served.

III.  **STATEMENT OF UNDISPUTED MATERIAL FACTS**

1. On December 28, 2023, R2 filed suit, alleging Databricks infringed system and method claims of U.S. Patent 8,190,610 (the "'610 patent" or the "asserted patent"). (Dkt. 1 ¶¶ 7, 13, 30-34; *see also* Ex. 1, Davis Op., ¶¶ 36-37 (asserting infringement of method claims 1 and 5 and system claims 17 and 21).) On January 3, 2024, R2 served the complaint on Databricks.

(Ex. 2, Bergman Rep., ¶ 96.)  Databricks' damages expert provides an analysis with the starting date for damages of January 3, 2024.  (Ex. 3, Macartney Rep., ¶¶ 157-161.)

2. During fact discovery, Databricks propounded an interrogatory asking R2 to "[p]rovide all factual and legal bases for" its contention that R2 "complied with 35 U.S.C. § 287(a)."  (Ex. 4, ROGS at 23 (Resp. to Interrog. No. 8).)  R2 responded: "Plaintiff is presently unaware of any products marked with the patent number of the asserted patent."  (*Id.* at 25.)  R2 provided this response regarding lack of awareness of marked products, despite R2's position that licensed products, such as the ▮▮▮▮▮▮▮▮ exist pursuant to R2's prior licensing agreements.  (Ex. 2, Bergman Rep., ¶¶ 123-126; Exs. 5-10 (R2 infringement claim charts and corresponding settlement agreements).)[2]  R2 provided **no contention** that it complied with Section 287 by notifying Databricks of alleged infringement.  (Ex. 4, ROGS at 24-25 (Resp. to Interrog. No. 8).)

3. While R2's discovery responses do not contend that R2 complied with 35 U.S.C. § 287(a) by providing constructive notice[3] or actual notice of alleged infringement to Databricks, R2's damages expert assumes that the starting date for damages is a year before R2 served Databricks with the complaint, on January 10, 2023.  (Ex. 2, Bergman Rep., ¶ 97.)  The report assumes that January 10, 2023 is the proper date because Databricks "had knowledge of the '610 patent on January 10, 2023, when R2 Solutions served Databricks with a subpoena in connection with R2 Solutions' litigation against American Airlines."  (*Id.*)  But neither R2 nor its damages expert contends that Databricks had any pre-suit notice of *alleged infringement* of the '610 patent.  (*Id.*)  In fact, when asked during his deposition about whether he has an "opinion regarding whether

---

[2] R2 has also entered into over a dozen of litigation settlement agreements that expressly reference the '610 patent.  (Ex. 2 (Bergman Rep.), Schedule 9.4.)

[3] "A patentee who makes, uses, or sells its own invention is obligated to comply with the marking provisions to obtain the benefit of constructive notice."  *Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111 (Fed. Cir. 1996).

2

the damages period appropriately starts in January of 2023," he responded "I do not." (Ex. 14, Bergman Dep. at 107:16-108:3.)

(*Id.* at 107:19-24.)

4.      Similarly, when asked about his opinion on whether "Databricks had knowledge of any theory of alleged infringement as a result of the American Airlines' subpoena," R2's technical expert responded, "I don't think I have an opinion on that." (Ex. 11, Davis Dep. at 233:9-13.) He further acknowledged that he did not have "any evidence that infringement charts were provided to Databricks in connection with this American Airlines subpoena." (*Id.* at 233:14-18.) He also acknowledged that he "didn't provide any opinion that any licensee of the '610 patent complied with marking requirements related to the patent." (*Id.* at 233:19-234:2.)

5.      R2's complaint contains only the following boilerplate willfulness allegations:

> On information and belief, Databricks knew of the '610 patent and its scope, ***yet continued to manufacture, use, and sell infringing products***. At the very least, Databricks was willfully blind to the '610 patent and its application to the Accused Instrumentalities. For at least these reasons, Databricks' infringing activities have been, and continue to be, willful, wanton, and deliberate in disregard of R2's rights with respect to the '610 patent, justifying enhanced damages under 35 U.S.C. § 284.

(Dkt. 1 ¶ 43 (emphasis added).)

6.      During fact discovery, Databricks propounded an interrogatory asking R2 to "describe all bases for your contention that Defendant's alleged infringement has been willful." (Ex. 4, ROGS at 35-37 (Resp. to Interrog. No. 16).) R2 responded "Databricks has had knowledge of the '610 patent since being served with a subpoena in connection with the [American Airlines] litigation on January 10, 2023" but had "continued to commercialize the Accused Instrumentalities in a manner that infringes the asserted patent." (*Id*. at 36-37.)

3

7.  Databricks developed the accused products independently long before R2 filed its complaint and made them generally available by June 2015. (Ex. 13, Databricks is now Generally Available at 1; Ex. 12, Rosen Dep. at 184:17-185:4, *id.* at 186:4-19.)

## IV. LEGAL STANDARDS

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). Where R2 carries the burden of proof, such as providing sufficient notice to start the damages period and proving willfulness, R2 must come forward with evidence demonstrating a genuine issue of material fact requiring trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986); *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir. 1998) ("The patentee bears the burden of proving compliance [with § 287(a)] by a preponderance of evidence."); *Bayer HealthCare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021) (the patentee bears the burden on its claim for willful infringement (citing *Halo*, 136 S. Ct. at 1934)).

## V. SUMMARY JUDGMENT OF NO PRE-SUIT DAMAGES IS PROPER

Summary judgment of no pre-suit damages is proper where a patentee fails to raise any genuine issue of fact that it has complied with Section 287(a). That is the case here. Section 287(a) provides that if a patentee that asserts system claims does not mark patented articles with the patent number, "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified *of the infringement* and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice." 35 U.S.C. § 287(a) (emphasis added). Here, R2 has not met, and cannot meet, its burden to show that it provided constructive notice or actual notice of alleged infringement prior to serving

4

the complaint. The Court should thus grant partial summary judgment and hold that R2 cannot recover pre-suit damages.

### A. R2 Did Not Provide Actual Notice of Alleged Infringement.

To show that it provided actual notice, R2 "has the burden of demonstrating that it took affirmative acts to provide the defendants with actual notice of potential infringements." *Uniboard Aktiebolag v. Acer Am. Corp.*, 118 F. Supp. 2d 19, 24 (D.D.C. 2000) (citing *Motorola, Inc. v. United States,* 729 F.2d 765, 770 (Fed. Cir. 1984)); *see also Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994); *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1327-28 (Fed. Cir. 2001) (holding that "actual notice under § 287(a) must be an affirmative act on the part of the patentee which informs the defendant of infringement") (internal quotation omitted).

But R2 did not make an "affirmative communication of a specific charge of infringement by a specific accused product or device" before serving the complaint, as required for actual notice. *Amsted*, 24 F.3d at 187; *Lans*, 252 F.3d at 1327-28. Indeed, when asked for its bases for contending it "complied with 35 U.S.C. § 287(a)," R2 merely responded that "Plaintiff is presently unaware of any products marked with the patent number of the asserted patent." (Ex. 4, ROGS at 25 (Resp. to Interrog. No. 8).) Importantly, R2 provided **no contention** that it complied with Section 287 by notifying Databricks of alleged infringement (i.e., actual notice). (*Id.* at 24-25.)

R2's damages expert nonetheless assumes that the starting date for damages is January 10, 2023 (before the filing of suit), but his basis for doing so fails as a matter of law. Section 287(a) requires "notice must be of 'the infringement,' not merely notice of the patent's existence or ownership." *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1360 (Fed. Cir. 2021) (quoting *Amsted*, 24 F.3d at 187). Yet, R2's damages expert does not contend that Databricks was notified of alleged infringement; instead, he merely alleges that Databricks "had knowledge of the '610 patent . . . when R2 Solutions served Databricks with a subpoena" in a case pending against *another*

party that did not allege any infringement by Databricks or its products. (Ex. 2, Bergman Rep., ¶ 97; Ex. 15, AA Subpoena). Likewise, R2's technical expert admits that he has no opinion that "Databricks had knowledge of any theory of alleged infringement as a result of the American Airlines' subpoena." (Ex. 11, Davis Dep. at 232:24-233:18.) In sum, R2 raises no genuine issue of fact regarding actual notice of infringement.

### B. R2 Did Not Provide Constructive Notice of Alleged Infringement.

As an alternative to providing actual notice of its alleged infringement, a patentee may comply with Section 287 through constructive notice, by adequately marking "substantially all" of its commercial products embodying the patent. *See, e.g.*, *Nike*, 138 F.3d at 1446 ("In order to satisfy the constructive notice provision of the marking statute, [the patentee] must have shown that substantially all of the [patentee's] shoes being distributed were marked, and that once marking was begun, the marking was substantially consistent and continuous."). The marking requirements under 35 U.S.C. § 287(a) "extends to a patentee's licensees." *Netlist, Inc. v. Micron Tech., Inc.*, No. 2:22-cv-203-JRG-RSP, Dkt. 429 at 6, *report and recommendation adopted*, Dkt. 479 (E.D. Tex. Jan. 31, 2024). "A patentee's licensees must also comply with § 287, because the statute extends to 'persons making or selling any patented article for or under [the patentee].'" *Arctic Cat Inc. v. Bombardier Rec. Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017).

Here, there is no genuine dispute that R2 failed to provide constructive notice pursuant to Section 287. R2 admits that it is "unaware of any products marked with the patent number of the asserted patent." (Ex. 4, ROGS at 25 (Resp. to Interrog. No. 8).) That is true even though R2 itself contends that the ▉▉▉▉▉▉▉▉ is licensed to the '610 patent, and would be subject to damages but for ▉▉▉▉▉▉▉▉▉▉ (*See* Ex. 2, Bergman Rep., ¶ 123.) Further, R2 has



accused third-party analytics systems of infringing the '610 patent,[4] and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Yet, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*See generally* Exs. 5-7, 16-17.) R2's failure to take any reasonable efforts to adequately mark allegedly practicing products is fatal to any claim that it provided constructive notice. *Arctic Cat*, 876 F.3d at 1366 (instructing that courts may consider "whether the patentee made reasonable efforts to ensure compliance with the marking requirements" and holding that the district court erred by denying judgment as a matter of law as to marking, where patentee's licensing agreement lacked a marking requirement).

In sum, R2 does not, and cannot, raise any factual issue as to pre-suit compliance with Section 287, either by marking practicing products (constructive notice) or by notifying Databricks of alleged infringement (actual notice). Summary judgment of no pre-suit damages is proper.

## VI. SUMMARY JUDGMENT OF NO WILLFULNESS IS PROPER

A claim of willful infringement is a serious charge. It accuses a defendant of conduct that is "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo*, 136 S. Ct. at 1932. To establish willfulness, "[k]nowledge of the asserted patent and evidence of infringement is necessary, but not sufficient." *Bayer*, 989 F.3d at 988. Willfulness requires something more, such as "deliberate or intentional infringement." *Id*. (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020)). "[T]he patentee must show the accused infringer had a ***specific intent to infringe*** at the time of the challenged conduct." *Id*. at 987 (emphasis added).

---

[4] *See, e.g.*, Exs. 8 (Schwab Contentions), 9 (Fidelity Contentions), 10 (Walmart Contentions)).

7

Under *Halo*, "garden-variety" patent infringement, such as when an accused infringer merely continues the allegedly infringing behavior while also vigorously defending against the infringement allegations, is not enough to maintain a claim for willful infringement. 136 S. Ct. at 1935. For example, in *M & C Innovations, LLC v. Igloo Products Corp.*, Judge Ellison of the Southern District of Texas addressed "whether knowledge acquired by service of the complaint, plus continued infringement, is sufficient to support a claim of willful infringement." No. 4:17-CV-2372, 2018 WL 4620713, at *4 (S.D. Tex. July 31, 2018). Judge Ellison held that it does not: "Assuming for the sake of argument that the complaint put [Defendant] on notice of the existing patents, and [Defendant] continued [] manufacturing its infringement products, ***this would simply be the kind of 'garden-variety' patent case that Halo affirms is ill-suited for a finding of willfulness***." *Id*. at *5 (citing *Halo*, 136 S. Ct. at 1935) (emphasis added). Indeed, "[t]his post-suit fact pattern characterizes every infringement action except for those in which an alleged infringer immediately ceases production following service of the complaint." *Id*.

District courts around the country similarly concluded that "[n]o reasonable jury could find willful infringement based on" evidence that the defendant "has continued to update, produce, and sell" the accused products after a lawsuit was filed. *Xiamen Baby Pretty Prods. Co. v. Talbot's Pharms. Fam. Prods., LLC*, No. 3:21-CV-00409, 2022 WL 509336, at *3 (W.D. La. Feb. 18, 2022) ("continued sale of the infringing product without removing its infringing capability" deemed "merely typical infringement behavior that is not a proper basis for enhanced damages"); *see also TecSec, Inc. v. Adobe Inc.*, No. 1:10-CV-115, 2019 WL 1233882, at *2 (E.D. Va. Mar. 14, 2019) (same); *Intell. Ventures I LLC v. Symantec Corp.*, 234 F.Supp.3d 601, 611–12 (D. Del. 2017), *aff'd*, 725 F. App'x 976 (Fed. Cir. 2018) (granting summary judgment of no willful infringement where defendant's continued production, sale, and support of allegedly infringing products provides "no evidence of behavior beyond typical infringement"); *Plastic Omnium Advanced*

*Innovation & Res. v. Donghee Am., Inc.*, 387 F.Supp.3d 404, 421 (D. Del. 2018) (granting summary judgment of no willful infringement for lack of egregious conduct even where alleged infringer knew about the asserted patents), *aff'd on other grounds*, 943 F.3d 929 (Fed. Cir. 2019); *Vaporstream, Inc. v. Snap Inc.*, No. 2:17-cv-220 (KSx), 2020 WL 136591, at *21 (C.D. Cal. Jan. 13, 2020) (granting summary judgment where defendant had post-filing knowledge of the patent).

Similarly, R2 cannot show willful infringement here. After six fact depositions of Databricks' witnesses, R2's only basis for arguing specific intent to infringe remains the assertion that Databricks "has continued to commercialize the Accused Instrumentalities in a manner that infringes the asserted patent." (Ex. 4, ROGS at 37 (Resp. to Interrog. No. 16).) This is insufficient as a matter of law. Databricks has mounted a vigorous defense since R2 filed this case. Indeed, failing to capitulate to a lawsuit is not willful infringement; if it was, virtually all cases disputing infringement would involve willful infringement. The Court should not permit R2 to argue willfulness when it has put forward *no* evidence of the specific intent to infringe. Moreover, any attempt by R2 to rely on the American Airlines subpoena should be rejected. As discussed above, the subpoena, which does not even allege infringement by the subpoenaed party, provided no pre-suit notice of infringement at all (*see supra* Section V.A.), and mere receipt of such a subpoena cannot possibly create the requisite "specific intent to infringe" for willful infringement.

Because R2 failed to identify evidence showing that Databricks' conduct is beyond "garden-variety" infringement (assuming any infringement), no reasonable jury could find that Databricks willfully infringed, and the Court should grant summary judgment of no willfulness.

## VII.  CONCLUSION

For the foregoing reasons, Databricks respectfully requests that the Court grant its motion for summary judgment to preclude R2 from recovering pre-suit damages under 35 U.S.C. § 287 or enhanced damages under 35 U.S.C. § 284.

| | |
|---|---|
| Dated: April 10, 2025 | Respectfully submitted, |

/s/*Jessica M. Kaempf*
Michael J. Sacksteder
CA Bar No. 191605 (Admitted E.D. Texas)
Email: msacksteder@fenwick.com
Gregory Sefian
CA Bar No. 341802 (Admitted *Pro Hac Vice*)
Email: gsefian@fenwick.com
S. Emma Lee
CA Bar No. 344074 (Admitted *Pro Hac Vice*)
Email: emma.lee@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:   415.875.2300
Facsimile:    415.281.1350

Vigen Salmastlian
CA Bar No. 276846 (Admitted E.D. Texas)
Email: vsalmastlian@fenwick.com
**FENWICK & WEST LLP**
801 California Street,
Mountain View, CA 94041
Telephone:   650.988.8500
Facsimile:    650.938.5200

Jessica M. Kaempf
WA Bar No. 51666 (Admitted E.D. Texas)
Email: jkaempf@fenwick.com
Jonathan G. Tamimi
WA Bar No. 54858 (Admitted E.D. Texas)
Email: jtamimi@fenwick.com
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone:   206.389.4510
Facsimile:    206.389.4511

Dargaye Churnet
CA Bar No. 303659 (Admitted E.D. Texas)
Email: dchurnet@fenwick.com
**FENWICK & WEST LLP**
730 Arizona Ave, 1st Floor

Santa Monica, CA 90401
Telephone:    310.434.5400

Jennifer Truelove
Texas Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH P.C.**
104 E. Houston Street, Suite 300
Marshall, TX 75670
Telephone: 903.923.9000
Facsimile: 903.923.9099

Derron R. Dacus
Texas Bar No. 00790553
Email: ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 32, Suite 430
Tyler, Texas 75701
Telephone: 903.705.1117

*Attorneys for Defendant Databricks, Inc.*

## CERTIFICATE OF AUTHORIZATION TO SEAL

Pursuant to Local Rule CV-5(a)(7)(B) that I am authorized to file the foregoing document under seal pursuant to Protective Order (Dkt. 61) because this document references Designated Material.

                                                  */s/ Jessica M. Kaempf*
                                                  Jessica M. Kaempf

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 10, 2025, a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Additionally, I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of these documents via electronic mail per Local Rule CV-5.

                                                  */s/ Jessica M. Kaempf*
                                                  Jessica M. Kaempf