**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| R2 Solutions LLC, | |
|     Plaintiff, | Civil Action No. 4:24-cv-00971-ALM |
| v. | Jury Trial Demanded |
| Roadget Business Pte. Ltd., | |
|     Defendant. | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Plaintiff R2 Solutions LLC ("R2" or "Plaintiff") and Defendant Roadget Business Pte. Ltd. ("Defendant" or "SHEIN") provide the following statements pursuant to this Court's Order Governing Proceedings in this case (ECF 18), Federal Rule of Civil Procedure 26(f), and Local Patent Rule ("P.R.") 2-1(a).

The parties held a telephonic Rule 26(f) conference on April 16, 2025. R2 was represented by John Murphy and Jingming Zhang. SHEIN was represented by John Jackson of Jackson Walker LLP.

Pursuant to the Court's Instructions, the parties jointly provide the following summary of the conference:

**(1)**     **Suggested modifications of the proposed deadlines for the scheduling order set out in Appendix B, including:**

The parties have agreed on the deadlines set forth in the proposed Scheduling Order attached as Exhibit A.

**Page 1 of 6**

      **a.**      **The need for and any specific limits on discovery relating to claim construction, including depositions of witnesses, including expert witnesses;**

The parties propose that, consistent with Local Patent Rule 4-5(e) and Local Rule CV-7(a) the Plaintiff and Defendant each have a thirty (30) page limit for opening and responsive *Markman* briefs, and Plaintiff shall have a ten (10) page limit for its reply.

      **b.**      **The scheduling of a Claim Construction Pre-Hearing Conference to be held after the Joint Claim Construction and Pre-Hearing Statement provided for in P.R. 4-3 has been filed.**

The parties do not believe a Claim Construction Pre-Hearing Conference is necessary in this case.

      **(2)**      **If the parties believe mediation may be appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator should be stated.**

At this time, the parties have not been able to agree on whether mediation may be appropriate. The parties will continue to discuss whether mediation is appropriate and, if so, the appropriate timing for any mediation.

      **(3)**      **What changes, if any, should be made to the limitations on discovery imposed by the rules, including the number of depositions and interrogatories.**

The parties agree to comply with the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Texas and the Court's Standing Orders with respect to interrogatories and requests for admissions.

**Fact Depositions:** The parties agree that 60 hours[1] of non-expert oral deposition testimony may be taken by each side. The parties additionally agrees that, for any deposition requiring translation, 70% of the actual hours shall count towards the total of deposition hours.

**Expert Depositions:** The parties agree that expert depositions shall be limited to 7 hours per expert report.

**(4)      The identity of persons expected to be deposed.**

Plaintiff anticipates taking the depositions of Defendant and witnesses identified by Defendant, including expert witnesses, and potentially relevant third-party witnesses as the need arises. Depositions are expected to include 30(b)(1) witnesses as well as 30(b)(6) witnesses on topics such as corporate structure, relevant documents, notice, infringement, validity, and damages.

At this time, Defendant anticipates that any persons expected to be deposed will come from the lists disclosed in the Initial Disclosures. Defendant will supplement those disclosures should additional persons be identified who may be expected to be deposed.

The parties reserve the right to depose additional persons as they may become necessary.

**(5)      Any issues relating to the disclosure of information (electronically stored and otherwise) including the form or forms in which it should be produced and timing of production. (See Section H - Mandatory Disclosures).**

None at this time. The parties have agreed to the Order Governing E-Discovery in Patent Cases attached as Exhibit B. The order governs, among other things, the form of disclosure of electronically stored information ("ESI").

---

[1] The parties agree that time will only accrue against the 60-hour total when a party is actively taking a deposition. Hours spent attending a deposition and not taking will not count against an individual party's 60-hour total.

**(6)     Any issues relating to preserving discoverable information, including whether a Preservation Order is needed to protect any documents and/or electronically stored information.**

The parties affirm that they have taken reasonable steps to ensure that documents and things relevant to this action have been (and are continuing to be) preserved. The parties understand their duties to preserve relevant information and do not believe a separate Preservation Order is necessary in this case.

**(7)     Whether any other orders should be entered by the Court pursuant to Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 16(b), or Fed. R. Civ. P. 16(c).**

Attached as Exhibit A is an agreed proposed Scheduling Order adopting the structure set forth in the Court's Order Governing Proceedings.

Attached as Exhibit B is an agreed proposed Order Governing E-Discovery in Patent Cases.

Attached as Exhibit C is an agreed proposed Protective Order.

**(8)     Estimated trial time.**

The parties currently anticipate that the trial of this action will require approximately 20 hours of trial time per side (including direct and cross-examination but not including opening, closing, or voir dire). As the case proceeds, this estimate of trial time may change depending on the number of claims and defenses requiring trial.

**(9)     The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

It is expected that Carder Brooks will represent Plaintiff at the Management Conference. It is expected that John Jackson of Jackson Walker LLP will represent Defendant at the Management Conference.

**(10)     Any other matters counsel deem appropriate for inclusion in the joint conference report.**

**Page 4 of 6**

<u>Privilege Logs</u>

The parties agree that privilege logs need not include communications and documents created after the filing of this lawsuit.

<u>Information Required by Local Patent Rule 2-1(a)</u>

The parties provide the following information regarding additional topics required by Local Patent Rule 2-1(a):

      **a.**      **Whether the Court will hear live testimony at the Claim Construction Hearing (P.R. 2-1(a)(2)).**

The parties do not currently plan to present live testimony at the claim construction hearing.

      **b.**      **The order of presentation at the Claim Construction Hearing (P.R. 2-1(a)(4)).**

The parties agree that the claim construction hearing should be structured with a presentation of arguments for each disputed claim term in succession. The parties presently contemplate that, for each disputed claim term, the party seeking a construction will present its arguments regarding that term first, followed by rebuttal arguments by the party opposing that construction. If the rebuttal argument proposes a new disputed term, it will be followed by a reply argument by the party opposing that new construction. The parties will meet and confer at least one week before the claim construction hearing to discuss narrowing the terms/issues to be presented and the specific order for presenting same.

      **c.**      **Whether the Court should authorize the filing under seal of any documents containing confidential information.**

The parties agree that the Court should authorize the filing under seal of documents containing Confidential Information under a Protective Order to be entered that will govern this case.

Dated: April 30, 2025                          Respectfully submitted,

/s/ Edward R. Nelson III                       /s/ John M. Jackson (with permission)
EDWARD R. NELSON III                           John M. Jackson
State Bar No. 00797142                         Texas State Bar No. 24002340
ed@nelbum.com                                  jjackson@jw.com
BRENT N. BUMGARDNER                            Blake Dietrich
State Bar No. 00795272                         Texas State Bar No. 24087420
brent@nelbum.com                               bdietrich@jw.com
CHRISTOPHER G. GRANAGHAN                        **JACKSON WALKER LLP**
State Bar No. 24078585                         2323 Ross Ave., Suite 600
chris@nelbum.com                               Dallas, Texas 75201
JOHN P. MURPHY                                 (214) 953-6000
State Bar No. 24056024
murphy@nelbum.com                              Melissa S. Ruiz
CARDER W. BROOKS                               Texas State Bar No. 24128097
State Bar No. 24105536                          mruiz@jw.com
carder@nelbum.com                              **JACKSON WALKER LLP**
Jinming Zhang                                  100 Congress Ave., Suite 1100
Virginia Bar No. 96210                         Austin, Texas 78701
jinming@nelbum.com                             (512) 236-2000
**NELSON BUMGARDNER CONROY PC**
3131 West 7th Street, Suite 300                **COUNSEL FOR DEFENDANT**
Fort Worth, Texas 76107                        **ROADGET BUSINESS PTE. LTD.**
817.377.9111

**COUNSEL FOR PLAINTIFF**
**R2 SOLUTIONS LLC**

### <u>CERTIFICATE OF SERVICE</u>

Pursuant to Local Rule 5.1, I hereby certify that the foregoing document was electronically filed with the Clerk of Court using the CM/ECF filing system, which will generate and send an e-mail notification of said filing to all counsel of record, on April 30, 2025.

/s/ Edward R. Nelson III