# Exhibit B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| R2 Solutions LLC, <br><br> Plaintiff, <br><br> v. <br><br> Roadget Business Pte. Ltd., <br><br> Defendant. | Civil Action No. 4:24-cv-00971-ALM <br><br> Jury Trial Demanded |

## ORDER REGARDING E-DISCOVERY IN PATENT CASES

The Court ORDERS as follows:

1.      This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.      This Order may be modified in the Court's discretion or by agreement of the parties. To the extent the parties cannot resolve their disagreements regarding any modifications, the parties shall submit their competing proposals and a summary of their dispute.

3.      A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4.      Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

5.      Absent agreement of the parties or further order of this Court, the following parameters shall apply to ESI production:

A.      **General Document Image Format**. Each electronic document shall be produced, at the preference of the producing party, either (1) in single-page Tagged Image File Format ("TIFF") format, or (2) text-searchable PDF format. For documents produced as TIFF files, these files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

B.      **Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C.      **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

D.      **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

E.   **No Backup Restoration Required**. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

F.   **Voice-mail and Mobile Devices**. Absent a showing of good cause, voice-mails, PDAs, mobile phones, and communications on chat services (e.g., Skype, WhatsApp, iMessage, Snapchat, Facebook) are deemed not reasonably accessible and need not be collected and preserved.

G.   **Emails**. Subject to Paragraph 6 below, absent a showing of good cause, ESI comprising individual custodial files of emails will only be searched upon a party's demonstration of need for such information.

6.   General ESI production requests under Federal Rules of Civil Procedure 34 and 45 or compliance with a mandatory disclosure ordered by this Court shall not include email or other forms of electronic correspondence. Notwithstanding the foregoing, if any documents that are responsive to a discovery request exist only as attachments to an email or other form of electronic correspondence, the producing party shall produce such responsive documents as part of the producing party's primary document production.

7.   The parties will delay production of electronic mail and electronic mail documentation ("secondary documents") unless specifically required in paragraph 6. If, at such time as the receiving party has reviewed the contents of the producing party's primary document production, the receiving party determines that secondary documents may be required, the receiving party may indicate such determination to the producing party, and explain why the information sought is not available in a less burdensome manner. Upon such determination, the producing party and

3

receiving party shall meet and confer in good faith to identify which particular documents will be searched and to identify reasonable mechanisms for narrowly tailored searches of, or for, such documents. A party may not request a search of secondary documents absent a showing that the information sought is not available in a less burdensome manner. If, after the aforementioned meet and confer, the parties have not been able to resolve their issue(s) pertaining to production of secondary documents, the parties agree to submit to the Court for determination (i) their competing positions on whether or not the information sought is available in a less burdensome manner, and (ii) their respective mechanisms for narrowly tailored searches of secondary information, including an identification of a specific number requests, custodians, time-frame, and search terms. Notwithstanding the foregoing, if a producing party intends to rely on any secondary documents from an individual, the producing party must produce all relevant secondary documents from that individual.

8.      Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

9.      Nothing in this Order shall require production of ESI, information or other material that a party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If ESI, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any party that inadvertently or unintentionally produces ESI, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or

4

other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced ESI, information or other material. The recipient(s) shall gather and return all copies of such ESI, information or other material to the producing party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing party.

10.    The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

11.    Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.