# Exhibit C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| R2 Solutions LLC, <br><br> Plaintiff, <br><br> v. <br><br> Roadget Business Pte. Ltd. <br><br> Defendant. | Civil Action No. 4:24-cv-00971-ALM <br><br> Jury Trial Demanded |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff R2 Solutions LLC and Defendant Roadget Business Pte. Ltd., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties in the above-captioned cases ("the Litigation") involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.     Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material").  A Party that produces Protected

Material is referred to in this Order as a "Producing Party," and a Party that receives Protected Material is referred to in this Order as a "Receiving Party." Protected Material shall be designated by the Producing Party by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," as appropriate. The word designation shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the designation shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as Protected Material.

2.   With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations.   All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE," both individually and collectively.

MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

3. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then delete or destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon.

4. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the Producing Party, upon order of the Court, or as set forth in paragraph 13 herein:

(a) outside counsel of record in this Litigation for the Parties;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the Litigation;

(c) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the Litigation, or who are assisting outside counsel in the Litigation;

(d) up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the Litigation, except that a Receiving Party may in good faith request the consent of the Producing Party to designate one or

more additional representatives, the other party shall not unreasonably withhold such consent, and the Receiving Party may seek leave of Court to designate such additional representative(s) if the Receiving Party believes the other party has unreasonably withheld such consent;

(e)    up to four (4) outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) per Party retained for the purpose of this Litigation, provided that: (1) such consultants or experts are not presently employed by any of the Parties hereto for purposes other than this Litigation; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the Producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant or expert to allow the Producing Party to object to and notify the Receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)    independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the Litigation;

(g)    the Court and its personnel. Court reporters and/or videographers shall not retain or be given copies of any portions of the Source Code Material Copies of Source Code Material that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather the deposition record will identify the exhibit by its production numbers; and

(h)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order.

5.    A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents,

information or material.

6.      Documents, information or material produced pursuant to any discovery request in this Litigation, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only for purposes of the Litigation and shall not be used for any other purpose.  Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary for the Litigation.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

7.      To the extent a Producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the Producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the Producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."

8.      For Protected Material designated "RESTRICTED – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 4(a-b) and (e-g).

9.      For Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE, the following additional restrictions apply:

        (a)     Source Code Material shall be loaded on a single, standalone, non-networked personal computer that is password protected, maintained in a secure, locked area,

and connected to two large screen monitors, a mouse, and a keyboard ("Source Code Computer"). Absent specific agreement by the Producing Party, use or possession of any input/output device or other electronic device (e.g., USB memory stick, CDs, DVDs, or drives of any kind, cameras or any camera-enabled device, CDS, portable hard drive, laptop, cellular telephones, smartphones, voice recorders, etc.) is prohibited while in the secured, locked area containing the Source Code Computer, and no recordable media or recordable devices shall be permitted into the secure Source Code reviewing room. The Source Code Computer shall ONLY be made available for inspection, not produced except as provided for below, and shall only be made available at one of the following locations chosen at the sole discretion of the Producing Party: (1) the offices of the Producing Party's primary outside counsel of record in this action; (2) a single, third-party site located within any judicial district in which the Source Code Material is stored in the ordinary course of business; or (3) a location mutually agreed upon by the Receiving and Producing Parties. The Producing Party shall designate one location of the Source Code Computer, unless the Receiving and Producing Parties mutually agree on multiple locations. Any location under (1), (2) or (3) above shall be in the continental United States. The Producing Party will also provide a nearby room for the expert and/or counsel to keep any computer equipment, cell phones, or other computers and other materials.

(b)     All persons entering the locked room containing the Source Code Computer must agree to submit to reasonable security measures to insure they are not carrying any prohibited items before they will be given access to the locked room. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code Material review, but only to ensure that no unauthorized electronic records of the Source Code Materials are being created or transmitted in any way, and only so long as the Producing Party cannot hear the Receiving Party or view any handwritten notes, as discussed in paragraph 9(h) below. The Producing Party shall have the right to confirm identities of the persons accessing Source Code Material.

(c)     The Receiving Party shall make reasonable efforts to restrict its requests for such access to the Source Code Computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to the Source Code Computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code Material at the location(s) specified in paragraph 9(a) above and shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Litigation;

(d)     Prior to the first inspection of any requested Source Code Material, the Receiving Party shall provide ten (10) business days' notice of the Source Code Material that it wishes to inspect. No Producing Party shall be required to make Source Code

6

Material available for inspection prior to the date set forth in the Court's scheduling order directed to P.R. 3-4. The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the Source Code Computer(s) in order to access the produced Source Code Material on the Source Code Computer(s);

(e)   The Producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above;

(f)   Access to Protected Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be limited to outside counsel and up to three (3) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 4(e) above.

(g)   Except as otherwise allowed herein, the Receiving Party shall not create a copy of or reproduce Source Code in any way except that the Receiving Party may reproduce selected excerpts of Source Code if such selected excepts are reasonably necessary for the purpose of any filing with the Court, the service of any pleading or other paper on any party, testifying expert reports, consulting expert written analyses, deposition exhibits as discussed in paragraph 9(n) below, or any draft of these documents ("Source Code Documents"). Source Code Documents shall be designated RESTRICTED CONFIDENTIAL SOURCE CODE either (a) in their entirety, or (b) on any page containing quoted Source Code.

(h)   The Receiving Party shall be entitled to take handwritten notes related to the Source Code Material but may not copy the Source Code Material into such notes. Any such notes shall be stamped, designated, and treated as "RESTRICTED CONFIDENTIAL SOURCE CODE." The Receiving Party shall not be permitted to take electronic notes related to Source Code Material while in the source code reviewing room.

(i)   A Receiving Party may include excerpts of Source Code Material only when necessary in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(j)   To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

as RESTRICTED CONFIDENTIAL SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL SOURCE CODE;

(k)     No copies of any portion of the Source Code Material shall leave the secure source code reviewing room except as otherwise provided herein. Except as set forth in paragraph 9(g) above, no electronic copies of Source Code Material shall be made without prior written consent of the Producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(l)     The Receiving Party may request a reasonable number[3] of pages of Source Code Material to be bates-numbered and printed for purposes of case preparation activity. The Receiving Party may not request paper copies for the purposes of reviewing the Source Code in the first instance. Within five (5) business days of any request, the Producing Party will provide a copy of the requested material on watermarked or colored paper bearing Bates numbers and the designation RESTRICTED CONFIDENTIAL—SOURCE CODE unless objected to, as discussed in paragraph 9(m) below;

(m)     If the Producing Party objects that the printed portions are not reasonably necessary to any case preparation activity, the Producing Party shall make such objection known to the Receiving Party within five (5) business days. If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party may seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity. Contested Source Code Material print-outs need not be produced to the Receiving Party until the matter is resolved by the Court.

(n)     The Receiving Party shall be permitted to make no more than four (4) photocopies of printed Source Code Material. All photocopies shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE," and the Receiving Party shall maintain a log of all such photocopies. The printed pages shall constitute part of the Source Code Material produced by the Producing Party in this action.

(o)     If the Receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the Receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the

---

[3] Since a "reasonable number" may vary depending on the facts of each action, the Producing Party and Receiving Party shall meet and confer during the course of discovery to agree on a number of pages of Source Code Material that is reasonable. To the extent the parties fail to reach an agreement, the Court shall impose a reasonable number.

Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); The Receiving Party shall only make additional paper copies of selected excerpts of Source Code Material if such additional copies are necessary for any filing with the Court, the service of any pleading or other paper on any Party, testifying expert reports, consulting expert written analyses, deposition exhibits, or any draft of these documents ("SOURCE CODE DOCUMENTS"); the Receiving Party shall only make additional copies of such excerpts as are reasonably necessary for the purpose for which such part of the Source Code is used. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given or left with a court reporter or any other individual; and

(p)    A Producing Party's Source Code Material may only be transported by the Receiving Party at the direction of a person authorized under paragraph 9(f) above to another person authorized under paragraph 9(f) above via hand carry, Federal Express, or other similarly reliable courier.   Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet, except as necessary to file or serve a document electronically. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 9(g) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

(q)    A list of names of persons who will view the Source Code will be provided to the Producing Party in conjunction with any written (including email) notice requesting inspection. The Producing Party shall be entitled to have a person observe all entrances and exists from the Source Code viewing room.

(r)    Unless otherwise agreed in advance by the Parties in writing, following each inspection, the Receiving Party's outside counsel and/or experts shall remove all notes, documents, and all other material from the room that may contain work product and/or attorney-client privileged information. The Producing Party shall promptly notify the Receiving Party return any items left in the room following each inspection session to the Receiving Party.

10.    Any attorney representing Plaintiff, whether in-house or outside counsel, and any person associated with Plaintiff and permitted to receive any Defendant's Protected Material that is designated  RESTRICTED – ATTORNEYS'  EYES  ONLY  and/or  RESTRICTED

CONFIDENTIAL SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who accesses or otherwise learns, in whole or in part, any Defendant's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the Plaintiff or its acquirer, successor, predecessor, or other affiliate during the pendency of this Litigation and for one year after its conclusion, including any appeals. Any attorney representing Plaintiff, whether in-house or outside counsel, and any person associated with Plaintiff and permitted to receive a Defendant's HIGHLY SENSITIVE MATERIAL, who accesses or otherwise learns, in whole or in part, a Defendant's HIGHLY SENSITIVE MATERIAL under this Order, shall not directly or indirectly draft, amend, or otherwise participate in or advise on drafting or amending patent claims of the patents-in-suit or any related patents during a post-grant proceeding, including inter partes review proceedings, post-grant review proceedings, and covered business method review proceedings, reissue, or ex parte reexamination before the USPTO, or corresponding proceedings before any foreign patent authority. To ensure compliance with the purpose of this provision, the Plaintiff shall create an "Ethical Wall" between those persons who access HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Plaintiff or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.

11.    Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or

other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and delete or return all copies of such documents, information or other material to the Producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be deleted or destroyed and certified as such to the Producing Party.

12. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

13. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee,

11

or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the Producing Party or a current or former officer, director or employee of a company affiliated with the Producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 8 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this Litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to have access to DESIGNATED MATERIAL.  DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the Producing Party or from the Court.

14.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED – ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" pursuant to this Order.  Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order.   Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "CONFIDENTIAL."

15.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court.  The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing.  Exhibits to a filing shall conform to the labeling requirements set forth in this Order.  If a pretrial pleading filed with the Court,

or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

16.     The Order applies to pretrial discovery.  Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Litigation, or from using any information contained in DESIGNATED MATERIAL at the trial of this Litigation, subject to any pretrial order issued by this Court.  In any event, the Parties are required to meet and confer prior to introducing any DESIGNATED MATERIAL at the trial of this Litigation.

17.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn.  If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief.  Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.   In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.   Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

18.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has

13

agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

19. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

20. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties.  The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation.  Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

21. Within thirty (30) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL shall at the Producing Party's election either be returned to the Producing Party or be destroyed.  The Receiving Party shall verify the return or destruction by affidavit furnished to the Producing Party, upon the Producing Party's request.

22. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order and/or the production of documents, information and

14

material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

23. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

24. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

25. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

26. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Litigation and (b) to apply for additional protection of DESIGNATED MATERIAL.

27. For avoidance of doubt, this Protective Order and any supplemental protective orders later entered by the Court control discovery of Protected Materials in the above captioned litigations. This Protective Order replaces the Court's default Protective Order entered as Appendix A to the Court's Order Governing Proceedings.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| R2 Solutions LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Roadget Business Pte. Ltd.<br><br>    Defendant. | Civil Action No. 4:24-cv-00971-ALM<br><br>Jury Trial Demanded |

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1. My address is _____. My current employer is _____. My current occupation is _____.

2. I have received a copy of the Protective Order in these actions. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of these actions any information designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED - ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL SOURCE CODE" that came into my possession, and

17

all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____