# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| R2 SOLUTIONS LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DATABRICKS, INC.,<br><br>　　　　　Defendant. | Civil Action No. 4:23-cv-01147-ALM<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT DATABRICKS, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON DATABRICKS' SINGLE-REFERENCE OBVIOUSNESS DEFENSES

**TABLE OF CONTENTS**

                                                                                  **Page**

I. INTRODUCTION ...............................................................................................................1

II. DATABRICKS' RESPONSE TO ALLEGED STATEMENT OF ISSUES TO BE DECIDED BY THE COURT .............................................................................................2

III. DATABRICKS' RESPONSES TO ALLEGED UNDISPUTED FACTS ..........................2

IV. ARGUMENT.......................................................................................................................2

    A. The Court Should Deny R2's Motion for Summary Judgment Because Dr. Weissman Opined that Each Prior Art System Alone "Discloses" Every Claim Requirement, Which Applies Equally to Anticipation and Obviousness of the Asserted Claims ......................................................................................................2

    B. The Court Should Deny R2's Motion for Summary Judgment for the Additional Reason that Dr. Weissman Provided Extensive Factual Opinions that Support a Finding of Obviousness........................................................................................5

V. CONCLUSION..................................................................................................................10

i

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Almirall, LLC v. Amneal Pharms. LLC,*
    28 F.4th 265 (Fed. Cir. 2022) ..................................................................................................1

*Arendi S.A.R.L. v. Apple Inc.,*
    832 F.3d 1355 (Fed. Cir. 2016) ..............................................................................................10

*Evicam Int'l, Inc. v. Enf't Video, LLC,*
    Civil Action No. 4:16-CV-105, 2017 U.S. Dist. LEXIS 85324
    (E.D. Tex. June 5, 2017) .........................................................................................................9

*Honeywell Int'l Inc. v. 3G Licensing, S.A.,*
    124 F.4th 1345 (Fed. Cir. 2025) .........................................................................................4, 10

*N. Star Innovations, Inc. v. Hirshfeld*,
    No. 2020-1874, 2021 U.S. App. LEXIS 32871, *7 (Fed. Cir. 2021) ........................................3

*Nanology Alpha LLC v. Witec Wissenschaftliche Instrumente Und
    Technologie Gmbh*,
    No. 6:16-CV-00445-RWS, 2018 U.S. Dist. LEXIS 219259
    (E.D. Tex., July 11, 2018) ........................................................................................................9

*Realtime Data, LLC v. Iancu*,
    912 F.3d 1368 (Fed. Cir. 2019) ............................................................................................1, 3

*Therasense, Inc. v. Becton, Dickinson & Co.*,
    593 F.3d 1325 (Fed. Cir. 2010) ................................................................................................1

*Unification Techs. LLC v. Micron Tech. Inc.*,
    2024 U.S. App. LEXIS 20014 (Fed. Cir. Aug. 9, 2024) ..........................................................9

*Wasica Fin. GmbH v. Cont'l Auto. Sys.*,
    853 F.3d 1272 (Fed. Cir. 2017) ................................................................................................3

*Zoltek Corp. v. United States*,
    95 Fed. Cl. 681 (2010) ...........................................................................................................10

## TABLE OF EXHIBITS[1]

| No. | Exhibit |
|---|---|
| 1 | Excerpts of Opening Expert Report of Dr. Jon Weissman ("Weissman Op.") |
| 2 | Excerpts of Transcript of the March 21, 2025 Deposition of Dr. Jon Weissman ("Weissman Dep. (Day 1)") |

---

[1] Each of the Exhibits listed in this table, Exhibits 1–2, is attached to the Declaration of Vigen Salmastlian.

I.     INTRODUCTION

R2's motion for partial summary judgment improperly seeks to eliminate three invalidity grounds that were extensively explained in the opening expert report of Databricks' technical expert Dr. Jon Weissman—that each of the Hadoop System, Nutch System, and Oracle Database 10g System alone render the asserted claims obvious.  In support of his obviousness opinions, Dr. Weissman extensively analyzed the scope and content of each prior art system, how each system alone discloses all requirements of the asserted claims, the level of ordinary skill in the art, and absence of secondary consideration of non-obviousness.

R2 ignores these facts when it argues that Dr. Weissman purportedly "failed to provide *any* obviousness analysis" because Dr. Weissman used the word "disclosed" to explain that every requirement "of the asserted claims are entirely disclosed by each…prior art [system]." (Dkt. 113 ("Op. Br.") at 1, 6 (emphasis in original).)  According to R2, explaining how a single reference "discloses" the claims triggers "an anticipation position, not an obviousness one." (*Id.* at 6.)  But the Federal Circuit has rejected this argument.  Where an unmodified reference alone discloses every claim limitation, the reference not only "anticipates under § 102" it "also renders the claim invalid under § 103, for 'anticipation is the epitome of obviousness.'" *See, e.g., Realtime Data, LLC v. Iancu*, 912 F.3d 1368, 1373 (Fed. Cir. 2019) (internal citations omitted); *see also Almirall, LLC v. Amneal Pharms. LLC*, 28 F.4th 265, 273 (Fed. Cir. 2022) (finding claim requirement "*disclosed in*—and therefore obvious in light of—the prior art"); *Therasense, Inc. v. Becton, Dickinson & Co.*, 593 F.3d 1325, 1333 (Fed. Cir. 2010) (holding that obviousness was properly before the jury, in part, because the patent challenger "provided separate claim charts for the two references showing where each claim element is *disclosed*").  R2 further contradicts the law when it argues that "Databricks has not put forth any evidence that could support a finding of obviousness" because it does not explain "the differences between the prior art and the asserted

1

claims" and "how any of the systems could be modified…to achieve any claim limitation." (Op. Br. at 4–5.) But where a single unmodified reference alone discloses all claim requirements—as with each prior art system analyzed by Dr. Weissman in this case—a party is not required to show any differences or modifications for obviousness. Thus, the Court should deny R2's motion.

## II. DATABRICKS' RESPONSE TO ALLEGED STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

The issue to be decided by the Court is whether R2 has proven that no genuine issue of material fact exists that each of the Hadoop System, Nutch System, and Oracle Database 10g System fails to render the asserted claims obvious under 35 U.S.C § 103.

## III. DATABRICKS' RESPONSES TO ALLEGED UNDISPUTED FACTS

Databricks does not dispute paragraphs 1–4 of R2's statement of undisputed facts. (*See* Op. Br. at 1–2.)

## IV. ARGUMENT

### A. The Court Should Deny R2's Motion for Summary Judgment Because Dr. Weissman Opined that Each Prior Art System Alone "Discloses" Every Claim Requirement, Which Applies Equally to Anticipation and Obviousness of the Asserted Claims

There is no dispute that Databricks' technical expert Dr. Weissman provided opinions explaining how each of the Hadoop System, Nutch System, and Oracle system "anticipate[] all asserted claims under 35 U.S.C. § 102." (Op. Br. at 2.) R2 also does not dispute that Dr. Weissman's opening report identified the separate grounds of "anticipation" and "obviousness" for each prior art system. (Op. Br. at 2; Ex. 1, Weissman Op., ¶ 255.) R2 argues that Dr. Weissman did not provide an obviousness opinion because he opined that each prior art system "discloses" each element of the asserted claims. (Op. Br. at 5.) But R2 does not identify a single case in support of its proposition that an expert opining on how prior art "discloses" every claim

2

requirement is insufficient for obviousness, or further, that such an opinion mandates summary judgment on obviousness.

To the contrary, the Federal Circuit has repeatedly rejected R2's argument. *See, e.g., Realtime*, 912 F.3d at 1371. In *Realtime,* an IPR petitioner argued that a single unmodified prior art reference rendered the challenged claims obvious because it "*disclose[d]* all of the limitations," and the PTAB agreed. On appeal, the patent owner argued, as R2 does here, that this is an "anticipatory reference" that should be "raised under § 102." *Id.* at 1373. The Federal Circuit rejected this argument and explained that "it is well settled that a disclosure that anticipates under § 102 also renders the claim invalid under § 103, for anticipation is the epitome of obviousness." *Id.* (quoting *Connell v. Sears, Roebuck & Co.*, 722 F.2d 1542, 1548 (Fed. Cir. 1983) (quoting *In re Fracalossi*, 681 F.2d 792, 794 (CCPA 1982)). The Federal Circuit, therefore, held that "the Board did not err in concluding that claims would have been obvious in view of a single reference" that "alone *disclosed* every element of the claims." *Id.* at 1373, 1376.

*Realtime*'s holding is not an isolated result. In *Wasica Fin. GmbH v. Cont'l Auto. Sys.*, the Federal Circuit affirmed the PTAB's determination that the challenged "claims [were] obvious by virtue of [] anticipation" since "anticipation is the epitome of obviousness." 853 F.3d 1272, 1278 & n. 3 (Fed. Cir. 2017). And in *N. Star Innovations, Inc. v. Hirshfeld*, the Federal Circuit upheld the PTAB's determination that the challenged claims "were anticipated" by a single prior art reference "and for that reason rendered" the claims "unpatentable under both §§ 102 and 103" because "anticipation is the epitome of obviousness." 2021 U.S. App. LEXIS 32871, *7 (Fed. Cir. 2021) (internal citations omitted).

As in *Realtime*, *Wasica* and *N. Star*, Dr. Weissman opined that each prior art system discloses every requirement of each asserted claim, and thus, anticipates *and renders obvious* those claims. Indeed, as R2 admits, Dr. Weissman opined in his opening expert report that "as discussed

3

in detail below, all asserted claims are invalid based on the following nine grounds" including that each prior art system alone "anticipates all asserted claims under 35 U.S.C. § 102" and "renders all asserted claims obvious under 35 U.S.C. § 103." (Ex. 1, Weissman Op., ¶ 255.) Dr. Weissman further explained in detail *how* each prior art system "discloses" every claim requirement, in support of both anticipation and obviousness. (*See, e.g.*, Ex. 1, Weissman Op., ¶ 255; *id.* at pp. 109, 121, 135, 146, 157, 166, 179, 189, 206, 218) (each opining that the Hadoop System alone discloses every requirement of claim 1); *id.* at pp. 237, 245, 252, 259, 264, 268, 274, 280, 290, 295) (each opining that the Nutch System alone discloses every requirement of claim 1); *id.* at pp. 307, 316, 322, 331, 335, 339, 344, 346, 356, 360) (each opining that the Oracle Database 10g System alone discloses every requirement of claim 1).) Moreover, Dr. Weissman expressly opined for each prior art system that asserted claims 17 and 19–21 are "*obvious* for the reasons discussed" regarding asserted claims 1 and 3-5. (*Id.* at ¶¶ 502–515 (Hadoop System), 704–717 (Nutch System), 867–881 (Oracle Database 10g System).) Thus, under longstanding Federal Circuit precedent, and as explained at length in Dr. Weissman's opening report, Dr. Weissman's opinions apply equally to anticipation and obviousness.

R2's reliance on *Honeywell Int'l Inc. v. 3G Licensing, S.A.* is unavailing. (Op. Br. at 4 (citing 124 F.4th 1345, 1355 (Fed. Cir. 2025)).) In *Honeywell*, the IPR petitioner asserted that the claims were "obvious" in view of the prior art, and specifically argued that a POSITA "would have been motivated to swap the last two bits in the last row of the [Philips reference]" as required by the asserted claims. *Honeywell*, 124 F.4th at 1354. But the "legal error" R2 cites is that the Board failed to consider this obviousness argument, and thus "committed legal error by 'deviat[ing] impermissibly from the validity theory set forth in [the] petition.'" *Id.* at 1355. This holding is materially different from R2's assertion here that a single unmodified prior art reference that

4

"*discloses*" every claim requirement cannot render those claims anticipated and obvious for the same reasons. Thus, the Court should deny R2's motion for summary judgment.

> **B.  The Court Should Deny R2's Motion for Summary Judgment for the Additional Reason that Dr. Weissman Provided Extensive Factual Opinions that Support a Finding of Obviousness**

Obviousness is a question of law based on underlying findings of fact, including: (1) "the scope and content of the prior art;" (2) "differences between the prior art and the claims at issue;" (3) "the level of ordinary skill in the pertinent art;" and (4) "secondary considerations of nonobviousness." (Op. Br. at 4 (quoting *Perfect Web Techs., Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1327 (Fed. Cir. 2009).) Dr. Weissman analyzed each of these four factual underpinnings and concluded that each of the Hadoop System, Nutch System, and Oracle Database 10g System "renders all asserted claims obvious under 35 U.S.C. § 103." (Ex. 1, Weissman Op., ¶ 255.)

First, Dr. Weissman extensively detailed "the scope and content of [each] prior art" system in more than 100 paragraphs in his opening expert report. (Ex. 1, Weissman Op., ¶¶ 140–250, 255; *see also id.* at 120–139.) For each prior art system, Dr. Weissman individually identified and analyzed each document that described the operation of the system, including publications, user guides, presentations, and source code (*see, e.g.*, Ex. 1, Weissman Op., ¶¶ 140–193 (regarding Hadoop System), 203–218 (regarding Nutch System), 229–246 (regarding Oracle Database 10g System)), and described how the system worked before the priority date of the asserted patent (*id.* at ¶¶ 194–202 (Hadoop System), ¶¶ 219–228 (Nutch System), ¶¶ 229–250 (Oracle Database 10g System)). Dr. Weissman also showed the scope and content of the prior art by providing demonstrative implementations of each prior art system. For the Hadoop and Nutch Systems, Dr. Weissman asked the developer of both systems Doug Cutting to prepare demonstratives that show "how Nutch and Hadoop were used in 2005 and 2006 to process data collections" by persons of ordinary skill in the art, before the October 5, 2006 priority date of the asserted patent. (Ex. 1,

5

Weissman Op., ¶ 134, 138.) Dr. Weissman then explained in detail how each demonstrative works to illustrate how the corresponding prior art system was implemented at the relevant time. (*See, e.g.*, Ex. 1, Weissman Op., ¶¶ 310–315, 544–549 (illustrating how the Hadoop and Nutch Systems partitioned input data).) Similarly, for the Oracle Database 10g System, Dr. Weissman applied the knowledge of a POSITA at the relevant time to provide demonstrative code that shows how a POSITA would have implemented the Oracle Database 10g System before the priority date. (*See, e.g.*, *id.*, ¶¶ 743–745 (illustrating how the Oracle Database 10g System partitioned input data).)

Second, Dr. Weissman provided more than 600 paragraphs of analysis in support of his opinion that each prior art system alone discloses every requirement of the asserted claims—i.e., there are no differences between the prior art and the claims at issue. (*See generally*, Ex. 1, Weissman Op., ¶¶ 255, 280–515 (opining that Hadoop System alone discloses every claim requirement), 516–717 (same for Nutch System), 718–881 (same for Oracle Database 10g System); *see, e.g.*, *id.* at 306–321, 539–549, 740–745 (opining that each prior art system alone discloses the claimed "partitioning" requirement).) He mapped documents, source code, and demonstratives for each prior art system, and based on this extensive analysis, he concluded that each prior art system anticipates and renders obvious all asserted claims. (*Id.*)

It is also clear that Dr. Weissman's opinions regarding each prior art system included obviousness as he expressly opined for each prior art system alone that asserted claims 17 and 19–21 are "*obvious* for the reasons discussed" regarding asserted claims 1 and 3–5. (*Id.* at ¶¶ 502–515 (Hadoop System), 704–717 (Nutch System), 867–881 (Oracle Database 10g System).) Moreover, as R2 admits, Dr. Weissman disclosed and analyzed an additional obviousness ground for each prior art system in combination with MacLeod I. (Ex. 1, Weissman Op., ¶ 255; Op. Br. at 2 (admitting Dr. Weissman opined how each of the three prior art systems "combined with Macleod I renders all asserted claims obvious").) R2's motion identifies no deficiencies with

6

respect to Dr. Weissman's obviousness analysis for these combinations.[2] And for each claim element where Dr. Weissman proposed combining a prior art system with Macleod I, the combination relied and built on the preceding obviousness analysis in which Dr. Weissman analyzed the prior art system alone with respect to the corresponding claim element. (*See, e.g.,* Ex. 1, Weissman Op., ¶¶ 322 ("The Hadoop System discloses this limitation as described above. The Hadoop System in combination with Macleod I further discloses this limitation."), 550 (same regarding Nutch System), 746 (same regarding Oracle Database 10g System).) And in evaluating these obviousness combinations, Dr. Weissman opined that while each combination "further discloses [each] limitation[]," each system *alone* also discloses every limitation of every asserted claim based on anticipation and obviousness. (*Id.* at ¶¶ 322, 255; *see also, e.g., id.* at ¶¶ 550, 746.)

Third, Dr. Weissman identified "the level of ordinary skill in the pertinent art." (Ex. 1, Weissman Op., ¶¶ 69–73.) Specifically, Dr. Weissman opined that a POSITA "would have had at least a bachelor's degree in computer science or a similar field and at least two years of industry or academic experience" related to distributed data processing, noting that "with more experience, less education may be needed, and vice versa." (*Id.* at ¶ 71.) Under this definition, Mr. Weissman concluded that he "was at least a POSITA as of the October 5, 2006 priority date of the '610 patent." (*Id.* at ¶ 73.) Dr. Weissman applied this knowledge of a POSITA to his obviousness opinions. (*See, e.g., id.* at ¶ 332 ("A POSITA would further have understood that the Hadoop

---

[2] As with Dr. Weissman's obviousness grounds for each prior art system alone, Dr. Weissman analyzed the "scope and content" of Macleod I by providing a summary of Macleod I (Ex. 1, Weissman Op., ¶¶ 251–254), analyzed demonstratives showing how each prior art system in combination with Macleod I would have functioned (*see, e.g., id.* at ¶¶ 322–329, 550–558, 746–751 (explaining how each prior art system in combination with Macleod I partitioned input data)), explained why a POSITA would have been motivated to combine Macleod I with each prior art system (*id.* at ¶¶ 260–279), and provided extensive limitation-by-limitation analysis showing that there was no difference between each combination and the claims at issue (*see, e.g., id.* at ¶¶ 322–329, 550–558, 746–751 (disclosing how each prior art system discloses the claimed "partitioning").)

System discloses mapping consistent with these descriptions as discussed below."); *id.* at ¶¶ 723–25 (applying knowledge of "POSITA" to opinion mapping Oracle Database 10g System to asserted claim); Ex. 2, Weissman Dep. (Day 1), 110:25–113:20 ("a person of ordinary skill would understand" why the Hadoop System discloses the claimed "reduce" step); *id.* at 142:13–143:3 ("A person of ordinary skill would understand that" Oracle Database 10g System discloses the claimed "iterator").) And as explained above regarding factor one, Dr. Weissman relied on the knowledge of a POSITA in analyzing the demonstratives for each of the prior art systems as part of his obviousness opinions. (*See, e.g.*, Ex. 2, Weissman Dep. (Day 1), 62:16–63:6 (testifying that the demonstratives for the Hadoop System and Nutch System were "illustration[s] of how users, persons of ordinary skill, would have used MapReduce to process datasets"); *id.* at 140:21–25 (testifying that his demonstratives were prepared "through the guise of a person of ordinary skill in [the relevant] timeframe").)

Fourth, Dr. Weissman evaluated and rebutted R2's purported "secondary considerations of non-obviousness." (Ex. 1, Weissman Op., at ¶¶ 882–889.) Specifically, Dr. Weissman rebutted each of the three secondary considerations that R2 identified during fact discovery, including purported commercial success, long-felt need, and copying by others. (*Id.* at ¶ 884.) Dr. Weissman explained that R2 failed to show commercial success because "R2 fail[ed] to even identify" practicing products much less "establish a proper nexus between" the '610 patent and "the commercial success" of an allegedly practicing product. (*Id.* at ¶¶ 886–887.) Dr. Weissman further explained that the patented features did not address any long-felt, unmet need because they "simply retreaded known terrain" and were "implemented in prior art systems," including the Hadoop System, Nutch System and Oracle 10g System analyzed at length throughout his opening report. (*Id.* at ¶ 888.) Finally, Dr. Weissman explained that "R2 provide[d] no evidence of copying whatsoever." (*Id.* at ¶ 889.)

Dr. Weissman therefore properly addressed the relevant underlying factual inquiries to reach his obviousness opinion for each prior art system. *Evicam Int'l, Inc. v. Enf't Video, LLC*, Civil Action No. 4:16-CV-105, 2017 U.S. Dist. LEXIS 85324, at *6 (E.D. Tex. June 5, 2017) (denying summary judgment because the "content of the prior art," "scope of the patent claim[s]," and "the level of ordinary skill in the art" remained in material dispute as a result of "conflicting evidence [] whether" the prior art references "render the Asserted Claims anticipated or obvious").[3]

R2 misreads precedent when it cites various cases to suggest that obviousness purportedly *requires* identifying "differences between the prior art and the asserted claims," and "how any of the systems could be modified in light of common sense or knowledge of a person of ordinary skill in the art to achieve any given claim limitation." (Op. Br. at 5.) While these issues are relevant where a single prior art reference *does not* disclose every claim requirement, they do not apply where, as here, a single prior art reference alone discloses the asserted claims. Indeed, in *Unification Techs.*, the Federal Circuit rejected patent owner's argument that the petitioner failed to "articulat[e] a motivation to modify" the reference and show "a reasonable expectation of success in modifying" the reference because the reference "taught every limitation" and "no modification to [the prior art reference] was necessary to arrive at the claimed invention." *Unification Techs. LLC v. Micron Tech. Inc.*, 2024 U.S. App. LEXIS 20014, *13–16 (Fed. Cir. Aug. 9, 2024). As R2 admits, Dr. Weissman "opines that each of the asserted claims are entirely disclosed by each" prior art system alone, without modification. (Op. Br. at 6.) Thus, for Dr.

---

[3] R2's reliance on *Nanology v. Witec* is also misplaced. (Op. Br. at 6.) In *Nanology*, the court "grant[ed] summary judgment of no invalidity with respect to obviousness" because defendant's expert did not "conduct any claim analysis" at all for the "12 prior art references in his expert report." *Nanology Alpha LLC v. Witec Wissenschaftliche Instrumente Und Technologie Gmbh*, No. 6:16-CV-00445-RWS, 2018 U.S. Dist. LEXIS 219259, at *15–16 (E.D. Tex., July 11, 2018). As explained above, Dr. Weissman performed extensive claim analysis in support of his opinion that each prior art system alone renders the asserted claims obvious.

Weissman's obviousness grounds based on each prior art system alone, there was no need for Dr. Weissman to explain how each system could be modified.[4]

## V. CONCLUSION

For the foregoing reasons, Databricks respectfully requests that the Court deny R2's motion.

Dated: May 1, 2025                    Respectfully submitted,

/s/ *Vigen Salmastlian*
Michael J. Sacksteder
CA Bar No. 191605 (Admitted E.D. Texas)
Email: msacksteder@fenwick.com
Gregory Sefian
CA Bar No. 341802 (Admitted *Pro Hac Vice*)
Email: gsefian@fenwick.com
S. Emma Lee
CA Bar No. 344074 (Admitted *Pro Hac Vice*)
Email: emma.lee@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    415.875.2300
Facsimile:     415.281.1350

Vigen Salmastlian
CA Bar No. 276846 (Admitted E.D. Texas)
Email: vsalmastlian@fenwick.com
**FENWICK & WEST LLP**
801 California Street,
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:     650.938.5200

---

[4] The remainder of R2's cited cases are inapposite for the same reason, as they address obviousness in view of a reference that *needed* modification to disclose the claims. *Honeywell*, 124 F.4th at 1352 (relying, in part, on petitioner's motivation to modify the prior art because there was "a difference in the basis sequence tables" in the prior art and the patent claims); *Arendi S.A.R.L. v. Apple Inc.*, 832 F.3d 1355, 1361 (Fed. Cir. 2016) (explaining "'common sense' can be invoked…to supply a limitation *missing* from the prior art"); *Zoltek Corp. v. United States*, 95 Fed. Cl. 681, 696 (2010) (one possible way "obviousness can be demonstrated" is "where *modifications* to a single prior art reference would have been obvious").

10

Jessica M. Kaempf
WA Bar No. 51666 (Admitted E.D. Texas)
Email: jkaempf@fenwick.com
Jonathan G. Tamimi
WA Bar No. 54858 (Admitted E.D. Texas)
Email: jtamimi@fenwick.com
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone:   206.389.4510
Facsimile:    206.389.4511

Dargaye Churnet
CA Bar No. 303659 (Admitted E.D. Texas)
Email: dchurnet@fenwick.com
**FENWICK & WEST LLP**
730 Arizona Ave, 1st Floor
Santa Monica, CA 90401
Telephone:    310.434.5400

Jennifer Truelove
Texas Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH P.C.**
104 E. Houston Street, Suite 300
Marshall, TX 75670
Telephone: 903.923.9000
Facsimile: 903.923.9099

Derron R. Dacus
Texas Bar No. 00790553
Email: ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 32, Suite 430
Tyler, Texas 75701
Telephone: 903.705.1117

*Attorneys for Defendant*
*Databricks, Inc.*

**CERTIFICATE OF AUTHORIZATION TO SEAL**

Pursuant to Local Rule CV-5(a)(7)(B) that I am authorized to file the foregoing document under seal pursuant to Protective Order (Dkt. 61) because this document references Designated Material.

*/s/ Vigen Salmastlian*
Vigen Salmastlian

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 1, 2025, a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Additionally, I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of these documents via electronic mail per Local Rule CV-5.

*/s/ Vigen Salmastlian*
Vigen Salmastlian