# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| R2 Solutions LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Databricks, Inc.,<br><br>　　　　Defendant. | Civil Action No. 4:23-cv-01147-ALM<br><br>Jury Trial Demanded |

**PLAINTIFF R2 SOLUTIONS LLC'S REPLY IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT ON DATABRICKS'
<u>SINGLE-REFERENCE OBVIOUSNESS DEFENSES</u>**

## **TABLE OF CONTENTS**

I. EVIDENCE THAT A REFERENCE "DISCLOSES" EACH LIMITATION CANNOT ITSELF SUSTAIN A SINGLE-REFERENCE OBVIOUSNESS DEFENSE. ................... 1

II. DATABRICKS' EVIDENCE IS INSUFFICIENT TO SUPPORT ITS SINGLE-REFERENCE OBVIOUSNESS POSITIONS AS A MATTER OF LAW. ....................... 4

III. CONCLUSION ................................................................................................................ 5

## TABLE OF AUTHORITIES

**Cases**

*Almirall, LLC v. Amneal Pharms. LLC*
  28 F.4th 265 (Fed. Cir. 2022) ................................................................................................ 4

*Apple Inc. v. MPH Techs. Oy*,
  No. 2021-1387, 2022 U.S. App. LEXIS 2107 (Fed. Cir. Jan. 25, 2022) ................................ 2

*Arendi S.A.R.L. v. Apple Inc.*,
  832 F.3d 1355 (Fed. Cir. 2016) ........................................................................................ 2, 3

*B.F. Goodrich Co. v. Aircraft Braking Sys. Corp.*,
  72 F.3d 1577 (Fed. Cir. 1996) .......................................................................................... 2, 3

*Cohesive Techs., Inc. v. Waters Corp.*,
  543 F.3d 1351 (Fed. Cir. 2008) ............................................................................................ 1

*Game & Tech. Co. v. Activision Blizzard Inc.*,
  926 F.3d 1370 (Fed. Cir. 2019) ........................................................................................ 2, 3

*In re McDaniel*,
  293 F.3d 1379 (Fed. Cir. 2002) ............................................................................................ 3

*In re Stepan Co.*,
  868 F.3d 1342 (Fed. Cir. 2017) ............................................................................................ 2

*Kroy IP Holdings, LLC v. Safeway, Inc.*,
  107 F. Supp. 3d 656 (E.D. Tex. 2015) ................................................................................. 2

*N. Star Innovations, Inc. v. Hirshfeld*,
  No. 2020-1874, 2021 U.S. App. LEXIS 32871 (Fed. Cir. Nov. 4, 2021) ............................. 3

*Perfect Web Techs., Inc. v. InfoUSA, Inc.*,
  587 F.3d 1324 (Fed. Cir. 2009) ............................................................................................ 4

*Realtime Data, LLC v. Iancu*
  912 F.3d 1368 (Fed. Cir. 2019) ............................................................................................ 3

*Seven Networks, LLC v. Apple Inc.*,
  No. 2:19-CV-00115-JRG, 2020 U.S. Dist. LEXIS 266612 (E.D. Tex. July 17, 2020) ......... 3

*SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*,
  225 F.3d 1349 (Fed. Cir. 2000) ..................................................................................... 2, 3, 4

*Therasense, Inc. v. Becton, Dickinson & Co.*
   593 F.3d 1325 (Fed. Cir. 2010) ................................................................................................ 4

*Wasica Fin. GmbH v. Cont'l Auto. Sys.,*
   853 F.3d 1272 (Fed. Cir. 2017) ................................................................................................ 3

**Rules, Statutes, and Authorities**

35 U.S.C. § 102 ............................................................................................................................. 1

35 U.S.C. § 103 ............................................................................................................................. 1

Databricks' Opposition fails to avoid summary judgment for two reasons. First, Dr. Weissman's opinions that each of Hadoop, Nutch, and Oracle 10g explicitly disclose each limitation is evidence of *anticipation*, not single-reference obviousness. Databricks conflates these two distinct legal standards in arguing otherwise. Second, Databricks fails to offer sufficient evidence to sustain any single-reference obviousness theory. The Court should therefore grant R2's Motion.

I. **EVIDENCE THAT A REFERENCE "DISCLOSES" EACH LIMITATION CANNOT ITSELF SUSTAIN A SINGLE-REFERENCE OBVIOUSNESS DEFENSE.**

Databricks argues that Dr. Weissman's anticipation positions for Hadoop, Nutch, and Oracle 10g also serve as single-reference obviousness positions because "anticipation is the epitome of obviousness." Opp. at 3 (internal citations omitted). But the Federal Circuit has *explicitly rejected* this "legal homily." *Cohesive Techs., Inc. v. Waters Corp.*, 543 F.3d 1351, 1363 (Fed. Cir. 2008) ("Despite the often quoted maxim that anticipation is the 'epitome of obviousness,'… novelty under 35 U.S.C. § 102 and nonobviousness under 35 U.S.C. § 103 are separate conditions of patentability and therefore separate defenses available in an infringement action."); 1364 n.2 (expressly rejecting the notion that "'every anticipated claim is obvious'" and recognizing that "our precedent has rejected reliance on the 'legal homily' that 'anticipation is the epitome of obviousness.'"). "The tests for anticipation and obviousness are different," and this remains true regardless of whether an obviousness position is based on one reference or multiple references. *Id*. at 1364.

"'Anticipation' means that the claimed invention was previously known, and that all of the elements and limitations of the claim are described in a *single* prior art reference." *Id*. (emphasis added). "In appropriate circumstances, a single prior art reference can render a claim obvious …. However, **there must be a showing of a suggestion or motivation to modify the teachings of that**

1

*reference to the claimed invention*." *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1356 (Fed. Cir. 2000) (internal citations omitted) (emphasis added); *see also Arendi S.A.R.L. v. Apple Inc.*, 832 F.3d 1355, 1361 (Fed. Cir. 2016) (same); *Game & Tech. Co. v. Activision Blizzard Inc.*, 926 F.3d 1370, 1381 (Fed. Cir. 2019) (same); *B.F. Goodrich Co. v. Aircraft Braking Sys. Corp.*, 72 F.3d 1577, 1582 (Fed. Cir. 1996) (same). The "suggestion or motivation" to modify "may be derived from the prior art reference itself, … from the knowledge of one of ordinary skill in the art, or from the nature of the problem to be solved." *SIBIA*, 225 F.3d at 1356 (internal citations omitted). In the context of the *Graham* factors, "[d]etermining whether there is a suggestion or motivation to modify a prior art reference is one aspect of determining the scope and content of the prior art, a fact question subsidiary to the ultimate conclusion of obviousness." *Id.* (internal citations omitted).

Put simply, there is a clear distinction between an anticipation position and a single-reference obviousness position: the former requires a showing that all limitations are *disclosed* in a single reference, while the latter requires a showing that it would be *obvious to modify* a single reference to arrive at the limitations. Courts routinely recognize that these are different theories. *See, e.g., Apple Inc. v. MPH Techs. Oy*, No. 2021-1387, 2022 U.S. App. LEXIS 2107, at *13 (Fed. Cir. Jan. 25, 2022) (holding that "Apple did not present a single reference obviousness ground to the Board" because it had instead argued that the reference "explicitly disclosed" the subject limitations); *In re Stepan Co.*, 868 F.3d 1342, 1346 n.1 (Fed. Cir. 2017) (affirming that traditional obviousness principles such as "reasonable expectation of success" are implicated in single-reference obviousness analyses, even when all claimed "elements" are disclosed in a "single reference"); *Kroy IP Holdings, LLC v. Safeway, Inc.*, 107 F. Supp. 3d 656, 672 (E.D. Tex. 2015) (performing an obviousness analysis for "those limitations [that were] deemed not to be explicitly

2

disclosed" by the reference); *Seven Networks, LLC v. Apple Inc.*, No. 2:19-CV-00115-JRG, 2020 U.S. Dist. LEXIS 266612, at *12 (E.D. Tex. July 17, 2020) (ordering Apple to "specify whether it is asserting anticipation or single-reference obviousness challenges for any reference that contains a single piece of prior art"); *see also SIBIA Neurosciences*, 225 F.3d at 1356; *Arendi S.A.R.L.*, 832 F.3d at 1361; *Game & Tech. Co.*, 926 F.3d at 1381; *B.F. Goodrich Co*, 72 F.3d at 1582.

Databricks relies on a handful of cases that supposedly support its conflation of the anticipation and single-reference obviousness standards. All are inapposite. In *Realtime Data, LLC v. Iancu*, a petitioner in an IPR argued that the patent claims were obvious over a single prior art reference, O'Brien. 912 F.3d 1368, 1371-73 (Fed. Cir. 2019). The petitioner argued in the alternative that the claims were obvious over the combination of O'Brien and another prior art reference, Nelson. *Id.* The Board found the claims obvious over O'Brien alone. *Id.* at 1372. On appeal, the patent owner argued that the Board erred because it did not analyze whether a person of ordinary skill in the art would have combined O'Brien and Nelson. *Id.* The court rejected this argument because the Board did not rely on Nelson. *Id.* at 1373. Importantly, while the court referenced the (rejected) maxim that "anticipation is the epitome of obviousness," the court was *not* presented with the question of whether the Board performed a proper single-reference obviousness analysis. *Id.* Indeed, the court did not even discuss the law related to single-reference obviousness.

Databricks' other cases suffer similar shortcomings. In both *Wasica* and *North Star Innovations*, the court simply recognized that the Board relied on the maxim that "anticipation is the epitome of obviousness." *See Wasica Fin. GmbH v. Cont'l Auto. Sys.*, 853 F.3d 1272, 1278 n.3 (Fed. Cir. 2017) (quoting *Connell*, 722 F.2d at 1548); *N. Star Innovations, Inc. v. Hirshfeld*, No. 2020-1874, 2021 U.S. App. LEXIS 32871, at *7 (Fed. Cir. Nov. 4, 2021) (quoting *In re McDaniel*,

3

293 F.3d 1379, 1385 (Fed. Cir. 2002). Neither case addressed the standard for showing single-reference obviousness. *Almirall, LLC v. Amneal Pharms. LLC* addressed multi-reference obviousness, not a single-reference obviousness. 28 F.4th 265, 269 (Fed. Cir. 2022). And *Therasense, Inc. v. Becton, Dickinson & Co.* addressed whether a claim chart properly identified an invalidity theory prior to trial, not whether there was sufficient evidence to support a single-reference obviousness theory at the summary judgment stage. 593 F.3d 1325, 1333 (Fed. Cir. 2010).

In summary, the law is that anticipation and single-reference obviousness are different. Anticipation requires a showing that one reference discloses all limitations; single-reference obviousness requires a showing it would be obvious to modify a single reference to arrive at the limitations.

## II. DATABRICKS' EVIDENCE IS INSUFFICIENT TO SUPPORT ITS SINGLE-REFERENCE OBVIOUSNESS POSITIONS AS A MATTER OF LAW.

With the proper legal context provided above, it is clear that Databricks' entire position is incompatible with the analytical framework for determining obviousness. Unsurprisingly, then, Databricks has not provided any evidence on the "underlying factual inquiries" of obviousness. *Perfect Web Techs., Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1327 (Fed. Cir. 2009). The entire purpose of these underlying factual inquiries is to determine whether it would have been obvious to *modify* a single reference to arrive at the claims. *See, e.g.*, *SIBIA Neurosciences*, 225 F.3d at 1356. One such inquiry is ascertaining "the differences between the prior art and the claims at issue." *Perfect Web*, 587 F.3d at 1327. Databricks' position moots this inquiry, and it has thus provided no evidence delineating differences between the subject systems and the asserted claims. Another inquiry requires "[d]etermining whether there is a suggestion or motivation to modify a prior art reference," which "is one aspect of determining the scope and content of the prior art." *SIBIA*

4

*Neurosciences*, 225 F.3d at 1356. Databricks' position similarly moots this inquiry, and it thus provides no evidence of any suggestion or motivation to modify Hadoop, Nutch, or Oracle 10g. Indeed, Databricks' whole point is that each of Hadoop, Nutch, and Oracle 10g disclose the claims *without modification*. Put simply, Databricks' evidence is confined to *anticipation*, and it has not put forth any evidence that could support its single-reference obviousness defenses.[1]

## III. CONCLUSION

Databricks spilled much ink in expert reporting arguing that Hadoop, Nutch, and Oracle 10g each anticipate the asserted claims. On the other hand, Databricks spilled no ink on the single-reference obviousness defenses—they're just a fallback. Databricks wants single-reference obviousness to go to the jury for one simple reason: to leave some wiggle room for the jury to find in its favor when it fails to show that any reference discloses every limitation. But this is inappropriate because Databricks neglected to substantiate these defenses. For the above reasons and those stated in R2's Motion, the Court should grant summary judgment in R2's favor on Databricks' single-reference obviousness theories.

Dated: May 15, 2025                                    Respectfully Submitted,

---

[1] Databricks' reliance on the non-precedential *Unification Techs. LLC v. Micron Tech. Inc.* case is misplaced. While the court there relied on *Realtime*, it failed to recognize that *Realtime* was not about single-reference obviousness and failed to account for *Cohesive Techs.*, *SIBIA*, or other relevant cases as discussed above. *See* Nos. 2023-1348, 2023-1351, 2023-1352, 2024 U.S. App. LEXIS 20014, at *13-16 (Fed. Cir. Aug. 9, 2024).

By: */s/ Carder W. Brooks*
Edward R. Nelson III
State Bar No. 00797142
Christopher G. Granaghan
State Bar No. 24078585
John P. Murphy
State Bar No. 24056024
Carder W. Brooks
State Bar No. 24105536
Nelson Bumgardner Conroy PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
817.377.9111
ed@nelbum.com
chris@nelbum.com
murphy@nelbum.com
carder@nelbum.com

COUNSEL FOR
PLAINTIFF R2 SOLUTIONS LLC

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2025, a true and correct copy of the foregoing document was served via electronic mail upon all counsel of record.

*/s/ Carder W. Brooks*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that under local rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

*/s/ Carder W. Brooks*