**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| R2 SOLUTIONS LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DATABRICKS, INC.,<br><br>　　　　Defendant. | Civil Action No. 4:23-cv-01147-ALM<br><br>**JURY TRIAL DEMANDED** |

**DATABRICKS, INC.'S REPLY IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT IN SUPPORT OF**
**DAMAGES *DAUBERT* MOTION AND INVALIDITY**

**TABLE OF CONTENTS**

**Page**

I. THE COURT SHOULD GRANT PARTIAL SUMMARY JUDGMENT THAT HADOOP PRACTICES THE ASSERTED CLAIMS IN SUPPORT OF DATABRICKS' *DAUBERT* MOTION. ................................................................1

II. THE COURT SHOULD GRANT SUMMARY JUDGMENT OF INVALIDITY BASED ON R2'S ADMISSIONS THAT HADOOP IS PRIOR ART AND THAT IT MEETS THE ASSERTED CLAIMS. .............................................3

III. CONCLUSION ........................................................................................................5

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*BroadSoft, Inc. v. CallWave Commc'ns, LLC*,
   282 F. Supp. 3d 771 (D. Del. 2017) ..................................................................................3

*Leader Techs., Inc. v. Facebook, Inc.*,
   770 F. Supp. 2d 686 (D. Del. 2011) *aff'd*, 678 F.3d 1300 (Fed. Cir. 2012) ...................3, 4

*Metaswitch Networks, Ltd. v. Genband US LLC*,
   No. 2:14-cv-744-JRG-RSP, 2016 U.S. Dist. LEXIS 25420 (E.D. Tex. Mar. 1, 2016) .............2

*NobelBiz, Inc. v. Glob. Connect, L.L.C.*,
   No. 6:12-cv-244, 2015 U.S. Dist. LEXIS 179377 (E.D. Tex. July 16, 2015) ..........................2

*Oyster Optics v. Alcatel-Lucent USA, Inc.*,
   816 F. App'x 438 (Fed. Cir. 2020) ...................................................................................1, 2

*Vanmoor v. Wal-Mart Stores, Inc.*,
   201 F.3d 1363 (Fed. Cir. 2000) ..................................................................................1, 2, 3, 4

**STATUTES AND RULES**

Fed. R. Civ. P. 11 .............................................................................................................................4

Fed. R. Civ. P. 11(b) ........................................................................................................................4

## TABLE OF EXHIBITS[1]

| No. | Exhibit |
|-----|---------|
| 1 | U.S. Patent No. 8,190,610 (the "'610 patent") |
| 2 | Excerpts of the Expert Report of William Davis Concerning Infringement of U.S. Patent No. 8,190,610 ("Davis Op.") |
| 3 | Excerpts of the Rebuttal Expert Report of William Davis Concerning the Validity of U.S. Patent No. 8,190,610 ("Davis Reb.") |
| 4 | Excerpts of *R2 Solutions LLC v. JP Morgan Chase & Co.*, No. 21-cv-00174 (E.D. Tex.), Dkt. 1 ("JPM Complaint") |
| 5 | Infringement contentions served by R2 in *R2 Solutions LLC v. JP Morgan Chase & Co.*, No. 21-cv-00174 (E.D. Tex.) (R2_DB_065074 - R2_DB_065093) ("JPM Contentions") |
| 6 | Excerpts of Transcript of the March 27, 2025 Deposition of Bill Davis ("Davis Dep. (Day 2)") |
| 7 | Claim Chart Analysis provided by ███████████ ███████████████████████ (R2_DB_126465 - R2_DB_126484) ("███████") |
| 8 | Claim Chart Analysis provided by ███████████ (R2_DB_126529 - R2_DB_126545) ("███████") |
| 9 | Claim Chart Analysis provided by ███████████ ███. (R2_DB_126485 - R2_DB_126501) ("███████") |
| 10 | Excerpts of Expert Report of Jim W. Bergman ("Bergman Rep.") |

---

[1] Exhibits 13-17 are attached to the Reply Declaration of Vigen Salmastlian; all other exhibits are attached to the Opening Declaration of Vigen Salmastlian, Dkt. 116-2. Exhibits 7-9 are collectively referred to as the "Acacia Charts."

iii

| 11 | Excerpts of Opening Expert Report of Dr. Jon Weissman. ("Weissman Op.") |
|---|---|
| 12 | Excerpts of Transcript of the March 25, 2025 Deposition of Bill Davis ("Davis Dep. (Day 1)") |
| 13 | Representative Claim Chart attached as Exhibit 3 to *R2 Solutions LLC v. JP Morgan Chase & Co.*, No. 21-cv-00174 (E.D. Tex.), Dkt. 1 ("JPM Claim Chart") |
| 14 | Excerpts of Transcript of the February 6, 2025 Deposition of Craig Yudell ("Yudell Dep.") |
| 15 | Additional Excerpts of Opening Expert Report of Dr. Jon Weissman. ("Weissman Op.") |
| 16 | Infringement contentions served by R2 in *R2 Solutions LLC v. Cloudera, Inc*, No. 23-cv-01205 (W.D. Tex.) (R2_DB_105100 - R2_DB_105283) ("Cloudera Contentions") |
| 17 | Additional Excerpts of Transcript of the March 25, 2025 Deposition of Bill Davis ("Davis Dep. (Day 1)") |

The Court should grant partial summary judgment based on R2's prior assertion that Hadoop practices every limitation of the asserted claims. The Court should also grant summary judgment of invalidity because there is no dispute that Hadoop version 0.1.0 is prior art and includes all the same functionality that R2 previously accused of infringing.

I.  **The Court should grant partial summary judgment that Hadoop practices the asserted claims in support of Databricks'** *Daubert* **motion.**

R2 admits that its Complaint against JP Morgan alleged that JP Morgan's "big data analytics system *built on the Apache Hadoop framework*" infringes claims 1, 5, 17, and 21 asserted in this case. (Opp. at 5-6.) And it is undisputed that the JP Morgan Complaint focused *exclusively* on Hadoop functionality. (Ex. 4, JPM Complaint, ¶¶ 40-41; Ex. 6, Davis Dep. (Day 2), 65:1-20; *id.* at 66:9-10, 70:24-71:3.) In fact, the Complaint attached "a *representative* claim chart detailing how JP Morgan infringes," which mapped *only* Hadoop documents to the asserted claim. (Ex. 4, JPM Complaint, ¶ 41 (emphasis added); Ex. 13, JPM Claim Chart.) R2's Complaint and representative infringement chart alone require finding that Hadoop meets the asserted claims. *Vanmoor v. Wal-Mart Stores, Inc.*, 201 F.3d 1363, 1366 (Fed. Cir. 2000) (defendants' burden to prove invalidity was "satisfied by Vanmoor's [Complaint] alleg[ing] that the accused cartridges infringe the '331 patent"). Moreover, R2's infringement contentions in *JP Morgan* provide an independent basis for this Court to find that Hadoop meets asserted claims 1 and 17. Indeed, Mr. Davis conceded in deposition that these infringement contentions mapped only Hadoop functionality to claims 1 and 17.[2] (Ex. 5, JPM Contentions; Ex. 6, Davis Dep. (Day 2), 65:1-20; *id.* at 66:9-10, 70:24-71:3); *Oyster Optics v. Alcatel-Lucent USA, Inc.*, 816 F. App'x 438, 446 (Fed. Cir. 2020) (applying *Vanmoor* to hold "infringement contentions…in the *prior* Fujitsu litigation"

---

[2] R2 cannot now rewrite the facts by arguing it *intended* to "accus[e] something more than Hadoop" and was waiting for "internal source code or documents." (Opp. at 5.) R2 exclusively mapped Hadoop to the asserted claims and must now live with the consequence of those admissions.

1

established the "Fujitsu modulators and receivers" met the asserted claims). R2 does not even address *Oyster*, which is fatal to its opposition.

R2's argument that *Vanmoor* does not apply because there is no "identity" between Hadoop and any accused product is wrong. There is no dispute that R2's infringement allegations in *JP Morgan* relied exclusively on Hadoop to show that the accused Big Data Analytics System allegedly infringed the asserted claims. (Ex. 6, Davis Dep. (Day 2), 65:1-20, 66:9-10, 70:24-71:3.) And after reviewing R2's infringement contentions, Mr. Davis testified he had "no idea" what the Big Data Analytics System even referred to beyond Hadoop. (*Id.* at 66:9-12.) Thus, R2 itself established the required "identity" by mapping Hadoop to the requirements of the asserted claims.

R2 also misinterprets *Vanmoor* as being limited to accused products and prior art in the same case. *Vanmoor's* ruling relied on the plaintiff's admissions that the prior art disclosed the claims. *Vanmoor*, 201 F.3d at 1366. And the Federal Circuit's *Oyster Optics* case extended *Vanmoor* to infringement contentions in a *prior* case as "establishing that the [product at issue] substantially embod[ied] the patented invention by embodying its essential features." *Oyster Optics,* 816 F. App'x at 446, 446 n.6. The Federal Circuit made clear that arguments that "statements [were] made in connection with…a different case are unavailing." *Id*. at 446 n.6. Thus, R2's argument here are similarly unavailing.[3]

R2 attempts to create a fact dispute by pointing to non-Hadoop functionality in the . But R2 ignores that (Exs. 8-9; Ex. 14, Yudell Dep., 129:4-155:25,

---

[3] R2's *NobelBiz* and *Metaswitch* cases do not apply. *NobelBiz* did not consider the *Vanmoor* exception. *NobelBiz, Inc. v. Glob. Connect, L.L.C.*, No. 6:12-cv-244 (Lead), 2015 U.S. Dist. LEXIS 179377 (E.D. Tex. July 16, 2015). In *Metaswitch*, the Court struck defendant's *Vanmoor* invalidity defense because it was not properly raised in invalidity contentions or opening expert reports—and neither issue applies here. *Metaswitch Networks, Ltd. v. Genband US LLC*, No. 2:14-cv-744-JRG-RSP, 2016 U.S. Dist. LEXIS 25420, at *26-27 (E.D. Tex. Mar. 1, 2016).

167:22-174:1.) There is also no dispute that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ on the same Hadoop functionality that R2 accused in *JP Morgan*. (Op. Br. 7-10; Ex. 6, Davis Dep. (Day 2), 65:1-71:3.) R2's argument that Acacia's Hadoop infringement charts are "marketing materials" also fails. The only purpose of these charts was to map Hadoop to every claim requirement. And as R2 admits, these charts were used to "demonstrate why the '610 patent may have been of interest to the potential licensees" and "encourage licensing negotiations." (Opp. at 1-2; *see also* Ex. 14, Yudell Dep., 86:17-89:3, 125:21-126:7, 129:4-130:19.) Indeed, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (Exs. 7-9, Acacia Charts.) Thus, the ▇▇▇▇▇▇▇ also support Databricks' motion.

## II. The Court should grant summary judgment of invalidity based on R2's admissions that Hadoop is prior art and that it meets the asserted claims.

It is undisputed that Hadoop 0.1.0 is prior art. (Ex. 6, Davis Dep. (Day 2), 19:24-20:4, 25:1-5.) And it is undisputed that Hadoop 0.1.0 includes the same Hadoop features that R2 relied on for infringement in the *JP Morgan* case and that Acacia relied on for licensing negotiations. (Op. Br. at 7-10.) In fact, R2 does not even address its own expert's unequivocal testimony that Hadoop 0.1.0 includes the same features that R2 previously mapped to the asserted claims. (*Id.*) Because there is no dispute that Hadoop 0.1.0 includes the same functionality that R2 (▇▇▇▇▇▇▇▇▇▇▇▇▇▇) admitted "practices the claimed invention," that "is sufficient to satisfy [Databricks'] burden that the product anticipates the claim." *Leader Techs., Inc. v. Facebook, Inc.*, 770 F. Supp. 2d 686, 716 (D. Del. 2011) *aff'd*, 678 F.3d 1300 (Fed. Cir. 2012); *see also BroadSoft, Inc. v. CallWave Commc'ns, LLC*, 282 F. Supp. 3d 771, 791-92 (D. Del. 2017) (granting summary judgment of invalidity under *Vanmoor* where Plaintiff accused an "updated version" of a product that was materially identical to a prior art version).[4] The asserted claims are therefore invalid in

---

[4] R2's attempt to distinguish *Leader* fails. R2's infringement claims in the *JP Morgan* case are

3

view of prior art Hadoop 0.1.0 as a matter of law.[5]

R2's argument that Databricks did not explain how Hadoop meets every claim element fails. Where, as here, invalidity is based on R2's own admissions, Databricks does not need to provide a limitation-by-limitation invalidity analysis.[6] *Vanmoor*, 201 F.3d 1363 at 1366; *Leader Techs.*, 770 F. Supp. 2d 686 at 716. Indeed, Databricks' motion relies on infringement charts R2 itself created and served, which unequivocally show the reasons why R2 believed *all requirements* of the asserted claims are met by Hadoop, including "data groups," "different lists of values," "corresponding different intermediate data," and "processing the intermediate data for each data group in a manner that is defined to correspond to that data group."[7] (Op. Br. at 3-6; Opp. at 6.) R2 cannot create a fact dispute by identifying claim elements R2 now believes it failed to address in its *JP Morgan* infringement charts. (Opp. at 8.) Under Rule 11, R2 was required to serve "nonfrivolous" infringement charts. Fed. R. Civ. P. 11(b). To save its claims, R2 now argues its *JP Morgan* infringement charts "fall[] short of what the claims require," and thus, lack Rule 11 basis. (Opp. at 8.) The Court should disregard R2's baseless attorney argument.

R2's reliance on Mr. Davis's validity opinions also fails. Expert opinions in this case do not negate R2's prior admissions that Hadoop meets the requirements of the asserted claims, and R2 cites no cases suggesting otherwise. Regardless, as explained in Databricks' opening brief,

---

unequivocal "admissions that Hadoop practices the asserted claims" (Opp. at 9), and thus, there is no dispute of fact for the jury to resolve. *Vanmoor*, 201 F.3d 1363 at 1366.

[5] R2's argument that it cited Hadoop documents dated after the '610 patent fails. It is undisputed that R2 relied on only Hadoop documents, and the same features were in prior art Hadoop.

[6] While Databricks' expert analyzed how Hadoop discloses every asserted claim (Ex. 15, Weissman Op., ¶¶ 280-515), R2's prior admissions satisfy Databricks' burden on invalidity.

[7] R2's infringement contentions also confirm that Hadoop practices the asserted claims under the Court's constructions. R2's infringement contentions in its co-pending *Cloudera* case continued accusing the same Hadoop functionality as in *JP Morgan* of infringing the '610 patent even after the Court issued its claim construction order in this case. (Ex. 16, Cloudera Contentions.)

Mr. Davis admitted prior art Hadoop meets the requirements of the asserted claims.[8]  (Op. Br. at 7-10; Ex. 6, Davis Dep. (Day 2), 26:7-31:2; *see also* Ex. 12, Davis Dep. (Day 1), 242:23-249:13.)

### III.   CONCLUSION

For the foregoing reasons, Databricks respectfully requests that the Court grant this motion.

---

[8] Mr. Davis conceded that "Hadoop, before October 2006, could join the all employee and all department tables of Figure 3 of the '610 patent"—i.e., Hadoop could join data groups with different schema, which is the purported improvement of the '610 patent.  (Ex. 12, Davis Dep. (Day 1), 249:9-13; Ex. 1, '610 patent, 3:19-20.)  And while R2 relies on Mr. Davis's rebuttal report to argue that Hadoop outputs "only a single list of values" and uses "one stream of data," Mr. Davis admitted these are not requirements of the claims.  (Op. Br. at 10.)  Specifically, Mr. Davis conceded that the construction of "reduce" is met by a "single list of values."  (Ex. 17, Davis Dep. (Day 1), 192:13-193:10.)  And Mr. Davis admitted that the asserted claims do not "require any specific number of streams of processing."  (Ex. 12, Davis Dep. (Day 1), 199:4-14.)  R2 also relies on performance, scalability, and reliability benefits of the '610 patent, but again, Mr. Davis admitted none of these are requirements of the asserted claims.  (Opp. at 7-10; Ex. 17, Davis Dep. (Day 1), 219:12-229:7, 235:23-236:2, 236:21-24, 237:13-16, 238:2-7, 238:9-13, 239:17-23.)

Dated: May 15, 2025                                    Respectfully submitted,

*/s/ Vigen Salmastlian*
Michael J. Sacksteder
CA Bar No. 191605 (Admitted E.D. Texas)
Email: msacksteder@fenwick.com
Gregory Sefian
CA Bar No. 341802 (Admitted *Pro Hac Vice*)
Email: gsefian@fenwick.com
S. Emma Lee
CA Bar No. 344074 (Admitted *Pro Hac Vice*)
Email: emma.lee@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

Vigen Salmastlian
CA Bar No. 276846 (Admitted E.D. Texas)
Email: vsalmastlian@fenwick.com
**FENWICK & WEST LLP**
801 California Street,
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

Dargaye Churnet
CA Bar No. 303659 (Admitted E.D. Texas)
Email: dchurnet@fenwick.com
**FENWICK & WEST LLP**
730 Arizona Ave, 1st Floor
Santa Monica, CA 90401
Telephone:    310.434.5400

Jessica M. Kaempf
WA Bar No. 51666 (Admitted E.D. Texas)
Email: jkaempf@fenwick.com
Jonathan G. Tamimi
WA Bar No. 54858 (Admitted E.D. Texas)
Email: jtamimi@fenwick.com
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone:     206.389.4510
Facsimile:     206.389.4511

Jennifer Truelove
Texas Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH P.C.**
104 E. Houston Street, Suite 300
Marshall, TX 75670
Telephone: 903.923.9000
Facsimile: 903.923.9099

Derron R. Dacus
Texas Bar No. 00790553
Email: ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 32, Suite 430
Tyler, Texas 75701
Telephone: 903.705.1117

*Attorneys for Defendant Databricks, Inc.*

**CERTIFICATE OF AUTHORIZATION TO SEAL**

Pursuant to Local Rule CV-5(a)(7)(B) that I am authorized to file the foregoing document under seal pursuant to Protective Order (Dkt. 61) because this document references Designated Material.

*/s/ Vigen Salmastlian*
Vigen Salmastlian

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 15, 2025, a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system. Additionally, I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of these documents via electronic mail per Local Rule CV-5.

*/s/ Vigen Salmastlian*
Vigen Salmastlian