NUNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| R2 SOLUTIONS LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DATABRICKS, INC.,<br><br>　　　　　　Defendant. | Civil Action No. 4:23-cv-01147-ALM<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT DATABRICKS, INC.'S SUR-REPLY IN OPPOSITION TO
PLAINTIFF R2 SOLUTIONS LLC'S MOTION FOR PARTIAL SUMMARY
JUDGMENT ON DATABRICKS' SINGLE-REFERENCE OBVIOUSNESS DEFENSES**

## TABLE OF CONTENTS

                                                                                                                                                            **Page**

I.      The Court Should Deny R2's Motion for Summary Judgment Because Dr. Weissman Opined that Each Prior Art System Alone "Discloses" Every Claim Requirement, Which Applies Equally to Anticipation and Obviousness of the Asserted Claims ................................................................................................... 1

II.     The Court Should Deny R2's Motion for Summary Judgment for the Additional Reason that Dr. Weissman Provided Extensive Factual Opinions that Support a Finding of Obviousness ................................................................................ 4

III.    Conclusion ................................................................................................................ 5

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Almirall, LLC v. Amneal Pharms. LLC*,
  28 F.4th 265 (Fed. Cir. 2022) ...................................................................................................1

*Apple Computer, Inc. v. Articulate Sys., Inc.*,
  234 F.3d 14 (Fed. Cir. 2000) .....................................................................................................5

*Apple Inc. v. MPH Techs. Oy*,
  2022 U.S. App. LEXIS 2107 (Fed. Cir. Jan. 25, 2022) .............................................................2

*Arendi S.A.R.L. v. Apple Inc.*,
  832 F.3d 1355 (Fed. Cir. 2016) .................................................................................................2

*B.F. Goodrich Co. v. Aircraft Braking Sys. Corp.*,
  72 F.3d 1577 (Fed. Cir. 1996) ...................................................................................................2

*Cohesive Techs., Inc. v. Waters Corp.*,
  543 F.3d 1351 (Fed. Cir. 2008) .............................................................................................1, 2

*Evicam Int'l, Inc. v. Enf't Video, LLC*,
  2017 U.S. Dist. LEXIS 85324 (E.D. Tex. June 5, 2017) ...........................................................5

*Game & Tech. Co. v. Activision Blizzard Inc.*,
  926 F.3d 1370 (Fed. Cir. 2019) .................................................................................................2

*In re Peterson*,
  315 F.3d 1325 (Fed. Cir. 2003) .................................................................................................1

*In re Stepan Co.*,
  868 F.3d 1342 (Fed. Cir. 2017) .................................................................................................2

*Kroy IP Holdings, LLC v. Safeway, Inc.*,
  107 F. Supp. 3d 656 (E.D. Tex. 2015) ......................................................................................2

*N. Star Innovations, Inc. v. Hirshfeld*,
  2021 U.S. App. LEXIS 32871 (Fed. Cir. 2021) ....................................................................3, 4

*Realtime Data, LLC v. Iancu*,
  912 F.3d 1368 (Fed. Cir. 2019) .......................................................................................1, 2, 3, 4

*Seven Networks, LLC v. Apple Inc.*,
  2020 U.S. Dist. LEXIS 266612 (E.D. Tex. July 17, 2020) .......................................................2

# TABLE OF CONTENTS
## (Continued)

Page(s)

*SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*,
  225 F.3d 1349 (Fed. Cir. 2000)..................................................................................2, 3, 5

*Therasense, Inc. v. Becton, Dickinson & Co.*,
  593 F.3d 1325 (Fed. Cir. 2010).......................................................................................1, 3

*Unification Techs. LLC v. Micron Tech. Inc*,
  2024 U.S. App. LEXIS 20014 (Fed. Cir. Aug. 9, 2024)..........................................................3

*Wasica Fin. GmbH v. Cont'l Auto. Sys.*,
  853 F.3d 1272 (Fed. Cir. 2017)......................................................................................3, 4

**STATUTES AND RULES**

35 U.S.C. § 102................................................................................................................1, 3, 4

35 U.S.C. § 103................................................................................................................1, 3, 4

## TABLE OF EXHIBITS[1]

| No. | Exhibit |
|---|---|
| 1 | Excerpts of Opening Expert Report of Dr. Jon Weissman ("Weissman Op.") |
| 2 | Excerpts of Transcript of the March 21, 2025 Deposition of Dr. Jon Weissman ("Weissman Dep. (Day 1)") |

---

[1] Each of the Exhibits listed in this table, Exhibits 1–2, is attached to the Opposition Declaration of Vigen Salmastlian (Dkt. 142-1); Exhibit 1 is also re-attached to the Sur-Reply Declaration of Vigen Salmastlian.

I.  **The Court Should Deny R2's Motion for Summary Judgment Because Dr. Weissman Opined that Each Prior Art System Alone "Discloses" Every Claim Requirement, Which Applies Equally to Anticipation and Obviousness of the Asserted Claims**

There is no dispute that Databricks' technical expert Dr. Weissman explained in his opening expert report how each of the Hadoop System, Nutch System, and Oracle System "anticipates all asserted claims under 35 U.S.C. § 102" because each prior art system "discloses" "each limitation of each asserted claim." (Reply at 1-2; Op. Br. at 2, 5.) Nor does R2 dispute that, for each prior art system, Dr. Weissman opined on the *separate grounds* of "anticipation" and "obviousness." (Op. Br. at 2; Ex. 1, Weissman Op., ¶ 255.) The Court should therefore deny R2's summary judgment motion because there is no dispute that Dr. Weissman explained how each of the three prior art systems discloses every claim limitation and thus properly opined on both anticipation and obviousness. *Realtime Data, LLC v. Iancu*, 912 F.3d 1368, 1373 (Fed. Cir. 2019) ("it is well settled that a disclosure that anticipates under § 102 also renders the claim invalid under § 103, for anticipation is the epitome of obviousness"); *see also Almirall, LLC v. Amneal Pharms. LLC*, 28 F.4th 265, 272 (Fed. Cir. 2022) (finding claim requirement "*disclosed* in—and therefore obvious in light of—the prior art"); *Therasense, Inc. v. Becton, Dickinson & Co.*, 593 F.3d 1325, 1333 (Fed. Cir. 2010) (holding that obviousness was properly before the jury, in part, because the patent challenger "provided separate claim charts for the two references showing where each claim element is *disclosed*").[2]

R2 misleadingly relies on a string of cases from more than a decade before the Federal Circuit's *Realtime* decision, nonsensically asserting that the Federal Circuit's 2008 case, *Cohesive*

---

[2] R2's argument that *Almirall* addressed obviousness in view of multiple references fails. (Reply at 4.) The court held that, regardless of the number of prior art references, obviousness can be shown by what is "disclosed in the prior art." *Almirall, LLC*, 28 F.4th at 272 (quoting *In re Peterson*, 315 F.3d 1325, 1329 (Fed. Cir. 2003)). Additionally, R2's argument that *Therasense* addressed obviousness at trial instead of summary judgment is irrelevant. Nothing in *Therasense's* obviousness holding limits it to trial, and thus, the holding equally applies here. (Reply at 4.)

*Techs., Inc. v. Waters Corp.*, 543 F.3d 1351 (Fed. Cir. 2008), "rejected" its 2019 holding in *Realtime*, 912 F.3d at 1371. (Reply at 1 (citing *Cohesive*, 543 F.3d at 1363); *id.* at 3.) The temporal anomaly dooms this portion of R2's argument. The *SIBIA, Arendi,* and *B.F. Goodrich* cases also do not apply because each addressed a reference that *needed* modification to disclose the claims.[3] (Reply at 1-2.) Moreover, R2's reliance on *Game & Tech. Co. v. Activision Blizzard Inc.* supports Databricks' argument, not R2's. (*Id.* at 2.) *Game & Tech* affirmed obviousness where, as here, a single reference taught all claim limitations *without* modification. 926 F.3d 1370, 1381-82 (Fed. Cir. 2019).

R2's argument that anticipation and single-reference obviousness are "different theories" fails on the facts. (Reply at 2-3.) There is no dispute that Dr. Weissman identified anticipation and obviousness as different grounds, and thus, different theories. None of R2's cited cases holds or suggests that Dr. Weissman's single-reference obviousness opinions are insufficient.[4]

---

[3] *SIBIA Neurosciences, Inc. v. Cadus Pharm. Corp.*, 225 F.3d 1349, 1356 (Fed. Cir. 2000) (identifying the "*difference* between the experiments described in the [prior art] paper and claim 1"); *Arendi S.A.R.L. v. Apple Inc.*, 832 F.3d 1355, 1361 (Fed. Cir. 2016) (explaining "'common sense' can be invoked…to supply a limitation *missing* from the prior art"); *B.F. Goodrich Co. v. Aircraft Braking Sys. Corp.*, 72 F.3d 1577, 1583 (Fed. Cir. 1996) (the "*difference* is that the claims are limited to an *initial* thick/thin assembly whereas [the prior art reference] discloses the thick/thin arrangement only for replacement of half-worn disks during brake overhaul").

[4] In *Apple Inc. v. MPH Techs. Oy*, the court "decline[d] to consider obviousness theories that are raised *for the first time on appeal*," not because appellant failed to show that it would be obvious to modify a single reference. 2022 U.S. App. LEXIS 2107, at *13 (Fed. Cir. Jan. 25, 2022). *In re Stepan Co.* does not address modification of a single reference at all and instead found that "the PTO need[s] [to] establish a reasonable expectation of success" when "*combining* multiple embodiments from a single reference" for an obviousness rejection. 868 F.3d 1342, 1346 n.1 (Fed. Cir. 2017). *Kroy IP Holdings, LLC v. Safeway, Inc.* simply held that claims may be obvious even if they are not anticipated. 107 F. Supp. 3d 656, 672 (E.D. Tex. 2015). And in *Seven Networks, LLC v. Apple Inc.*, the district court ordered the defendant to specify whether it asserted anticipation or single-reference obviousness for a prior art reference because each counted as a separate reference under the court's focusing order, which is irrelevant here. 2020 U.S. Dist. LEXIS 266612, at *8 (E.D. Tex. July 17, 2020). Databricks' anticipation and obviousness grounds are within the numerical limits set by this Court, and R2 does not contend otherwise.

R2's argument that single-reference obviousness *always* requires "a showing of a…motivation to modify the teachings of that reference" is also wrong. (Reply at 1-2 (citing *SIBIA Neurosciences*, 225 F.3d at 1356).) The Federal Circuit has rejected this argument. In *Unification Techs. LLC v. Micron Tech. Inc.*, the Federal Circuit held that a single reference that "taught every limitation" with "no modification"—as here—rendered the claims obvious. 2024 U.S. App. LEXIS 20014, *13–16 (Fed. Cir. Aug. 9, 2024). The Federal Circuit has also rejected the notion that a patent challenger must first "articulat[e] a motivation to modify" the reference to prove that it renders the claims obvious. *See id.*; *see also Realtime*, 912 F.3d at 1373; *Therasense*, 593 F.3d at 1333.

R2's argument that the Federal Circuit in *Unification Techs.* misapplied its own precedent "and failed to account for" the other cases R2 cited is wrong. (Reply at 5 n.1.) *Realtime* controls and *Unification Techs.* properly applied that precedent. And as discussed above, in all of R2's cited cases, the prior art *required* a modification to disclose the claims. By contrast, where the prior art discloses all claim limitations without modification—as here—the claims are anticipated and obvious for the same reasons. That is why the Federal Circuit unambiguously held in *Realtime* that "a disclosure that anticipates under § 102 also renders the claim invalid under § 103," which is consistent with its ruling in *Unification Techs.*, 2024 U.S. App. LEXIS 20014, at *13–16; *see also Wasica Fin. GmbH v. Cont'l Auto. Sys.*, 853 F.3d 1272, 1278, 1278 & n.3 (Fed. Cir. 2017) (affirming the PTAB's determination that the challenged "claims [were] obvious by virtue of [] anticipation" since "anticipation is the epitome of obviousness"); *N. Star Innovations, Inc. v. Hirshfeld*, 2021 U.S. App. LEXIS 32871, at *7 (Fed. Cir. 2021) (upholding the PTAB's determination that the challenged claims "were anticipated" by a single prior art reference "and

3

for that reason rendered" the claims "unpatentable under both §§ 102 and 103").[5] None of R2's cited cases that issued *before RealTime* holds otherwise.

R2 also mischaracterizes *Realtime*. (Reply at 3.) Contrary to R2's assertion, the Federal Circuit addressed the Board's single-reference obviousness analysis and upheld the Board's finding that the single unmodified reference rendered the challenged claims obvious because it "*disclose[d]* all of the limitations." *Realtime*, 912 F.3d at 1371, 1373.

## II. The Court Should Deny R2's Motion for Summary Judgment for the Additional Reason that Dr. Weissman Provided Extensive Factual Opinions that Support a Finding of Obviousness

R2 admits that obviousness is based on fact findings, including: (1) "the scope and content of the prior art;" (2) "differences between the prior art and the claims at issue;" (3) "the level of ordinary skill in the pertinent art;" and (4) "secondary considerations of nonobviousness." (Op. Br. at 4.) R2 does not dispute, or even address in its Reply, that Dr. Weissman (1) extensively detailed "the scope and content of [each] prior art" system in more than 100 paragraphs in his opening expert report (Opp. at 5-6), (2) provided more than 600 paragraphs of analysis in support of his opinion that each prior art system alone discloses every requirement of the asserted claims—i.e., there are no differences between the prior art and the claims at issue (*id*. at 6), (3) identified "the level of ordinary skill in the pertinent art" (*id.* at 7-8) and applied that standard in providing and analyzing source code demonstratives that render the asserted claims obvious (*id*. at 8), and (4) evaluated and rebutted R2's purported "secondary considerations of non-obviousness" (*id.*).[6]

---

[5] In *Wasica Fin. GmbH v. Cont'l Auto. Sys.*, the court addressed the standard for showing single-reference obviousness when it affirmed that the claims were "obvious in virtue of [] anticipation" since "anticipation is the epitome of obviousness." 853 F.3d 1272, 1278, 1278 & n.3 (Fed. Cir. 2017). The court applied the same standard and analysis in *N. Star Innovations, Inc. v. Hirshfeld*. 2021 U.S. App. LEXIS 32871, at *7 (Fed. Cir. 2021).

[6] R2 also does not dispute or even address the fact that Dr. Weissman made clear that his analysis of the claims included obviousness by opining that asserted claims 17 and 19–21 are "*obvious* for the reasons discussed" regarding asserted claims 1 and 3–5. (Opp. at 6.) R2 likewise does not

Thus, there is no dispute that Dr. Weissman properly addressed the relevant factual inquiries underlying his obviousness opinion for each prior art system. At the very least, genuine issues of material fact exist based on Dr. Weissman's opinions on the factual inquiries to obviousness that warrant denial of R2's summary judgment motion. *Evicam Int'l, Inc. v. Enf't Video, LLC*, 2017 U.S. Dist. LEXIS 85324, at *6 (E.D. Tex. June 5, 2017).

For the first time in its Reply R2 fabricates a requirement that the "entire purpose" of the four factual underpinnings to obviousness is to determine whether it would have been obvious to modify a single reference to meet the claims. (Reply at 4 (citing *SIBIA Neurosciences*, 225 F.3d at 1356). In R2's cited *SIBIA Neurosciences* case, the court simply held that when a reference needs modification to disclose the claim, a motivation to modify must be provided. *SIBIA Neurosciences*, 225 F.3d at 1356. Nothing in this case—or any other case that R2 relies on—limits the application of obviousness to modifying a reference. Indeed, the purpose of the factual determinations is to reach a decision on obviousness as a whole, not simply whether it would be to modify a single reference as R2 asserts. *Apple Computer, Inc. v. Articulate Sys., Inc.*, 234 F.3d 14, 26 (Fed. Cir. 2000) (holding that the "proper factual determinations [must be] made and the court [must] consider[] them in rendering its conclusion of obviousness").

### III.   Conclusion

For the foregoing reasons, Databricks respectfully requests that the Court deny this motion.

Dated: May 29, 2025

Respectfully submitted,

/s/ *Vigen Salmastlian*
Vigen Salmastlian
CA Bar No. 191605 (Admitted E.D. Texas)
Email: msacksteder@fenwick.com

---

address the fact that Dr. Weissman's obviousness combinations with MacLeod I built upon and incorporate the single-reference obviousness analyses that R2 now asks to exclude. (*Id.* at 6-7.)

5

Gregory Sefian
CA Bar No. 341802 (Admitted *Pro Hac Vice*)
Email: gsefian@fenwick.com
S. Emma Lee
CA Bar No. 344074 (Admitted *Pro Hac Vice*)
Email: emma.lee@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

Vigen Salmastlian
CA Bar No. 276846 (Admitted E.D. Texas)
Email: vsalmastlian@fenwick.com
**FENWICK & WEST LLP**
801 California Street,
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

Jessica M. Kaempf
WA Bar No. 51666 (Admitted E.D. Texas)
Email: jkaempf@fenwick.com
Jonathan G. Tamimi
WA Bar No. 54858 (Admitted E.D. Texas)
Email: jtamimi@fenwick.com
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone:    206.389.4510
Facsimile:    206.389.4511

Dargaye Churnet
CA Bar No. 303659 (Admitted E.D. Texas)
Email: dchurnet@fenwick.com
**FENWICK & WEST LLP**
730 Arizona Ave, 1st Floor
Santa Monica, CA 90401
Telephone:    310.434.5400

Jennifer Truelove
Texas Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH P.C.**
104 E. Houston Street, Suite 300
Marshall, TX 75670

6

Telephone: 903.923.9000
Facsimile: 903.923.9099

Derron R. Dacus
Texas Bar No. 00790553
Email: ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 32, Suite 430
Tyler, Texas 75701
Telephone: 903.705.1117

*Attorneys for Defendant Databricks, Inc.*

## CERTIFICATE OF AUTHORIZATION TO SEAL

Pursuant to Local Rule CV-5(a)(7)(B) I am authorized to file the foregoing document under seal pursuant to paragraph 16 of the Protective Order (Dkt. 62) because this document references Designated Material.

/s/ *Vigen Salmastlian*
Vigen Salmastlian

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 29, 2025, a true and correct copy of the above and foregoing documents are being served via electronic mail to all counsel of record for all parties per Local Rule CV-5.

/s/ *Vigen Salmastlian*
Vigen Salmastlian