IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| R2 Solutions LLC,<br><br>    Plaintiff,<br><br>v.<br><br>Databricks, Inc.,<br><br>    Defendant. | Civil Action No. 4:23-cv-01147-ALM<br><br>Jury Trial Demanded |

**JOINT MOTION TO AMEND SCHEDULING ORDER (ECF 204)**

    Plaintiff R2 Solutions LLC ("R2") and Defendant Databricks, Inc. ("Databricks") respectfully move, pursuant to Federal Rule of Civil Procedure 16(b)(4), to amend the current Scheduling Order (ECF 204). The parties seek to extend the case deadlines until after the Court resolves R2's Motion to Strike Databricks' Fourth Supplemental Invalidity Contentions (ECF 205) and R2's Motion to Strike Certain Expert Opinions (ECF 207) (collectively "R2's Motions"). Specifically, the parties seek to (1) extend the deadline to supplement rebuttal expert reports until three weeks after the Court rules on R2's Motions; and (2) extend all other deadlines a commensurate amount, such that the spacing present in the current schedule is preserved. The parties' proposed adjustments to the schedule are reflected below (and also in the proposed order submitted with this motion).

    The Court's June 23, 2025 Amended Scheduling Order permitted R2 to serve "supplemental Infringement Contentions based on" Photon and Aether "source code and technical documentation." ECF 204 at 1. It also permitted Databricks to serve "supplemental Invalidity Contentions tied to R2's supplements related to Photon and Aether." *Id*. The Order further

1

permitted the parties to serve supplemental opening expert reports "limited to Photon and Aether, and issues tied to R2's supplemental Infringement Contentions related to Photon and Aether, if any." *Id*. Supplemental rebuttal expert reports are currently due by October 6, 2025. *Id*. The deadline for expert discovery is currently set for October 20, 2025. *Id.*

R2 served supplemental infringement contentions on August 1, 2025. Databricks served supplemental invalidity contentions on August 22, 2025. R2 moved to strike Databricks' supplemental invalidity contentions on August 29, 2025. *See* ECF 205.

The parties served supplemental opening expert reports on September 5, 2025. R2 moved to strike certain opinions in Databricks' Supplemental Opening Report of Dr. Jon Weissman, which includes Dr. Weissman's supplemental opinions on invalidity and licensing, on September 12, 2025. *See* ECF 207. Databricks filed its opposition to R2's motion to strike Databricks' supplemental invalidity contentions the same day. *See* ECF 208. Databricks' opposition to R2's motion to strike Databricks' supplemental opening report is due on September 26, 2025.

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." "The Fifth Circuit applies a four-factor balancing test to determine whether good cause exists to modify a scheduling order's deadline for the designation of experts and the filing of expert reports: (1) the explanation for the failure to adhere to the deadline; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice [in amending the schedule]; and (4) the availability of a continuance to cure such prejudice." *Harrison v. Int'l Catastrophe Ins. Managers*, No. 1:10-CV-683, 2012 U.S. Dist. LEXIS 204400, at *3-4 (E.D. Tex. Jan. 28, 2012)

Good cause supports modifying the case schedule as the parties propose. R2's Motions seek to strike Databricks' supplemental invalidity contentions and certain opinions in Databricks'

2

supplemental opening expert report addressing invalidity and licensing. The Court's decisions on R2's Motions substantially impact the scope of the case, including, particularly, the scope of Databricks' invalidity and licensing defenses and R2's corresponding rebuttals. Granting the requested extensions allows the Court time to rule on these important issues before the parties bear the costs of rebuttal expert reports and expert discovery, and it pushes subsequent case deadlines to remain consistent with the spacing in the Court's current scheduling order. The requested extensions thus minimize pecuniary and resource-related impact to the parties while providing the Court the flexibility it may need to make its rulings. Notably, the Court has not set a trial date, so no continuance of a trial date is necessary.

| Event | Current Deadline and Additional Limitations | Modified Deadline |
|---|---|---|
| Deadline to supplement rebuttal expert reports (limited to Photon and Aether, and issues tied to R2's supplemental Infringement Contentions related to Photon and Aether, if any). | 10/6/2025 | 3 weeks after the Court rules on R2's Motions (ECF 205 and 207) |
| Expert discovery deadline pertaining to report supplementation. | 10/20/2025 (2 weeks after deadline to supplement rebuttal reports)<br><br>Note: Any expert depositions are strictly limited to supplemental reporting and 3 hours per report. | 2 weeks after deadline to supplement rebuttal reports<br><br>Note: Any expert depositions are strictly limited to supplemental reporting and 3 hours per report. |
| MSJ / Daubert / Motion to Strike, if any, limited to the parties' supplemental theories arising from the production in accordance with Court Order ECF 200. | 11/6/2025<br><br>Note: One MSJ limited to 15 pages. Daubert / Motion to Strike limited to 10 pages total. | 17 days after expert discovery deadline pertaining to report supplementation<br><br>Note: One MSJ limited to 15 pages. Daubert / Motion to Strike limited to 10 pages total. |

| Event | Current Deadline and Additional Limitations | Modified Deadline |
|---|---|---|
| Oppositions to MSJ / Daubert / Motion to Strike. | 11/20/2025 | 14 days after opposing party files MSJ/Daubert/Motion to Strike |
| Replies re MSJ / Daubert / Motion to Strike. | 12/11/2025<br><br>MSJ reply limited to 5 pages. Daubert/Motion to Strike reply(ies) limited to 5 pages total. | 21 days after opposing party files Opposition to MSJ/Daubert/Motion to Strike<br><br>MSJ reply limited to 5 pages. Daubert/Motion to Strike reply(ies) limited to 5 pages total. |
| Sur-replies re MSJ / Daubert / Motion to Strike. | 12/19/2025 | 8 days after opposing party files Replies re MSJ/Daubert/Motion to Strike |
| Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (*See* www.txed.uscourts.gov) and Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases)). | 12/22/2025 | 3 days after deadline for sur-replies re MSJ / Daubert / Motion to Strike |
| Notice of intent to offer certified records. | 1/8/2025 | 20 days after deadline for sur-replies re MSJ / Daubert / Motion to Strike |
| Deadline to narrow case to the claims and defenses that each party intends to present at trial. | 1/19/2026 (45 days before the PTC) | 11 days after deadline for notice of intent to offer certified records |
| Serve Pretrial Disclosures (Witness List, Deposition Designations, Exhibit Lists, and Video Deposition Designation) by the party with the burden of proof. Each party who proposes to offer a deposition shall serve on all other parties a disclosure identifying the line and page numbers to be | 1/29/2026 | 10 days after deadline to narrow case to the claims and defenses that each party intends to present at trial |

| Event | Current Deadline and Additional Limitations | Modified Deadline |
|---|---|---|
| offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those that cannot be resolved shall be presented to the court.<br><br>The party who served the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the court's rulings on objections. | | |
| Motions in Limine due.<br><br>File Joint Final Pretrial Order (*See* www.txed.uscourts.gov). Exchange exhibits and deliver copies to the court. At this date, all that is required to be submitted to the court is a hyperlinked exhibit list on disk (2 copies) and no hard copies.<br><br>If Parties will be requesting daily copy of the transcript during trial, they must notify the Court's court reporter, Chris Bickham, Chris_Bickham@txed.uscourts.gov by this date. | 1/29/2026 | 10 days after deadline to narrow case to the claims and defenses that each party intends to present at trial |
| Serve Objections to Pretrial Disclosures; and serve Rebuttal Pretrial Disclosures. | 2/19/2026 (3 weeks after affirmative pretrial disclosures) | 3 weeks after affirmative pretrial disclosures |
| Responses to Motions in Limine due.<br><br>File objections to witnesses, depositions extracts, and exhibits, listed in pre-trial order. This does not extend the deadline to object to expert witnesses. If numerous | 2/19/2026 (3 weeks after opening MILs) | 3 weeks after opening MILs |

5

| Event | Current Deadline and Additional Limitations | Modified Deadline |
|---|---|---|
| objections are filed, the court may set a hearing prior to docket call. File Proposed Jury Instructions and Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). | | |
| Serve Objections to Rebuttal Pretrial Disclosures. | 2/26/2026 (1 week after rebuttal pretrial disclosures) | 1 week after rebuttal pretrial disclosures |
| **Final Pretrial Conference at 1:30 pm.** at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. | 3/5/2026 | TBD at the Court's discretion |
| **Jury selection and trial** at 10:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. | TBD | TBD at the Court's discretion |

For the foregoing reasons, the parties respectfully request that the Court grant this motion and amend the Scheduling Order as set forth above.

Dated: September 16, 2025                    Respectfully Submitted,

/s/ Edward R. Nelson III                    /s/ Michael J. Sacksteder
Edward R. Nelson III                         Michael J. Sacksteder
State Bar No. 00797142                       CA Bar No. 191605 (Admitted E.D. Texas)
ed@nelbum.com                                Email: msacksteder@fenwick.com
Brent N. Bumgardner                          Gregory Sefian
State Bar No. 00795272                       CA Bar No. 341802 (Admitted *Pro Hac Vice*)
brent@nelbum.com                             Email: gsefian@fenwick.com
Christopher G. Granaghan                     S. Emma Lee
State Bar No. 24078585                       CA Bar No. 344074 (Admitted *Pro Hac Vice*)
chris@nelbum.com                             Email: emma.lee@fenwick.com
John P. Murphy                               **FENWICK & WEST LLP**
State Bar No. 24056024                       555 California Street, 12th Floor
murphy@nelbum.com                            San Francisco, California 94104
Carder W. Brooks                             Telephone:    415.875.2300
State Bar No. 24105536                       Facsimile:    415.281.1350
carder@nelbum.com

**Nelson Bumgardner Conroy PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
817.377.9111

**COUNSEL FOR PLAINTIFF R2 SOLUTIONS LLC**

Dargaye Churnet
CA Bar No. 303659 (Admitted E.D. Texas)
Email: dchurnet@fenwick.com
**FENWICK & WEST LLP**
730 Arizona Ave, 1st Floor
Santa Monica, California 90401
Telephone:    310.434.5400
Facsimile:    650.938.5200

Vigen Salmastlian
CA Bar No. 276846 (Admitted E.D. Texas)
Email: vsalmastlian@fenwick.com
**FENWICK & WEST LLP**
801 California Street,
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

Jessica M. Kaempf
WA Bar No. 51666 (Admitted E.D. Texas)
Email: jkaempf@fenwick.com
Jonathan G. Tamimi
WA Bar No. 54858 (Admitted E.D. Texas)
Email: jtamimi@fenwick.com
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone:    206.389.4510
Facsimile:    206.389.4511

*Attorneys for Defendant Databricks, Inc.*

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Plaintiff and counsel for Defendant conferred regarding the relief sought by this motion and that this motion is agreed and presented jointly.

*/s/ Edward R. Nelson III*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel on September 16, 2025.

*/s/ Edward R. Nelson III*