# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| R2 SOLUTIONS LLC,<br><br>           Plaintiff,<br><br>   v.<br><br>DATABRICKS, INC.,<br><br>           Defendant. | Civil Action No. 4:23-cv-01147-ALM<br><br>**JURY TRIAL DEMANDED** |

## JOINT MOTION TO AMEND SCHEDULING ORDER

Plaintiff R2 Solutions LLC ("R2") and Defendant Databricks, Inc. ("Databricks") respectfully move, pursuant to Federal Rule of Civil Procedure 16(b)(4), to amend the current Scheduling Order (ECF 213). The parties seek to extend the case deadlines until after the Court resolves Databricks' Motion to Strike R2 Solutions LLC's Supplemental Infringement Contentions and Supplemental Opening Expert Report of Mr. William Davis (ECF 223) and Databricks' Motion for Supplemental Claim Construction (ECF 224) (collectively "Databricks' Motions"), in addition to R2's Motion to Strike Databricks' Fourth Supplemental Invalidity Contentions (ECF 205) and R2's Motion to Strike Certain Expert Opinions (ECF 207) (collectively "R2's Motions"). Specifically, the parties seek to (1) extend the deadline to supplement rebuttal expert reports until three weeks after the Court rules on Databricks' Motions and R2's Motions; and (2) extend all other deadlines a commensurate amount, such that the spacing present in the current schedule is preserved. The parties' proposed adjustments to the schedule are reflected below (and also in the proposed order submitted with this motion).

1

R2 filed its Motion to Strike Databricks' Fourth Supplemental Invalidity Contentions (ECF 205) on August 29, 2025 and its Motion to Strike Certain Expert Opinions (ECF 207) on September 12, 2025. Both motions are fully briefed. (ECF 214, 222.) The parties jointly moved to amend the scheduling order to extend deadlines until after the Court resolves R2's Motions (ECF 209). The Court granted the joint motion on September 24, 2025 (ECF 213).

On October 10, 2025, Databricks filed its Motion to Strike Supplemental Infringement Contentions and Supplemental Opening Expert Report of Mr. William Davis (ECF 223). R2 filed its opposition on October 20, 2025 (ECF 227). Under L.R. 7(f), Databricks' reply is due October 27, 2025 and R2's sur-reply is due November 3, 2025.

Databricks filed its Motion for Supplemental Claim Construction (ECF 224) on October 15, 2025. Under L.R. 5(d), L.R. 7(e), and L.R. 7(f), R2's opposition is due October 30, 2025, Databricks' reply is due November 6, 2025, and R2's sur-reply is due November 13, 2025.

Under Federal Rule of Civil Procedure 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." "The Fifth Circuit applies a four-factor balancing test to determine whether good cause exists to modify a scheduling order's deadline for the designation of experts and the filing of expert reports: (1) the explanation for the failure to adhere to the deadline; (2) the importance of the proposed modification to the scheduling order; (3) potential prejudice [in amending the schedule]; and (4) the availability of a continuance to cure such prejudice." *Harrison v. Int'l Catastrophe Ins. Managers*, No. 1:10-CV-683, 2012 U.S. Dist. LEXIS 204400, at *3-4 (E.D. Tex. Jan. 28, 2012).

Good cause supports modifying the case schedule as the parties now propose. The Court's September 24, 2025 Amended Scheduling Order (ECF 213) permitted the parties' proposed adjustments with respect to R2's Motions, and the parties seek to apply those same adjustments

2

with respect to Databricks' Motions. Both R2's Motions and Databricks' Motions relate to similar issues involving R2's supplemental infringement theories related to Photon and Aether and Databricks' responsive supplemental invalidity theories. All of these motions substantially impact the scope of the case, including the scope of rebuttal reports, if any. Granting the requested extensions allows the Court time to rule on these important issues before parties bear the costs of rebuttal expert reports and expert discovery, and it pushes subsequent case deadlines to remain consistent with the spacing in the Court's current scheduling order. The requested extensions thus minimize pecuniary and resource-related impact to the parties while providing the Court the flexibility it may need to make its rulings. Additionally, the Court has not set a trial date, so no continuance of a trial date is necessary.

| Event | Current Deadline and Additional Limitations | Modified Deadline |
|---|---|---|
| Deadline to supplement rebuttal expert reports (limited to Photon and Aether, and issues tied to R2's supplemental Infringement Contentions related to Photon and Aether, if any). | 3 weeks after the Court rules on R2's Motions (ECF 205 and 207) | 3 weeks after the Court rules on R2's Motions (ECF 205 and 207) and Databricks' Motions (ECF 223 and 224) |
| Expert discovery deadline pertaining to report supplementation. | 2 weeks after deadline to supplement rebuttal reports<br><br>Note: Any expert depositions are strictly limited to supplemental reporting and 3 hours per report. | 2 weeks after deadline to supplement rebuttal reports<br><br>Note: Any expert depositions are strictly limited to supplemental reporting and 3 hours per report. |
| MSJ / Daubert / Motion to Strike, if any, limited to the parties' supplemental theories arising from the production in accordance with Court Order ECF 200. | 17 days after expert discovery deadline pertaining to report supplementation<br><br>Note: One MSJ limited to 15 pages. Daubert / | 17 days after expert discovery deadline pertaining to report supplementation<br><br>Note: One MSJ limited to 15 pages. Daubert / Motion |

3

| Event | Current Deadline and Additional Limitations | Modified Deadline |
|---|---|---|
| | Motion to Strike limited to 10 pages total. | to Strike limited to 10 pages total. |
| Oppositions to MSJ / Daubert / Motion to Strike. | 14 days after opposing party files MSJ/Daubert/Motion to Strike | 14 days after opposing party files MSJ/Daubert/Motion to Strike |
| Replies re MSJ / Daubert / Motion to Strike. | 21 days after opposing party files Opposition to MSJ/Daubert/Motion to Strike<br><br>MSJ reply limited to 5 pages. Daubert/Motion to Strike reply(ies) limited to 5 pages total. | 21 days after opposing party files Opposition to MSJ/Daubert/Motion to Strike<br><br>MSJ reply limited to 5 pages. Daubert/Motion to Strike reply(ies) limited to 5 pages total. |
| Sur-replies re MSJ / Daubert / Motion to Strike. | 8 days after opposing party files Replies re MSJ/Daubert/Motion to Strike | 8 days after opposing party files Replies re MSJ/Daubert/Motion to Strike |
| Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (*See* www.txed.uscourts.gov) and Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in nonjury cases)). | 3 days after deadline for sur-replies re MSJ / Daubert / Motion to Strike | 3 days after deadline for sur-replies re MSJ / Daubert / Motion to Strike |
| Notice of intent to offer certified records. | 20 days after deadline for sur-replies re MSJ / Daubert / Motion to Strike | 20 days after deadline for sur-replies re MSJ / Daubert / Motion to Strike |
| Deadline to narrow case to the claims and defenses that each party intends to present at trial. | 11 days after deadline for notice of intent to offer certified records | 11 days after deadline for notice of intent to offer certified records |
| Serve Pretrial Disclosures (Witness List, Deposition Designations, Exhibit Lists, and Video Deposition Designation) by the party with the burden of proof. Each party who proposes to offer a deposition shall serve on all other parties a disclosure identifying the | 10 days after deadline to narrow case to the claims and defenses that each party intends to present at trial | 10 days after deadline to narrow case to the claims and defenses that each party intends to present at trial |

4

| Event | Current Deadline and Additional Limitations | Modified Deadline |
|---|---|---|
| line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross examination line and page numbers to be included. Counsel must consult on any objections and only those that cannot be resolved shall be presented to the court.<br><br>The party who served the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the court's rulings on objections. | | |
| Motions in Limine due.<br><br>File Joint Final Pretrial Order (*See* www.txed.uscourts.gov). Exchange exhibits and deliver copies to the court. At this date, all that is required to be submitted to the court is a hyperlinked exhibit list on disk (2 copies) and no hard copies.<br><br>If Parties will be requesting daily copy of the transcript during trial, they must notify the Court's court reporter, Chris Bickham, Chris_Bickham@txed.uscourts.gov by this date. | 10 days after deadline to narrow case to the claims and defenses that each party intends to present at trial | 10 days after deadline to narrow case to the claims and defenses that each party intends to present at trial |
| Serve Objections to Pretrial Disclosures; and serve Rebuttal Pretrial Disclosures. | 3 weeks after affirmative pretrial disclosures | 3 weeks after affirmative pretrial disclosures |
| Responses to Motions in Limine due.<br><br>File objections to witnesses, depositions extracts, and exhibits, listed in pre-trial order. This does not extend the deadline to object to | 3 weeks after opening MILs | 3 weeks after opening MILs |

5

| Event | Current Deadline and Additional Limitations | Modified Deadline |
|---|---|---|
| expert witnesses. If numerous objections are filed, the court may set a hearing prior to docket call.<br><br>File Proposed Jury Instructions and Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). | | |
| Serve Objections to Rebuttal Pretrial Disclosures. | 1 week after rebuttal pretrial disclosures | 1 week after rebuttal pretrial disclosures |
| **Final Pretrial Conference at 1:30 pm.** at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. | TBD at the Court's discretion | TBD at the Court's discretion |
| **Jury selection and trial** at 10:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. | TBD at the Court's discretion | TBD at the Court's discretion |

For the foregoing reasons, the parties respectfully request that the Court grant this motion and amend the Scheduling Order as set forth above.

Dated: October 24, 2025                                Respectfully submitted,

/s/ *Carder W. Brooks*                                 /s/ *Vigen Salmastlian*
Edward R. Nelson III                                   Michael J. Sacksteder
Texas Bar No. 00797142                                 CA Bar No. 191605 (Admitted E.D. Texas)
E-mail: ed@nelbum.com                                  Email: msacksteder@fenwick.com
Brent N. Bumgardner                                    Gregory Sefian
Texas Bar No. 00795272                                 CA Bar No. 341802 (Admitted *Pro Hac Vice*)
E-mail: brent@nelbum.com                               Email: gsefian@fenwick.com
Christopher G. Granaghan                               S. Emma Lee
Texas Bar No. 24078585                                 Ca Bar No. 344074 (Admitted *Pro Hac Vice*)
chris@nelbum.com                                       Email: emma.lee@fenwick.com
John P. Murphy                                         **FENWICK & WEST LLP**
Texas Bar No. 24056024                                 555 California Street, 12th Floor
muprhy@nelbum.com                                      San Francisco, California 94104
Carder W. Brooks                                       Telephone:    415.875.2300
Texas Bar No. 24105536                                 Facsimile:    415.281.1350
carder@nelbum.com

<div style="column">

**NELSON BUMGARDNER CONROY PC**
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Telephone: 817.377.9111

*Attorneys for Plaintiff R2 Solutions*

</div>

<div style="column">

Dargaye Churnet
CA Bar No. 303659 (Admitted E.D. Texas)
Email: dchurnet@fenwick.com
**FENWICK & WEST LLP**
730 Arizona Ave, 1st Floor
Santa Monica, California 90401
Telephone:    310.434.5400
Facsimile:    650.938.5200

Vigen Salmastlian
CA Bar No. 276846 (Admitted E.D. Texas)
Email: vsalmastlian@fenwick.com
**FENWICK & WEST LLP**
801 California Street,
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

Jessica M. Kaempf
WA Bar No. 51666 (Admitted E.D. Texas)
Email: jkaempf@fenwick.com
Jonathan G. Tamimi
WA Bar No. 54858 (Admitted E.D. Texas)
Email: jtamimi@fenwick.com
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone:    206.389.4510
Facsimile:    206.389.4511

Jennifer Truelove
Texas Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH P.C.**
104 E. Houston Street, Suite 300
Marshall, TX 75670
Telephone: 903.923.9000
Facsimile: 903.923.9099

Derron R. Dacus
Texas Bar No. 00790553
Email: ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 32, Suite 430
Tyler, Texas 75701
Telephone: 903.705.1117

*Attorneys for Defendant Databricks, Inc.*

</div>

## CERTIFICATE OF CONFERENCE

I hereby certify that Counsel for Plaintiff and counsel for Defendant conferred regarding the relief sought by this motion and that this motion is agreed and presented jointly.

*/s/ Vigen Salmastlian*
Vigen Salmastlian

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail per Local Rule CV-5 on October 24, 2025.

*/s/ Vigen Salmastlian*
Vigen Salmastlian