IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| R2 Solutions LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Databricks, Inc.,<br><br>　　　　Defendant. | Civil Action No. 4:23-cv-01147-ALM<br><br>Jury Trial Demanded |

**PLAINTIFF R2 SOLUTIONS LLC'S SUR-REPLY IN OPPOSITION TO
DATABRICKS, INC.'S MOTION FOR SUPPLEMENTAL CLAIM CONSTRUCTION**

## **TABLE OF CONTENTS**

I. THERE IS NO *O2 MICRO* DISPUTE, BUT THERE IS WAIVER. ................................. 1

II. R2 DID NOT DISCLAIM "HASH JOIN" FUNCTIONALITY. ........................................ 4

# **TABLE OF AUTHORITIES**

**Cases**

*Abiomed, Inc. v. Maquet Cardiovascular, LLC*,
  566 F. Supp. 3d 59 (D. Mass. 2021) ........................................................................................ 4

*Bettcher Industries v. Bunzl USA, Inc*
  661 F.3d 629 (Fed. Cir. 2011). ................................................................................................ 3

*Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols.*, P.C.,
  482 F.3d 1347 (Fed. Cir. 2007) ............................................................................................... 4

*CUPP Computing AS v. Trend Micro Inc.*,
  53 F.4th 1376 (Fed. Cir. 2022) ................................................................................................ 5

*FINALROD IP, LLC v. John Crane, Inc.*,
  No. 7:15-CV-00097-ADA, 2019 U.S. Dist. LEXIS 149649 (W.D. Tex. May 30, 2019) ........... 4

*Ion, Inc. v. Sercel, Inc.*,
  No. 5:06CV236, 2009 U.S. Dist. LEXIS 138066 (E.D. Tex. Feb. 10, 2009) ............................ 5

*Mobility Workx, LLC v. Cellco P'ship*, Civil Action No.
  4:17-CV-00872, 2019 U.S. Dist. LEXIS 191345 (E.D. Tex. Nov. 5, 2019) ............................. 2

*Nuance Communs., Inc. v. ABBYY USA Software House, Inc.*,
  813 F.3d 1368 (Fed. Cir. 2016) ............................................................................................... 3

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
  521 F.3d 1351 (Fed. Cir. 2008) ...................................................................................... 1, 3, 4

*Perdiemco, LLC v. Industrack LLC*,
  No. 2:15-CV-00727-JRG-RSP, 2016 U.S. Dist. LEXIS 150102 (E.D. Tex. Oct. 28, 2016) ...... 4

Databricks' entire motion hinges on a single, incorrect supposition: that R2's mapping of hash join functionality to the "reducing" limitations in its ▅▅▅▅▅▅ contentions "trigger[ed] a claim construction dispute." *See* ECF 236 at 5. Such is the *only* justification Databricks offers for asking the Court to ignore overwhelming case law demonstrating that (i) no *O2 Micro* issue exists and (ii) Databricks waived its current argument. *See id*.

But there is no reasonable dispute that R2's pre-▅▅▅▅▅▅ contentions put Databricks on notice that hash join functionality was accused of meeting the "reducing" limitation (well before claim construction even began). And there is, thus, no reasonable dispute that Databricks could have raised this claim construction argument earlier. The failure to raise it earlier dooms Databricks' motion. Nevertheless, the motion also fails because, as Databricks' reply confirms, R2 did not disavow hash join functionality from meeting the reducing limitation in IPR.

## I.   THERE IS NO *O2 MICRO* DISPUTE, BUT THERE IS WAIVER.

Databricks' assertion that it lacked notice of R2's hash join theory strains credulity for two reasons. First, it is undisputed that R2's pre-claim-construction infringement contentions identified and charted "shuffled hash join" to the asserted claims. *See* ECF 233 at 6-8; ECF 236 at 4-5. Second, Databricks' own conduct proves that it has always been on notice of R2's theory that hash join functionality meets the "reducing" limitations.

Regarding R2's contentions, Databricks only disputes the adequacy of the notice provided by the contentions, not their content. *See* ECF 236 at 4-5. This is contrived. Databricks has not, and cannot, refute that R2's preliminary contentions identified "sort merge join" and "shuffled hash join" coextensively well before claim construction began. *See* ECF 218 at 2; ECF 207-4, slides 27, 39, 79, 91, 104. And it has not, and cannot, refute that R2's first supplemental contentions (served five weeks before opening claim construction briefing) contained numerous pages alleging that hash join functionality meets the "reducing" limitations and explaining why. *See* ECF 207-5,

1

slides 38 ("…intermediate data to be fed to the reducing phase (e.g., SortMergeJoinExec, HashJoin.innerJoin, etc."); 57 ("… HashJoin.innerJoin is a different mechanism (i.e., different from SortMergeJoinExect) to join two different tables. In the case of a Hash Join, a hash table is created based on the join key of the smaller dataset and then looping over the larger dataset to match the hash join key fields, showing that the sets of intermediate data are processed in a way that corresponds to their data groups."); 58 ("In summary, and in one example, intermediate data … is passed to SortMergeJoinEvaluatorFactor.scala and SortMergeJoinExec.scala (or to HashJoin.innerJoin) to be reduced by merging on common keys. These functions process each set of intermediate data in a manner that is defined to correspond to the data group, i.e., different iterators are employed for each intermediate data that corresponds to each data group."); 37 (identifying "ShuffledHashJoinExec.scala" as evidence of infringement); 62 (same); 120 (same). The foregoing more than satisfies R2's notice obligations vis-à-vis its infringement contentions and defeats Databricks' core premise. *See, e.g.*, *Mobility Workx, LLC v. Cellco P'ship*, Civil Action No. 4:17-CV-00872, 2019 U.S. Dist. LEXIS 191345, at *13-14 (E.D. Tex. Nov. 5, 2019) (contentions "serve the purpose of providing notice … of infringement theories beyond the mere language of the patent claim" and "need not disclose specific evidence") (cleaned up).

Further, while Databricks complains it lacked notice of R2's theory, this is belied by Databricks' own conduct. Databricks identified hash join prior art as teaching the "reducing" limitation in *every iteration* of its invalidity contentions before and after claim construction. *See* ECF 233 at 6-8. Databricks' silence in its reply on this point is telling.

At bottom, the allegations most crucial to Databricks' argument are refuted by the record. R2 did not "avoid[] accusing hash joins during the first round of discovery." ECF 236 at 3. Nor did R2 "fail to provide adequate disclosure of R2's hash join theory." *Id*. at 4. Nor did R2 wait

2

until "its August 1, 2025 supplemental infringement contentions" to "properly disclose its hash join infringement theory." *Id*. at 4. Nor did R2's pre-███████ contentions fail to identify specifically how Databricks' hash join code met the "reducing" limitations.[1] *See id*. at 4-5. Nor did R2's ███████ contentions "trigger[] a claim construction dispute." *Id*. at 5. Databricks knew that hash join functionality was accused of meeting the "reducing" limitations months before claim construction ended, and its hand-waving to the contrary is disingenuous.

Rejecting Databricks' motion would not "invite legal error," as Databricks asserts. ECF 236 at 3. The case law is clear that no *O2 Micro* issue exists in circumstances such as these. In fact, because the record proves that R2's ███████ contentions did not "*trigger*[] a claim construction dispute" (*see* ECF 236 at 3 (emphasis added)), there is no difference between *Nuance* and the case at bar. *See* ECF 236 at 5. Databricks received the construction it wanted during *Markman* a year ago. Now it wants a new construction for the obvious purpose of manufacturing a non-infringement position as to its proprietary code bases. *See Nuance Communs., Inc. v. ABBYY USA Software House, Inc.*, 813 F.3d 1368, 1373 (Fed. Cir. 2016) ("The fact that shortly before trial [plaintiff] became dissatisfied with its own proposed construction and sought a new one does not give rise to an *O2 Micro* violation."). The Court should not dignify such a tactic.

Moreover, the case law is clear that Databricks waived its current claim construction argument. Every case cited by R2 post-dates *O2 Micro* and supports waiver. In *Bettcher Industries v. Bunzl USA, Inc.*, the Federal Circuit found no *O2 Micro* violation when the party "had ample opportunity to [timely] seek construction," "said nothing" during *Markman*, and waited until "a

---

[1] Databricks alleges that "R2 also did not comply with P.R. 3-6(a)(1), as it did not disclose how a hash join meets *any* of the Court's issued constructions." ECF 236 at 5. Rule 3-6(a)(1) provides that a plaintiff *may* amend if it "believes in good faith that the Court's Claim Construction Ruling so requires." R2 did not believe the Court's ruling required supplementation as to the "reducing" limitations because R2's theory set forth in its pre-construction contentions was unaffected.

3

year after the *Markman* hearing" and "after submitting a new joint schedule that contained nothing about claim construction" to raise its new argument. 661 F.3d 629, 640-41 (Fed. Cir. 2011). That is exactly what happened here. In *Perdiemco* and *FINALROD*, the courts considered alleged *O2 Micro* and other claim construction issues and found, in view of Federal Circuit precedent, that arguments that "were never raised during claim construction" are waived. *Perdiemco, LLC v. Industrack LLC*, No. 2:15-CV-00727-JRG-RSP, 2016 U.S. Dist. LEXIS 150102, at *11 (E.D. Tex. Oct. 28, 2016) (citing *Cent. Admixture Pharmacy Servs., Inc. v. Advanced Cardiac Sols.*, P.C., 482 F.3d 1347, 1356 (Fed. Cir. 2007)); *FINALROD IP, LLC v. John Crane, Inc.*, No. 7:15-CV-00097-ADA, 2019 U.S. Dist. LEXIS 149649, at *7 (W.D. Tex. May 30, 2019). And in *Abiomed*, the party waived its prosecution disclaimer argument because it "had ample opportunity to raise its contention of prosecution disclaimer of the subject matter in question [during claim construction], and did in fact raise contentions of prosecution disclaimer as to other terms." *Abiomed, Inc. v. Maquet Cardiovascular, LLC*, 566 F. Supp. 3d 59, 74 (D. Mass. 2021). Again, that is exactly what happened here. Databricks cannot escape the clear legal precedent demonstrating that there is no *O2 Micro* dispute, but that there is waiver. Databricks' motion should be denied, accordingly.

## II.    R2 DID NOT DISCLAIM "HASH JOIN" FUNCTIONALITY.

Databricks' reply unwittingly confirms that R2 did not disclaim anything. In a footnote, Databricks alleges that "R2 *now* argues that hash join could 'serve similar purposes as … a reduce function'" and that such argument "directly contradicts" R2's statements at IPR that Databricks relies on to allege disclaimer. *See* ECF 236 at 2 n.2 (emphasis added). But, critically, this is not something R2 just now argues—R2 made this *exact* argument during IPR. *See* ECF 233-3 at 62 (explaining that "Chowdhuri's hash join functions serve similar purposes as Pike's mapping and reducing functions" and that "hash join functions" could "replace[]" Pike's reduce functions); 60-61 (explaining that "Chowdhuri's hash join functions actually supplant *both* Pike's map functions

4

and reduce functions") (emphasis in original). In other words, Databricks alleges that R2's purported disclaimer at IPR is directly contradicted by other statements R2 made during the same IPR. This eviscerates Databricks' disclaimer argument. *See, e.g.*, *Ion, Inc. v. Sercel, Inc.*, No. 5:06CV236, 2009 U.S. Dist. LEXIS 138066, at *10 (E.D. Tex. Feb. 10, 2009) (finding no disclaimer when the prosecution history was "ambiguous and potentially contradictory").

Indeed, Databricks' reply gives rise to two interpretations of the IPR record. Either: (1) R2 contradicted itself, as Databricks argues, rendering the IPR record unclear and obviating potential disclaimer; or (2) R2's statements are corroborative, as R2 argues, and "[p]aramount to R2's argument" in IPR was a theme that directly contradicts the disclaimer Databricks seeks—namely, that "in Chowdhuri's disclosure, *the 'hash join' functions did the 'mapping' and the 'reducing.'*" ECF 233 at 4 (emphasis in original). Neither interpretation sustains disclaimer. Moreover, that "multiple reasonable interpretations" even exist renders disclaimer impossible. *See CUPP Computing AS v. Trend Micro Inc.*, 53 F.4th 1376, 1382 (Fed. Cir. 2022).

Recall that R2 demonstrated in its opposition that it never disavowed hash join functionality from meeting the "reducing" limitations. *See* ECF 233 at 3-6, 11-15. Databricks has now inadvertently acknowledged that one of R2's chief IPR arguments "directly contradicts" Databricks' disclaimer narrative. *See* ECF 236 at 2 n.2. And Databricks has failed to cite a single statement supporting the notion that R2 clearly, unmistakably, and categorically excluded all hash join functionality from the "reducing" limitations. Rather, R2's statements (including the purported "contradictory" ones) demonstrated why Chowdhuri's specific disclosure of avoiding "mapping" and "intermediate data" was different from, and could not be combined with, MapReduce (the Pike reference) as Databricks proposed. *See* ECF 233 at 3-6, 11-15. This is not disclaimer, and Databricks' motion must fail.

5

| | |
|---|---|
| Dated: November 13, 2025 | Respectfully Submitted,<br><br>*/s/ Carder W. Brooks*<br>Edward R. Nelson III<br>State Bar No. 00797142<br>Christopher G. Granaghan<br>State Bar No. 24078585<br>John P. Murphy<br>State Bar No. 24056024<br>Carder W. Brooks<br>State Bar No. 24105536<br>NELSON BUMGARDNER CONROY PC<br>3131 West 7th Street, Suite 300<br>Fort Worth, Texas 76107<br>817.377.9111<br>ed@nelbum.com<br>chris@nelbum.com<br>murphy@nelbum.com<br>carder@nelbum.com<br><br>COUNSEL FOR PLAINTIFF<br>R2 SOLUTIONS LLC |

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2025, a true and correct copy of the foregoing document was served via electronic mail upon all counsel of record.

*/s/ Carder W. Brooks*

## CERTIFICATE OF AUTHORIZATION

I hereby certify that under local rule CV-5(a)(7), the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter.

*/s/ Carder W. Brooks*