FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| R2 SOLUTIONS LLC,<br><br>   Plaintiff,<br><br> v.<br><br>DATABRICKS, INC.,<br><br>   Defendant. | Civil Action No. 4:23-cv-01147-ALM<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL** |

## <u>DATABRICKS, INC.'S NOTICE OF NARROWED DEFENSES TO BE PRESENTED AT TRIAL</u>

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Pursuant to the Court's Scheduling Order (Dkt. 283), Defendant Databricks, Inc. ("Databricks") hereby narrows its asserted defenses it intends to present at trial as follows:

1. The Databricks accused product and/or accused features do not infringe, either directly or indirectly, any asserted claim.[1]  Further, R2 has no evidence to show the contrary.

2. Databricks has not engaged in any conduct that meets the applicable standard for willful infringement.  For this reason, R2 is not entitled to enhanced or increased damages.

3. Databricks narrows its Final Election of Asserted Prior Art served on February 20, 2025[2] as follows for the claims that Plaintiff continues to assert in this case.  The Hadoop System[3] anticipates all asserted claims under 35 U.S.C. § 102.  The Hadoop System renders all asserted claims obvious under 35 U.S.C. § 103. The Hadoop System combined with U.S. Patent No. 6,343,295 ("MacLeod I") renders all asserted claims obvious under 35 U.S.C. § 103.  The Oracle Database 10g System[4] anticipates all asserted claims under 35 U.S.C. § 102.  The Oracle Database 10g System renders all asserted claims obvious under 35 U.S.C. § 103.  The Oracle Database 10g System combined with MacLeod I renders all asserted claims obvious under 35 U.S.C. § 103.[5]

---

[1] The asserted claims are claims 1, 5, 17, and 21 of U.S. Patent No. 8,190,610.

[2] Pursuant to the Order Focusing Patent Claims and Prior Art to Reduce Costs (Dkt. No. 67), each "prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist." (Dkt. No. 67 at 2 n.2.)  Accordingly, each system disclosed herein includes the associated references describing such system, as well as the closely related work of a single prior artist describing such system.  "For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference."  (Dkt. No. 67 at 3.)

[3] The Hadoop System is described by the documents, source code, and evidence disclosed in the Opening Expert Report of Dr. Jon Weissman dated February 20, 2025.

[4] The Oracle Database 10g System is described by the documents, source code, and evidence disclosed in the Opening Expert Report of Dr. Jon Weissman dated February 20, 2025.

[5] For the avoidance of any doubt, to the extent any of the above-identified references incorporates other patents, articles, documents, and/or source code, which make up the full disclosure of the above-identified reference, Databricks intends to rely on the full disclosure of the above-identified reference, including disclosures made explicitly or by such incorporation.  For each elected system above, the system is described by the references and source code identified in Databricks'

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

4.      The asserted claims are patent ineligible pursuant to 35 U.S.C. § 101.

5.      The accused product and/or accused features are covered by one or more express and/or implied licenses, including, based on the Apache 2.0 License, ██████████████ ███████████████████████████████████████████████████ ███████████████████████████████████ and an implied license from Yahoo!'s conduct (including based on Yahoo's entire course of conduct, legal estoppel, and/or equitable estoppel).

6.      In view of one or more of the above defenses, R2 is not entitled to monetary relief for the alleged infringement of any asserted claim. Further, even if R2 were entitled to damages, the amount it is seeking is not justified under the applicable law as applied to the relevant facts.

7.      This is an exceptional case that justifies an award of attorney fees against R2 pursuant to 35 U.S.C. § 285 for at least the reasons identified in Databricks' letters to R2 dated February 20, 2025 and September 10, 2025.

Databricks reserves the right to further narrow its asserted defenses prior to trial.

Dated: June 22, 2026                              Respectfully submitted,

                                                  /s/ Vigen Salmastlian
                                                  Michael J. Sacksteder
                                                  CA Bar No. 191605 (Admitted E.D. Texas)
                                                  Email: msacksteder@fenwick.com
                                                  Eric B. Young
                                                  CA Bar No. 318754 (Admitted E.D. Texas)
                                                  Email: eyoung@fenwick.com

---

invalidity contentions and expert reports, and Databricks reserves the right to further rely on testimony and demonstratives related to each system. Databricks reserves the right to further narrow each ground above by reducing the number of references in each to continue streamlining the case for trial. Databricks reserves the right to modify its election of narrowed prior art in view of any modifications Plaintiff makes to its election of asserted claims, to the extent allowed by the Court, and/or as the Court permits.

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

S. Emma Lee
CA Bar No. 344074 (Admitted *Pro Hac Vice*)
Email: emma.lee@fenwick.com
**FENWICK & WEST LLP**
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone:    415.875.2300
Facsimile:    415.281.1350

Vigen Salmastlian
CA Bar No. 276846 (Admitted E.D. Texas)
Email: vsalmastlian@fenwick.com
**FENWICK & WEST LLP**
801 California Street,
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile:    650.938.5200

Jessica M. Kaempf
WA Bar No. 51666 (Admitted E.D. Texas)
Email: jkaempf@fenwick.com
Jonathan G. Tamimi
WA Bar No. 54858 (Admitted E.D. Texas)
Email: jtamimi@fenwick.com
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone:    206.389.4510
Facsimile:    206.389.4511

Dargaye Churnet
CA Bar No. 303659 (Admitted E.D. Texas)
Email: dchurnet@fenwick.com
**FENWICK & WEST LLP**
730 Arizona Ave, 1st Floor
Santa Monica, CA 90401
Telephone:    310.434.5400

Jennifer Truelove
Texas Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH P.C.**
104 E. Houston Street, Suite 300
Marshall, TX 75670
Telephone: 903.923.9000
Facsimile: 903.923.9099

3

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

Deron R. Dacus
Texas Bar No. 00790553
Email: ddacus@dacusfirm.com
**THE DACUS FIRM, P.C.**
821 ESE Loop 32, Suite 430
Tyler, Texas 75701
Telephone: 903.705.1117

*Attorneys for Defendant
Databricks, Inc.*

4

FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER

## **CERTIFICATE OF AUTHORIZATION TO SEAL**

Pursuant to Local Rule CV-5(a)(7)(B) I am authorized to file the foregoing document under seal pursuant to paragraph 16 of the Protective Order (Dkt. 61) because this document references Designated Material.

*/s/ Vigen Salmastlian*

Vigen Salmastlian

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 22, 2026, a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Vigen Salmastlian*

Vigen Salmastlian