**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

R2 SOLUTIONS LLC,

Plaintiff,

v.

DATABRICKS, INC.,

Defendant.

Civil Action No. 4:23-cv-01147-ALM

**JURY TRIAL DEMANDED**

**DECLARATION OF VIGEN SALMASTLIAN IN SUPPORT OF DATABRICKS, INC.'S UNOPPOSED MOTION FOR LEAVE TO FILE CORRECTED REPLY BRIEF IN SUPPORT OF ITS MOTION FOR A DETERMINATION OF AN ABSTRACT IDEA UNDER 35 U.S.C. § 101**

I, Vigen Salmastlian, declare as follows:

1. I am an attorney at Fenwick & West LLP that is admitted in this Court, and counsel of record for Defendant Databricks, Inc. ("Databricks") in this action. I make this declaration in support of Databricks' Unopposed Motion for Leave to File a Corrected Reply Brief in Support of its Motion for a Determination of an Abstract Idea Under 35 U.S.C. § 101.

2. On August 21, 2026, Databricks filed its Reply Brief in Support of its Motion for a Determination of an Abstract Idea Under 35 U.S.C. § 101. (Dkt. 357 ("Reply").)

3. On August 25, 2026, counsel for R2 Solutions LLC ("R2") notified Databricks that Databricks' Reply includes the following quote that does not appear in the cited case: "Because '[a]n expert cannot inject into a patent what the inventors never disclosed or claimed,' R2's reliance on its expert fails. *BSG Tech. LLC v. BuySeasons, Inc.*, 899 F.3d 1281, 1291 (Fed. Cir. 2018)." (Ex. 3 at 4.)

4. We immediately began investigating this issue as we do our utmost to abide by our professional duties of competence, candor, and diligence, as well as our obligations to the Court under the Federal Rules of Civil Procedure and the Court's Local Rules. (*Id.*)

5. Our investigation revealed that the language purporting to be a quote from the *BSG* case originally existed in the draft brief as attorney argument without quotation marks, with a citation to the *BSG* case. Through an inadvertent error, the pin cite to *BSG* should have been to page 1285, not page 1291. On page 1285, the Court in *BSG* states that "[a]t step one [of *Alice*], we 'determine whether *the claims* at issue are directed to one of those patent-ineligible concepts.'" *BSG*, 899 F.3d at 1285 (emphasis added).

6. A second inadvertent error resulted in inaccurately converting the above proposition into a quotation. This error was a result of the use of an AI tool to assist with final

editing of the brief to reduce word count. To reduce word count, the tool suggested an edit that deleted a quotation from deposition testimony in a preceding sentence but incorrectly retained the opening quotation mark from that deleted testimony. When the deleted material was removed by the tool, that opening quotation mark was incorrectly applied to the proposition for which *BSG* was cited. Because the opening quotation mark was retained, the tool changed "An" to "[a]n" and added a closing quotation mark at the end of the sentence.[1] While the brief was later cite-checked and the cite-checking identified the quotation error, the correction inadvertently was not incorporated into the final brief due to human error.

7. Neither of the inadvertent errors discussed above were presented for any improper purpose. And as explained above, the proposition is supported by existing law as explained by the Federal Circuit in *BSG,* as well as the cited *GOTV* case.

8. Because we take our professional and ethical obligations seriously, Fenwick & West LLP has a "Policy on AI-Generated Citations and Supporting Authority" that "establishes mandatory standards for every practice area of the Firm in connection with the use of generative AI tools—such as our approved, secure versions of ChatGPT, Claude, and Copilot—when preparing documents containing legal citations and other supporting authority that will be submitted in any court filings…" (Ex. 4.) It is strictly "prohibited conduct" to: "[r]ely[] on a generative AI system's summary of a case, statute, regulation, agency guidance, or other similar document as a substitute for reading the actual decision or source document"; "[u]s[e] AI-generated quotations from judicial opinions, statutes, regulations, agency guidance or similar sources without confirming the quoted text appears verbatim in the original opinion or source

[1] To the extent that the Court would like to review a redline of the draft reply showing the word count reduction edit suggested by the AI tool, Databricks is amenable to *in camera* review.

document"; or "[r]epresent[] to a court, government or regulatory agency, or a client that cited authorities exist and stand for a stated proposition without primary-source verification." (*Id.*) The Policy further identifies "Required Verification Procedures." (*Id.*)

9. Consistent with this policy, and as explained above, neither the proposition nor the substantive content of the inaccurately identified quotation was the result of using "generative AI" to summarize cases or to provide "AI-generated quotations from judicial opinions." (*Id.*) Indeed, the use of AI in that way is strictly prohibited under Fenwick & West's firmwide AI policy. (*Id.*)

10. To address the inadvertent error, our team has prepared a corrected Reply Brief in Support of its Motion for a Determination of an Abstract Idea under 35 U.S.C. § 101, which corrects the pin cite to *BSG*, and eliminates the quotation marks for the proposition in the Reply. We sincerely apologize for this error. We are also evaluating additional changes to our Firm policy to ensure that any use of AI does not result in this issue or any similar issue occurring again in the future.

11. Attached hereto as **Exhibit 1** is a corrected Reply Brief in Support of its Motion for a Determination of an Abstract Idea under 35 U.S.C § 101.

12. Attached hereto as **Exhibit 2** is a copy of the corrected Reply Brief in Support of its Motion for a Determination of an Abstract Idea under 35 U.S.C. § 101 with corrections shown in track changes.

13. Attached hereto as **Exhibit 3** is a true and correct copy of an e-mail exchange on August 25, 2026 with Carder Brooks of Nelson Bumgardner Conroy regarding the issue explained above.

14. Attached hereto as **Exhibit 4** is a true and correct copy of Fenwick & West LLP's "Addendum to Artificial Intelligence: Confidentiality and Usage Expectations" effective August 1, 2026.

I declare under penalty of perjury under the laws of the United States of America that, to the best of my belief, the foregoing is true and correct, and that this Declaration was executed on August 26, 2026.

*/s/ Vigen Salmastlian*
Vigen Salmastlian

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 26, 2026, a true and correct copy of the above and foregoing document has been served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

*/s/ Vigen Salmastlian*
Vigen Salmastlian